IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN )<br>)<br>    Petitioner )<br>)<br>v.                            )<br>)<br>WARDEN, FCI-MCKEAN, )<br>)<br>    Respondent. ) | C.A. No. 04-118 Erie |

**PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO RESPONDENT'S MOTION TO UNSEAL AND TO STRIKE PLAINTIFF'S EXHIBITS**

AND NOW, comes the petitioner, Kurtis E. Armann, by his attorney, Assistant Federal Public Defender Thomas W. Patton, and files this Request For an Extension of Time to Respond to the Respondent's Motion to Unseal and to Strike Plaintiff's Exhibits. In support thereof counsel states:

    1. The Respondent has filed a motion asking this Court to unseal documents sealed by this Court at the May 11, 2005, hearing and to strike those documents from the record. In addition, the Respondent argues the merits of the habeas petition, urging this Court to deny Mr. Armann's petition without conducting an evidentiary hearing.

    2. The Court has ordered Mr. Armann to file a response to the Respondent's motion to unseal and to strike by August 23, 2005.

    3. The issues raised in Mr. Armann's petition deal with his sanity at the time he committed his offense and his competency to stand trial. The documents at issue now may impact those issues as the documents refer to implanting a medical device into Mr. Armann for the purpose of administering and it is undisputed that doctors removed an item of unknown

origin from Mr. Armann's thigh on July 23, 2003, which is similar to the device described in the questioned documents.

4. Undersigned counsel has been attempting to obtain Mr. Armann's complete medical file from the United States Army through the Freedom of Information Act since June 2, 2005. See Petitioner's Exhibit A. Since June 2, 2005, undersigned counsel has made repeated follow-up efforts to expedite the receipt of those records to no avail. On Monday, August 22, 2005, Army personnel from Fort Leavenworth, Kansas contacted undersigned counsel's office by telephone, requested a copy of the original request for information and indicated they would begin processing the request. However, as noted in the July 27 2005, letter from Donald C. Hakenson, there may be difficulties with this information being provided to a third-party.

5. Without Mr. Armann's complete medical records, counsel cannot adequately respond the Respondent's motion to strike the questioned documents or the Respondent's claim that the petition should be dismissed without conducting an evidentiary hearing. Mr. Armann's petition raises serious questions concerning his competency at trial and those issues deserve to be presented to this Court with the benefit of all available records.

6. It has become apparent to Mr. Armann that formal discovery procedures will have to be employed to receive the needed information in a timely manner and to avoid any claim that the information can not be provided to counsel due to Privacy Act concerns.

7. Accordingly, Mr. Armann request an extension of time to file his response to the Respondent's motion to strike. Mr. Armann submits the attached proposed order setting forth a deadline for conducting discovery and giving Mr. Armann thirty days from that date to file his response to the Respondent's motion.

WHEREFORE, for the foregoing reasons, Mr. Armann respectfully requests that this Court extend the time for filing a response to the Respondent's motion to strike.

        Respectfully submitted,

        /s/ Thomas W. Patton
        Thomas W. Patton
        Assistant Federal Public Defender
        P.A. I.D. No. 88653