IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN, | ) |
| | ) Civil Action No. 04-118(E) |
| Petitioner, | ) |
| | ) |
| v. | ) Judge Sean J. McLaughlin |
| | ) Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) |
| | ) |
| Respondent. | ) Filed electronically |

**NOTICE OF APPEAL OF MAGISTRATE JUDGE'S ORDER
GRANTING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

AND NOW, comes Respondent, James Sherman, Warden, FCI McKean ("Respondent"), by his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and, pursuant to Local Rule 72.1.3, respectfully appeals the Magistrate Judge's Order of March 14, 2006.

**I. INTRODUCTION**

On December 29, 2005, Petitioner Kurtis Armann ("Petitioner") moved this Court to grant an evidentiary hearing on the issue of his competency to stand trial at a military court-martial which occurred over seven (7) years ago, in March 1999. As Respondent explained in his Response to Petitioner's Motion, the circumstances under which the District Court may review Petitioner's military conviction are extremely limited. More specifically, an evidentiary hearing in federal court is only appropriate if the military courts failed to give Petitioner's claims "full and fair consideration." Here, however, the military courts fully and fairly considered the claims Petitioner now seeks to raise in federal court. In particular, the highest military court, the

Court of Appeals for the Armed Forces ("CAAF") gave full and fair consideration to the issue of Petitioner's competency when it <u>granted</u> review of Petitioner's petition for review and affirmed the decision of the court below. Notwithstanding the CAAF's full and fair consideration, Magistrate Judge Baxter granted Petitioner's Motion for an evidentiary hearing in her Order entered March 14, 2006, indicating that, because the competency issue was not fully briefed or argued before the CAAF, the CAAF could not have given the matter the requisite consideration. Order at 2. The Order further indicated that Magistrate Judge Baxter was unwilling to imply that the issue of Petitioner's competency had been given full and fair consideration because Respondent did not provide concrete evidence to support such an implication. <u>Id</u>.

      Respondent respectfully disagrees with the Magistrate Judge's determination that Petitioner is entitled to a hearing in federal civilian court on the issue of his competency to stand trial before a military court, and her bases for that determination. Specifically, Respondent asserts that in opposing Petitioner's appeal to the CAAF, the government was not required to brief and argue the issue of Petitioner's competency, and, further, that the CAAF's summary affirmance is in keeping with military court practice and indicates that the CAAF did fully and fairly consider the issue of Petitioner's competency. Were this federal civilian court to adopt Magistrate Baxter's determination that the government was required to file a specific brief addressing Petitioner's competency, even though Petitioner himself raised and briefed the issue, thereby fully advocating his position to the CAAF, it would be imposing new and unwarranted requirements on the military courts and utterly eviscerating the deference that federal courts are required to afford the military court system.

## II. BACKGROUND

Petitioner, a former member of the United States Army, was charged in 1998 with attempted premeditated murder and conspiracy to commit premeditated murder after shooting a fellow soldier while stationed in Hanau, Germany. After a military court-ordered sanity board evaluated Petitioner and found him both free of severe mental disease or defect at the time of the attempted murder, and competent to stand trial and assist in his defense, Petitioner was tried in a general court-martial in Germany in March 1999. Petitioner pled guilty to all charges,[1] and was sentenced to a dishonorable discharge, forfeiture of all pay, and confinement for 38 years.[2] Petitioner appealed his firearm conviction and sentence to the Army Court of Criminal Appeals ("ACCA"). See Exhibit D to Respondent's Response to Petition. Pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982),[3] Petitioner submitted a separate Appendix A to his ACCA appeal, in which he alleged an absence of mental responsibility for his actions, and cited to seven medications which had been prescribed to him after his arrival in the Disciplinary Barracks. See Exhibit E to Response to Petition. The ACCA affirmed the trial court's decision on April 24, 2001. See Exhibit F to Response to Petition.

---

[1] In addition to charges of attempted premeditated murder and conspiracy to commit premeditated murder, Petitioner was also charged with violation of a lawful general regulation which prohibited the possession of a weapon with a "silencer" and required registration of all weapons for U.S. military personnel stationed in Germany; and marijuana use.

