IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN ) | |
| ) | |
|    Petitioner ) | |
| v. ) | C.A. No. 04-118 Erie |
| ) | |
| WARDEN, FCI-MCKEAN, ) | |
| ) | |
|    Respondent. ) | |

PETITIONER'S RESPONSE TO RESPONDENT'S NOTICE OF APPEAL
OF MAGISTRATE JUDGE'S ORDER GRANTING PETITIONER'S
MOTION FOR EVIDENTIARY HEARING

AND NOW, comes the petitioner, Kurtis E. Armann, by his attorney, Assistant Federal Public Defender Thomas W. Patton, and files this Response to Respondent's Notice of Appeal of Magistrate Judge's Order Granting Petitioner's Motion for Evidentiary Hearing. In support thereof counsel states:

Mr. Armann filed a petition pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement. This Court referred Mr. Armann's petition to United States Magistrate Judge Susan Paradise Baxter pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Baxter has determined that an evidentiary hearing must be held on Mr. Armann's petition before she can issue a Report and Recommendation to this Court as to whether or not Mr. Armann's petition should be granted or denied. The government has filed a notice of appeal of Judge Baxter's order granting the evidentiary hearing. The government's motion must be denied without reaching its merits because there is no right to an immediate, interlocutory appeal to the district judge from interim rulings in proceedings referred to a magistrate judge under § 636(b)(1)(B). <u>Magee v. Rowland</u>,

1

764 F.Supp. 1375, 1376 (C.D. Cal. 1991). Even if the Court were to address the merits of the government's appeal, it must be denied as Judge Baxter's order granting an evidentiary hearing is not clearly erroneous or contrary to law.

**Judge Baxter's Order Granting an Evidentiary Hearing is Not Interlocutorily Appealable**

There are two types of proceedings that may be referred to a United States Magistrate Judge: nondispositive matters and dispositive motions, which include prisoner petitions. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72. The relevant provisions of § 636(b)(1) state:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [specified dispositive motions]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for postrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Federal Rule of Civil Procedure 72 sets forth the procedures to be followed when an issue has been referred to a Magistrate Judge.

Rule 72(a) deals with nondispositive matters. When a nondispositive matter is referred to a Magistrate Judge he or she must conduct such proceedings as are required and then enter a ruling on the issue. Fed.R.Civ.P. 72(a). Either party may object to the Magistrate Judge's order within 10 days. Fed.R.Civ.P. 72(a). If objections are filed, the district judge to whom the case is assigned must consider the objections and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.

Rule 72(b) deals with dispositive matters. When a dispositive matter is referred to a Magistrate Judge, he or she must conduct such proceedings as are required. A record must be made of all evidentiary proceedings, and a record may be made of such other proceedings as the Magistrate Judge deems necessary. Fed.R.Civ.P. 72(b). After the Magistrate Judge has conducted the proceedings she feels are required, she must enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. Id. Once the Magistrate Judge has filed her recommendation, either party may file objections to the recommendation. Id. The district judge to whom the case is assigned must make a de novo review of any portion of the Magistrate Judge's disposition to which objection has been made. Id.

Rule 72's nondispositive/dispositive nomenclature is a recognition of the fact that matters referred to the Magistrate Judge pursuant to subparagraph (A) are not case dispositive, which allows the Magistrate Judge to enter an order setting forth the disposition of the matter, Fed.R.Civ.P. 72(a), while motions and petitions referred to the Magistrate Judge pursuant to subparagraph (B) are case dispositive which constrains the Magistrate Judge to filing a recommendation for disposition of the matter with the referring court. Fed.R.Civ.P. 72(b);

Magee, 764 F.Supp. at 1376.  When the Magistrate Judge enters a ruling on a nondispositive matter referred under subsection (A), either party may file objections with the district court. When the Magistrate Judge enters a recommendation for the disposition of a dispositive matter referred under subsection (B) either party may file objections with the district court.  It is the filing of the magistrate judge's recommendation that triggers the right to file objections.  Interim rulings made by the magistrate judge during the proceedings the magistrate judge finds are required for her to obtain the information necessary to issue her recommendation are not appealable.