[2] By pre-trial agreement, the sentence was modified to not exceed 35 years of confinement. See Exhibit A to Respondent's *Response to Petition for Writ of Habeas Corpus*.

[3] United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) requires that military appellate counsel raise an accused's specified errors to the attention of the court, even if counsel regard those issues as non-meritorious. Id. At 435-36.

Following the ACCA's affirmance, Petitioner petitioned the highest military court, the Court of Appeals for the Armed Forces ("CAAF") for a review. See Exhibit G to Response to Petition. Petitioner also petitioned the CAAF for a new trial. See Exhibits H-J to Response to Petition. In addition to a brief submitted by his counsel to supplement his petition for review, Petitioner included a thirty-three (33)-page Grostefon submission, in which he personally asserted that he lacked the mental capacity to stand trial due to medications he had been prescribed. See Appendix B to Exhibit M to Response to Petition. On July 24, 2002, the CAAF issued an order granting Petitioner's Petition for Grant of Review, but also affirming the ACCA's decision and denying the petition for new trial. See Exhibit N to Response to Petition.

On April 22, 2004, Petitioner filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241 with this Court, in which he challenged his court-martial conviction and sentence on the basis that he had not been competent to stand trial due to the prescription medications he was taking at the time. In his Response to the Petition, Respondent established that the military courts gave full and fair consideration to Petitioner's claims, and that, accordingly, Petitioner's attempts to re-litigate his competency claims before this Court are improper. Before the Magistrate Judge could issue a report and recommendation on the Petition, Petitioner took the preemptive step of filing a Motion for Evidentiary Hearing, in which he sought to have this Court step into the shoes of the military courts and re-adjudicate Petitioner's competency at the time of his 1999 military court-martial. Magistrate Judge Baxter granted Petitioner's Motion for Evidentiary Hearing by Order dated March 14, 2006, and Respondent now appeals.

### III.  ARGUMENT

**A.   The CAAF gave full and fair consideration to the issue of Petitioner's competency based upon Petitioner's <u>Grostefon</u> submission, and that consideration is reflected in its order of July 24, 2002.**

In the Order entered March 14, 2006, Magistrate Judge Baxter determined that the Court would not imply that full and fair consideration had been given to the issue of Petitioner's competency because the government did not brief the matter or argue it before the CAAF, and the CAAF's summary affirmance was silent on the matter.

The fact that the competency issue was not briefed by the government is not dispositive.[4] Petitioner cites <u>Watson v. McCotter</u>, 782 F.2d 143, 144-45 (10th Cir. 1986) for the premise that an issue could have received full and fair consideration <u>only</u> if it was briefed and argued before a military board of review, and suggests that anything less than briefing and argument denotes a lack of due consideration.  Respondent respectfully submits that Petitioner's interpretation of <u>Watson</u> is not an accurate representation of the court's holding in that case.  In <u>Watson</u>, the United States Court of Appeals for the Tenth Circuit held that a military court's review of the petitioner's post-trial affidavit, and examination of the trial record of the court-martial was indicative of full and fair consideration, despite the fact that the military court had not held an evidentiary hearing; the Tenth Circuit did <u>not</u> hold that briefing and argument were <u>required</u> in order to find that full and fair consideration had been given.  <u>Id</u>. at 145.

---

[4]The government did submit a formal response to Petitioner's assertions in his <u>Grostefon</u> submission regarding the availability of information on negative effects of the drug Accutane at the time of his court-martial.

Imposing such a requirement upon the CAAF is neither dictated by the Tenth Circuit's holding in Watson, nor does it respect the practice of the military court system and that system's separate jurisprudence. As explained in Respondent's Response to Petitioner's Motion for Evidentiary Hearing, and further detailed in the Declaration of Captain Edward E. Wiggers, attached hereto as Exhibit A, the fact that the government filed a summary response to Petitioner's petition for grant of review to the CAAF comports with the government's standard procedure when it either does not believe that a matter is worthy of review, or chooses to rely upon the argument it presented to the ACCA. Wiggers Declaration at § 3. In the matter at hand, the government submitted a summary response in which it specifically noted that Petitioner had failed to raise his competency claim with the ACCA, and therefore it opposed the CAAF's consideration of that issue. Id.; see also, Memorandum for Clerk of Court, U.S. Court of Appeals for the Armed Forces, attached to Petitioner's Motion as Exhibit 24. Accordingly, when the CAAF reviewed Petitioner's petition for grant of review, it had before it Petitioner' s argument on the matter, in the form of his thirty-three (33)-page Grostefon submission, as well as the government's position opposing the CAAF's consideration of the competency issue because Petitioner had failed to raise the matter before the ACCA.[5]