Judge Tashima explained the timing of objections from Magistrate Judge's rulings in Magee,

> In light of this clear dichotomy, in a proceeding referred to a magistrate judge under § 636(b)(1)(B) for a report and recommendation, an immediate, interlocutory appeal does not lie to the district judge from an *interim* discovery ruling made in that proceeding, as if the discovery motion had been separately referred under § 636(b)(1)(A).  Such interlocutory reviews would frustrate the purpose of reference of the entire matter to a magistrate judge for report and recommendation.
>
> If discovery orders in such proceedings were subject to interlocutory review by the district court, other interlocutory rulings, such as the grant or denial of a motion to amend a pleading or for a more definite statement, denials of motions to dismiss or for summary judgment and the grant or denial of a motion for a continuance, all would be subject to interlocutory review by the district judge.  Especially in light of the Supreme Court's recent, broad reading of the Magistrates Act in McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991), the court concludes that such micro-oversight of § 636(b)(1)(B) proceedings was not intended by Congress.  It is sufficient and in keeping with the purpose of the Act that all *interim* rulings of the magistrate judge are subject to review when he or she files the proposed findings and recommendations.

Magee, 764 F.Supp. at 1376-77 (emphasis in original) (footnote omitted).

This Court's local rules carry over the nondispositive/dispositive dichotomy found in §

636(b)(1) and Rule 72. Local Rule 72.1.3 deals with nondispositive pretrial matters referred to a magistrate judge in accordance with § 636(b)(1)(A) and allows for an appeal of the magistrate judge's ruling within 10 days after the issuance of the magistrate judge's order. Local Rule 72.1.4 deals with dispositive pretrial motions and prisoner cases referred to a magistrate judge in accordance with § 636(b)(1)(B) and (C) and states that a "party may object to the magistrate judge's proposed findings, recommendations or report issued under this rule within ten (10) days after being served with a copy thereof." Consistent with § 636(b)(1)(B) and (C) and Rule 72(b), Local Rule 72.1.4 does not allow appeals from interim orders entered by the magistrate judge prior to issuing her recommendations for the disposition prisoner petitions challenging conditions of confinement. As Mr. Armann's case is obviously a prisoner petition challenging conditions of confinement, McCarthy, 500 U.S. at 140, Local Rule 72.1.4 applies and the government's reliance on Local Rule 72.1.3 is misplaced. If the government is unhappy with the Report and Recommendation ultimately issued by Judge Baxter in this case it may file objections within ten days of its filing. Before that time, the government has no right to appeal Judge Baxter's interim rulings. Accordingly, the government's appeal must be dismissed.

## An Evidentiary Hearing Is Required

Even if the Court addresses the merits of the government's appeal it must be denied. Neither this Court nor Judge Baxter has sufficient evidence before it at this time to rule on Mr. Armann's petition. Contrary to the government's argument, Judge Baxter was correct in finding that there is insufficient evidence to find that the Court of Appeals for the Armed Forces (CAAF) fully and fairly considered the issue of Mr. Armann's competency on the day he pled guilty and was sentenced to 35 years of imprisonment. The military courts have never fully and fairly

considered Mr. Armann's claim.

Mr. Armann's Motion for Evidentiary Hearing presented exhibits and affidavits establishing that on the day he plead guilty and was sentenced he ingested **800 mg** of barbiturates. In addition to the massive dosage of barbiturates, other medications taken by Mr. Armann increased the depressant effects of the barbiturates. Mr. Armann's ingestion of these drugs was recorded in Medication Logs kept by the Army to document the types and amounts of medication Mr. Armann ingested while in pretrial confinement. (Petitioner's Motion for Evidentiary Hearing pp. 3-7 & Exhibit E) The Logs require the individual providing medication to Mr. Armann to document the amount of drug provided, the time it was provided and how much of the medication remained. The individual dispensing the medication must then initial the Logs. All of the medication given to Mr. Armann on the day he pled guilty and was sentenced was administered by Sergeant Dalles E. Callis. Sergeant Callis has reviewed the Medication Logs and confirmed that he did in fact give Mr. Armann the medication as indicated in the Logs and watched Mr. Armann ingest the medication. (Petitioner's Motion to Supplement Motion for Evidentiary Hearing Exhibit T) Mr. Armann provided Judge Baxter a report authored by Dr. Terry Martinez, a Toxicologist and Pharmacologist, explaining that, based upon the Medication Logs, on the day Mr. Armann pled guilty and was sentenced he was under the influence of a very large, potentially toxic dose of sedative drugs. (Petitioner's Motion to Supplement Motion for Evidentiary Hearing Exhibit U) Dr. Martinez opined that "[t]hese drugs would have rendered Mr. Armann unable to understand the nature of the proceedings against him or to cooperate intelligently in the defense of his case." (Id.) Accordingly, there can be no question that Mr. Armann has presented facts that warrant an evidentiary hearing.