---

[5] The fact that Petitioner did not directly raise the issue of his competency to the ACCA should not be interpreted to mean that the ACCA did not consider the issue. Pursuant to Article 66(c) of the Uniform Code of Military Justice, the ACCA must independently review, de novo, the entire record of the court-martial, and it cannot approve any conviction or sentence which it believes is factually or legally incorrect. See 10 U.S.C. § 866; see also, United States v. Bright, 60 M.J. 936, 938 (U.C.C.A. ) (noting that, "[f]or cases that fall within the ambit of Article 66, UCMJ, Congress has given the Courts of Criminal Appeals enormous power and responsibility to review the approved findings and sentence"). Military courts have recognized that this responsibility extends to competency determinations. See, e.g., United States v. Martinez, 12 M.J. 801 (C.M.A. 1981) (The Court of Military Review [predecessor to the ACCA] can must consider any and all evidence which

As the ultimate reviewing authority within the military court system, the CAAF is responsible for overseeing the military justice system and ensuring that its defendants are protected from any abuses within the system. Wiggers Declaration at ¶ 6. Accordingly, had the CAAF determined that further development of the record was necessary for fair disposition on the issue of Petitioner's competency, it would have remanded the case to the ACCA for further factfinding, or for an evidentiary hearing pursuant to United States v. DuBay, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967). See Wiggers Declaration at ¶ 7.[6] The fact that the CAAF summarily disposed of Petitioner's case indicates that the CAAF had before it a sufficient factual record to resolve the matter; otherwise, the CAAF would have remanded the matter to the ACCA

---

relates to the issue of mental capacity regardless of whether that evidence was before the court-martial [citation omitted]. Our review of this issue must extend to a detailed re-examination of any and all relevant information, both on and off the record, which might affect the determination of competency to stand trial"); see also Wiggers Declaration at ¶ 6.

[6] In determining whether remand to the ACCA was necessary, the CAAF would have applied the test set forth in United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F. 1997):

> First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.
>
> Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.
>
> Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.
>
> Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

Ginn, 47 M.J. at 248; Wiggers Declaration at ¶ 8.

for further fact finding or for an evidentiary hearing pursuant to <u>DuBay</u>. Wiggers Declaration at ¶¶ 7, 8.

Accordingly, the fact that the CAAF granted review of Petitioner's petition, and then summarily affirmed the ACCA's decision, without issuing written findings, requiring a brief from the government, or hearing argument on the matter, is not indicative, as Petitioner would have this Court believe, that the matter of Petitioner's competency was given short shrift by the CAAF. Rather, pursuant to the practice of the military court system -- although not transparent to those outside that system -- the CAAF's grant of review and summary affirmance indicates that the court did, indeed, review all issues presented by Petitioner; that the record before the CAAF on the issue of Petitioner's competency was sufficient for it to consider and determine that issue; and that remand to the ACCA for further factfinding or an evidentiary hearing was unnecessary.

> **B.    Granting an evidentiary hearing, thereby allowing Petitioner to relitigate the issue of his competency to stand trial at his 1999 military court-martial, would disregard the deference due to the military courts.**

By granting an evidentiary hearing on the issue of Petitioner's competency to stand trial before his 1999 court-martial, this Court would effectively substitute its own judgment and federal court practice upon a matter which was previously reviewed and determined by the military courts. Such a result would completely disregard the independence of the military courts and the deference to which the determinations of those courts are entitled.