The issue of Mr. Armann's incompetence due to the massive ingestion of drugs has never been fully or fairly reviewed by the military courts. The military judge who accepted Mr. Armann's guilty plea and imposed sentence did not inquire at all into whether or not Mr. Armann was under the influence of any medication and if so whether the medication interfered with his ability to understand the proceedings and assist counsel. (Petitioner's Motion for Evidentiary Hearing Exhibit A pp. 62-133)

The competency issue was not raised before the Army Court of Criminal Appeals (ACCA). This is an important point as the government's appeal makes much ado about the ACCA's searching standard of review. (Notice of Appeal p. 6 n.5) This is much ado about nothing, however, as the competency issue was never before the ACCA. And, while the government claims the ACCA would have reviewed all of the evidence before it and in the trial record on the competency issue, that review was meaningless for our purposes because the Medication Logs, which support the competency issue, were not part of the trial record nor presented to the ACCA. Accordingly, no matter how closely the ACCA may have looked at the trial record it could not have known that at the time Mr. Armann pled guilty and was sentenced he was under the influence of massive amounts of medication that rendered him incompetent. The ACCA's review of Mr. Armann's conviction cannot, therefore, have given full and fair consideration to the competency issue raised in Mr. Armann's petition.

Mr. Armann did raise the competency issue with the CAAF. The competency issue was raised by Mr. Armann, not his counsel, pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982). (Gov. Response to Petition for Writ of Habeas Corpus Exhibit M p.2) Under Grostefon, a counseled defendant can both have his counsel file an appellate brief and personally

raise issues counsel will not raise.  The United States did not file a formal reply to Mr. Armann's supplement to his petition for review, and relied upon their brief filed with the ACCA to oppose the petition for review.  (Petitioner's Motion for Evidentiary Hearing Exhibit R)  As already discussed, Mr. Armann did not raise the competency issue before the ACCA.  (Petitioner's Motion for Evidentiary Hearing Exhibit S)  Accordingly, the competency issue was not even fully briefed before the CAAF.  Despite raising this issue with the CAAF, the CAAF failed to address the issue, affirming Mr. Armann's conviction by stating "That the decision of the United States Army Court of Criminal Appeals is affirmed."  (Petitioner's Motion for Evidentiary Hearing Exhibit Q)

     Questions regarding a soldier's competency at the time of trial may be raised for the first time on appeal, pursuant to R.C.M. 1203(c)(5).  United States v. Massey, 27 M.J. 371, 373-74 (C.M.A. 1989); Estes, 62 M.J. at 550.  As the Supreme Court has acknowledged, "the right not to stand trial while incompetent is sufficiently important to merit protection even if the defendant has failed to make a timely request for a competency determination."  Cooper v. Oklahoma, 517 U.S. 348, 354 n.4, 116 S.Ct. 1373, 1377 n.4 (1996).  This is true because "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial."  Pate v. Robinson, 383 U.S. 375, 384, 86 S.Ct. 836, 841 (1966).  So, Mr. Armann properly raised his competency issue before the CAAF.

     If questions concerning a serviceman's competency arise on appeal the appellate court may order a sanity board pursuant to R.C.M. 706 to inquire into the accused's competency at the time of trial.  Furthermore, if the appellate court determines that it cannot rule upon the issue of the accused's mental capacity without further development of the factual basis of the claim the

appellate court can remand the case to the convening authority for a hearing generally referred to as a DuBay hearing based upon the United States Court of Military Review's opinion in United States v. DuBay, 37 C.M.R. 411 (C.M.A. 1976). United States v. King, 32 M.J. 558, 559 (A.C.M.R. 1991); Watson v. McCotter, 782 F.2d 143, 145 n.4 (10th Cir. 1986) ("The military courts have set up a procedure for supplementary evidentiary hearings when a convicted person raises issues about which there is a factual dispute that cannot be settled with mere examination of the record. See United States v. DuBay, 17 C.M.A. 147, 149, 37 C.M.R. 411 (1976)). Accordingly, when Mr. Armann raised the issue of his competency at the time of his plea and sentencing with the CAAF that court had well developed procedures in place to create a factual record to allow it to rule on Mr. Armann's claim. The CAAF failed to develop a factual record, and failed to make any finding whatsoever regarding Mr. Armann's competency on March 19, 1999.