While an inmate who has been convicted in a military court-martial may, in certain circumstances, invoke a federal court's jurisdiction pursuant to 28 U.S.C. § 2241, federal courts have recognized that their scope of review in such instances is limited, and that great deference

should be afforded a military court's prior determination, due, in part, to the unique culture in which military law has developed. In <u>Burns v. Wilson</u>, 346 U.S. 137 (1953), the Supreme Court stated that "in military habeas corpus the inquiry, the scope of matter open for review, has always been more narrow than in civil cases," and observed:

> Thus, the law which governs a civil court in the exercise of its jurisdiction over military habeas corpus applications cannot simply be assimilated to the law which governs the exercise of that power in other instances. It is sui generis; it must be so, because of the peculiar relationship between the civil and military law.
>
> Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment. This Court has played no role in its development; we have exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress.
>
> Indeed, Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights.
>
>                 *        *        *
>
> In military habeas corpus cases, even more than in state hebeas [sic] corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings -- of the fair determinations of the military tribunals after all military remedies have been exhausted.

<u>Id</u>. at 139-42; <u>see</u> <u>also</u> <u>Lips v. Commandant, United States Disciplinary Barracks</u>, 997 F.2d 808, 810 (10th Cir. 1993) ("Because of the independence of the military court system, special considerations are involved when federal civil courts collaterally review court-martial convictions"); <u>Davis v. Marsh</u>, 876 F.2d 1446, 1449 (9th Cir. 1999) ("Federal intrusion into

9

courts-martial interferes with the military's power to punish offenders no less than the corresponding intrusion into state prosecutions implicates concerns of federalism"); Calley v. Callaway, 519 F.2d 184, 203 (5th Cir. 1975) ("Decisions by reviewing courts within the military justice system must be given a healthy respect, particularly where the issue involves a determination of disputed issues of fact"); cf. Burns v. Wilson, 346 U.S. at 142 (district court would be empowered to review, de novo, claims in a habeas petition if the military courts "had manifestly refused" to consider those claims); Watson v. McCotter, 782 F.2d at 145 (federal courts will entertain military prisoners' claims if they were raised in the military courts and those courts refused to consider them).

    Accordingly, once it is determined that a military decision "has dealt fully and fairly with an allegation raised in [an application for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142.  As established in Section IIIA, supra, the issue of Petitioner's competency was fully and fairly adjudicated by the military court system:  the ACCA, which was bound by the Uniform Code of Military Justice to conduct an independent, de novo review of Petitioner's case, approved Petitioner's sentence and conviction, which it could not have done had it believed that either was factually or legally incorrect; and the CAAF, which granted Petitioner's petition for review on the very competency issue he raises here, and which had before it Petitioner's extensive Grostefon brief on the subject, was not swayed by Petitioner's argument and issued a summary affirmance.   Because the issue of Petitioner's competency was fully and fairly considered by the CAAF, granting Petitioner an evidentiary hearing at this point in time will usurp the authority of the military court system, and give Petitioner the opportunity to relitigate a matter upon which he was previously unsuccessful.

This Court should not be persuaded by Petitioner's argument that the determinations by the military courts are flawed and therefore susceptible to relitigation simply because military court practice differs in some respects from federal court practice, or because it does not necessarily include such familiar elements as written findings of fact. To accept Petitioner's argument that such elements are necessary would impose requirements of civilian making upon the military courts, and would disrespect the independence of the military court system and its ability to establish its own practices. As the Supreme Court in <u>Burns</u> stated, where the military courts have heard a petitioner out on every significant allegation which the petitioner again raises in a habeas petition, "it is not the duty of the civil courts simply to repeat that process -- to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." <u>Burns</u>, 346 U.S. at 144. Because the military courts gave full and fair consideration to the same claim that Petitioner now presents in his Motion for Evidentiary Hearing -- and, indeed, in his Petition for Writ of Habeas Corpus -- this Court should defer to the judgment of the military courts, and deny Petitioner an evidentiary hearing on the issue of his competency to stand trial at his 1999 court-martial.

### IV.  <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Respondent respectfully requests that the Court deny Petitioner's Motion for Evidentiary Hearing.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

_s/ Christy Wiegand_
CHRISTY WIEGAND
Assistant U.S. Attorney
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Notice of Appeal of Magistrate Judge's Order Granting Evidentiary Hearing,* by mail or electronic filing, upon the following:

Thomas W. Patton
Federal Public Defender's Office
1001 State Street
1111 Renaissance Centre
Erie, PA   16501

s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date:   March 28, 2006