     The government insists that the CAAF's granting of Mr. Armann's petition for review necessarily implies that it reviewed and considered the full record, including the competency issue. Judge Baxter properly rejected that claim. The government has no knowledge whatsoever as to what issues the CAAF did or did not review when it affirmed the ACCA's decision in Mr. Armann's case. The CAAF's ruling consisted of one sentence stating that the ACCA's decision was affirmed. Neither government counsel, nor Captain Wiggers can divine the actions of the CAAF beyond that fact that it affirmed the ACCA. It is presumptuous for any litigant to believe that they can speak on behalf of a court or prognosticate as to what a court **really** did beyond what the court itself says it did in a formal opinion. The fact that Captain Wiggers is a military lawyer no more qualifies him to opine as to the intentions and actions of the CAAF than the fact

that Mr. Armann's counsel is a civilian lawyer qualifies him to opine as to the intentions and actions of the United States Supreme Court.

The government's reliance on Captain Wiggers' declaration is quite creative. After all, Captain Wiggers is an appellate prosecutor in the same office that argued before the ACCA and the CAAF that Mr. Armann's conviction and sentence should be upheld. In essence, the government is arguing to the Court that the competency issue received full and fair consideration by the military courts because the prosecutor says so. That is hardly a convincing argument.

The only way a habeas court can determine the actions of previous courts that have issued rulings in the petitioner's case is to look at the issues raised before those courts and the opinions subsequently issued by those courts. That is exactly what civilian courts reviewing military convictions have done in determining if the military courts have given full and fair consideration to the petitioner's claims. The Tenth Circuit, which deals with the most military habeas cases due to the location of the United States Disciplinary Barracks at Fort Leavenworth, Kansas, has explained how courts should determine if the military has given full and fair consideration to a claim. In Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986), the Tenth Circuit explained that "[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion. See King, 430 F.2d at 735." In King v. Moseley, 430 F.2d 732, 735 (10th Cir. 1970), the Tenth Circuit found that the speedy trial issue raised in the petitioner's habeas petition had been given full and fair review because the issue had been briefed and argued before the military court of review and that court specifically stated that it did not find the issue

meritorious nor that it required discussion.

What King and Watson make clear is that if the issue raised by the petitioner in his civil habeas petition was briefed before a military court **and** the military court acknowledges the issue and rules upon it, even summarily, then the issue has been given full and fair consideration by the military. These cases do not stand for the proposition that if a claim is raised before the military court it received full and fair consideration even if the military court never acknowledges the claim. The Supreme Court's opinion in Burns v. Wilson, 346 U.S. 137, 142 (1953) makes this point clear by stating that a civilian habeas court could review *de novo* claims raised by the petitioner before the military courts if the military courts refused to consider the claims.

The Supreme Court has held that "when a military decision has dealt fully and fairly with an allegation raised in [a habeas petition], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence. Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 1049 (1957). "It is the limited function of the civil courts to determine whether the military have given fair consideration" to each claim raised in the petition." Id. at 144, 1050.

The Third Circuit has struggled with applying Burns' full and fair consideration test. Brosius v. Warden, U.S. Penitentiary, Lewisburg, 278 F.3d 239, 244 (3rd Cir. 2002). Without determining conclusively the meaning of Burns, the Third Circuit has found that its review of a military habeas case may not go further than its inquiry in a state habeas case and has therefore applied the rules applicable to reviewing state court determinations. Id. at 245. Accordingly, the military court's determination of historical facts are presumed to be correct pursuant to 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. With respect to any claim adjudicated on the merits in the military

11

court, the habeas court shall not grant relief unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  Id; Fell v. Zenk, 139 Fed.Appx. 391 (3rd Cir. 2005) (applying § 2254 standards to military habeas).

Military law treats the defendant's competency as an interlocutory question of fact. R.C.M. 909(e)(1).  So, if a ruling on the defendant's competency has been made, pursuant to 28 U.S.C. § 2254(e)(1), that finding is presumed to be correct.  In re Heidnik, 112 F.3d 105, 112 n.7 (3rd Cir. 1997).  However, if the military court never makes a factual finding it can not be presumed to be correct.  Zilich v. Reid, 36 F.3d 317, 322 (3rd Cir. 1994) (if state court makes not findings of fact the presumption of correctness does not apply as there is nothing to which it can attach.)  "Where no findings of fact have been made by the state courts with respect to a particular habeas claim, however, a federal habeas petitioner is entitled to some form of federal evidentiary hearing so long as his 'allegations, if proved, would establish the right to habeas relief.'" Brown v. Johnson, 224 F.3d 461, 465 (5th Cir. 2000) (quoting Young v. Herring, 938 F.2d 543, 559 (5th Cir. 1991)); Townsend v. Sain, 372 U.S. 293, 307, 83 S.Ct. 745 (1963) ("There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant."); Randy Hertz & James S. Leibman, Federal Habeas Corpus Practice and Procedure § 20.3c n.19 (4th ed. 2001).

The failure of the military courts to make factual findings regarding Mr. Armann's competency at the time of trial was not for lack of effort on Mr. Armann's part.  Mr. Armann

raised this issue in detail in his filing before the CAAF and supplemented that argument with the Medication Logs and detailed information from medical journals describing the effects of the medications he had been given on the day of his plea and sentencing. The Medication Logs themselves are enough to cause any prudent court to be concerned with Mr. Armann's competency at the time of trial.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court is precluded from conducting an evidentiary hearing if the petitioner has failed to develop the factual basis of a claim in state court proceedings. 18 U.S.C. § 2254(e)(2). However, "If the habeas petitioner 'has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court.'" Campbell v. Vaughn, 209 F.3d 280, 287 (3rd Cir. 2000) (quoting Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998)); Williams v. Taylor, 529 U.S. 420, 431-437, 120 S.Ct. 1479, 1488-91 (2000) (same);Thomas v. Varner, 428 F.3d 491, 498 (3rd Cir. 2005) (same). As the Supreme Court explained in Williams, "comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by § 2254(e)(2)." Williams, 529 U.S. at 437, 120 S.Ct. at 1491.

An evidentiary hearing is required here. The Supreme Court has "repeatedly and consistently recognized that 'the criminal trial of an incompetent defendant violates due process.'" Cooper v. Oklahoma, 517 U.S. 348, 354 116 S.Ct. 1373, 1376 (1996) (quoting Medina v. California, 505 U.S. 437, 453, 112 S.Ct. 2572, 2581 (1992)).

Competence to stand trial is rudimentary, for upon it depends the main part of

>those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so.

Riggins v. Nevada, 504 U.S. 127, 139-40, 112 S.Ct. 1810, 1817-1818 (1992) (Kennedy, J., concurring). The standard for competence to stand trial or plead guilty is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 397, 396, 113 S.Ct. 2680, 2685 (1993) (internal citations omitted).

The military justice system presumes that all soldiers are sane and competent. United States v. Estes, 62 M.J. 544, 548 (A. Ct. Crim. App. 2005); R.C.M.909(a) and (b). "[T]he defense bears the burden of proving, by a preponderance of the evidence, that an accused was suffering from a severe mental disease or defect at trial which rendered him unable to understand the nature of the proceedings against him or to cooperate intelligently in the defense of his case, i.e., he lacked the mental capacity to participate in his court-martial." Id. at 549.

While being under the influence of drugs during court proceedings does not per se render a defendant incompetent to enter a plea, United States ex rel Fitzgerald v. Lavallee, 461 F.2d 601, 602 (2nd Cir. 1972), "[w]here significant evidence does come to the attention of the district court that defendant has recently taken drugs, the court has the obligation to inquire further before determining that a competency hearing is not necessary." United States v. Cole, 813 F.2d 43, 47 (3rd Cir. 1987). In Mr. Armann's case, the CAAF was made aware that Mr. Armann was under the influence of multiple drugs at the time of plea and sentencing and took no action to

inquire as to how those drugs may have effected Mr. Armann's competency. That is simply not acceptable.

In this case the military courts never addressed Mr. Armann's competency claim and therefore never made any finding with regard to his competency to which this Court could defer. Judge Baxter recognized this fact and ordered an evidentiary hearing so that she could make the findings of fact necessary to rule on Mr. Armann's competency claim. This Court should deny the government's appeal and allow Judge Baxter to do what this Court intended her to do when it referred Mr. Armann's case to her: conduct whatever proceedings are necessary for her to enter a Report and Recommendation to this Court as to the appropriate disposition of Mr. Armann's petition.

WHEREFORE, the petitioner, Kurtis E. Armann, respectfully requests that this Honorable Court denied the government's appeal.

>                Respectfully submitted,
>
>                /s/ Thomas W. Patton
>                Thomas W. Patton
>                Assistant Federal Public Defender
>                P.A. I.D. No. 88653

15