IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURTIS E. ARMANN, | ) | |
| | ) | Civil Action No. 04-118(E) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) | |
| | ) | |
| Respondent. | ) | Filed electronically |

**RESPONDENT'S REPLY IN SUPPORT OF NOTICE OF APPEAL
OF MAGISTRATE JUDGE'S ORDER GRANTING PETITIONER'S
MOTION FOR EVIDENTIARY HEARING**

I.   **INTRODUCTION**

In his Response to Respondent's Notice of Appeal, Petitioner misinterprets the Federal Magistrates Act and the Federal and Local Rules of Civil Procedure, in an effort to preclude Respondent from obtaining District Court review of the Magistrate's March 14, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing. This is the latest effort by Petitioner to convince a federal civilian court to give Petitioner a second bite at the apple by permitting him to relitigate, in an entirely new court system, his competency to stand trial at a military court-martial which occurred over seven (7) years ago, in March 1999.

Contrary to Petitioner's assertions, the Federal and Local Rules of Civil Procedure and relevant caselaw clearly demonstrate that Respondent is fully entitled to District Court review of the Magistrate's March 14, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing. Moreover, the Magistrate's Order Granting an Evidentiary Hearing should be reversed, because the claims Petitioner is now attempting to litigate in this habeas corpus action were fully and

fairly considered by the military courts, as a matter of law, and Petitioner is not entitled to revisit them in the civilian court system. Therefore, this Court would be overstepping its bounds by accepting Petitioner's invitation to step into the shoes of the military courts and re-adjudicate Petitioner's competency at the time of his 1999 court-martial by holding an evidentiary hearing in which Petitioner is permitted to offer evidence regarding his competency at the time of his military court proceedings.

## II.    ANALYSIS

### A.    Referrals pursuant to the Federal Magistrates Act

The Federal Magistrates Act ("the Act") permits United States District Judges to assign specific matters to magistrate judges. 28 U.S.C. § 631-39; Continental Casualty Co. v. Dominic D'Andrea, Inc., 150 F.3d 245, 249 (3d Cir. 1998); National Labor Relations Board v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992). The Act distinguishes between two categories of matters that a District Judge may refer to a magistrate judge. First, pursuant to Section 636 (b)(1)**(A)** of the Act, and its corollary in the Western District of Pennsylvania's Local Rules of Civil Procedure, Local Rule 72.1.3, "with specifically noted exceptions, a magistrate judge may hear and decide pretrial matters which do not ultimately dispose of the litigation." 28 U.S.C. § 636(b)(1)(A); Continental Casualty, 150 F.3d at 249-50; National Labor Relations Board, 966 F.2d at 816. In this type of referral of non-dispositive pretrial matters, "any party may appeal from a magistrate judge's determination made under this rule within ten (10) days after issuance of the magistrate's order." Fed. Rule Civ. Pro. 72(a); Local Rule 72.1.3. When such an appeal is filed, "[a] judge of the court shall consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or

contrary to law. The judge may also reconsider any matter sua sponte." Local Rule 72.1.3. See also 28 U.S.C. § 636(b)(1)(A). National Labor Relations Board, 966 F.2d at 816.

The second category of matters that a District Judge may refer to a magistrate judge is found in Section 636(b)(1)**(B)** of the Act and, correspondingly, Local Rule 72.1.4. Pursuant to these provisions, the District Judge may designate a magistrate judge to hold a hearing, receive evidence and hear argument, make proposed findings of fact, and recommend a disposition of the eight types of motions which are "excepted" under 636(b)(1)(A) - namely, particular dispositive motions. 28 U.S.C. § 636(b)(1)(B); Local Rule 72.1.4; Continental Casualty, 150 F.3d at 250; National Labor Relations Board, 966 F.2d at 816. Section 636(b)(1)(B) and Local Rule 72.1.4 further permit magistrate judges to hold hearings, receive evidence and hear argument, make proposed findings of fact, and recommend disposition of "applications for post-trial relief made by individuals convicted of criminal offenses." Local Rule 72.1.4; 28 U.S.C. § 636(b)(1)(B). The parties have ten (10) days to object to the magistrate judge's report and recommendation ("R&R") regarding a dispositive matter, and then the District Court must review de novo the parts of the magistrate judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.1.4; Continental Casualty, 150 F.3d at 250; National Labor Relations Board, 966 F.2d at 816.

    **B.**     **Respondent is entitled to District Court review of the Magistrate's Order**

        **1.**     **Because Magistrate Baxter has expressly permitted appeals pursuant to Local Rule 72.1.3 in this case, Respondent cannot now be precluded from obtaining judicial review pursuant to that provision**

Petitioner claims, without support, that the District Court must have referred the instant Petition for Habeas Corpus to the Magistrate pursuant to 28 U.S.C. § 636(b)(1)**(B)** and Local Rule 72.1.**4** (as opposed to pursuant to §636(b)(1)**(A)**, (C), or any other provision), simply because it is

an "application for post-trial relief" which <u>may</u> be referred to a magistrate pursuant to § 636(b)(1)(B) and Local Rule 72.1.4. Specifically, Petitioner claims that "[a]s Mr. Armann's case is obviously a prisoner petition challenging conditions of confinement. . . Local Rule 72.1.4 [governing dispositive pretrial motions] applies and the government's reliance on Local Rule 72.1.3 [governing appeals of non-dispositive pretrial matters referred to a magistrate] is misplaced." (Response, p. 5.) To the extent that Petitioner is attempting to argue that Respondent <u>cannot</u> obtain judicial review under Local Rule 72.1.3, he is mistaken.

Furthermore, having asserted that Respondent should not be able to obtain judicial review under Local Rule 72.1.**3**, Petitioner also seeks to preclude Respondent from obtaining judicial review pursuant to 72.1.**4**. Petitioner contends that, assuming this case was referred as a dispositive motion pursuant to 72.1.4, Respondent may not appeal any Order or Recommendation of the Magistrate until she issues an R&R on the Petition as a whole. Thus, Petitioner is attempting, through an overly restrictive reading of the Act and the Local Rules, to wholly preclude Respondent from obtaining judicial review by an Article III Judge of the Magistrate's Order, despite the fact that her Order substantially affects the rights of the parties in this case. This attempt cannot succeed.

First, the record in this case does not reflect under which statutory provision the District Judge referred this case to the Magistrate. Because the statutory referral basis is unclear, Petitioner cannot seek to preclude judicial review by arbitrarily assuming that the case was referred under a particular provision. Certainly, the Act and Local Rules <u>permit</u> District Judges to refer habeas corpus cases to magistrates pursuant to Local Rule 72.1.4 and § 636(b)(1)**(B)**. However, the Local Rules do not <u>require</u> that habeas cases only be referred pursuant to subsection (B), or that they be referred at all. The record does not contain any evidence showing the nature of the District Court's referral

to the Magistrate in this case. The pleadings do not include an Order of Referral from the District Judge to the Magistrate, let alone an Order which sets forth the specific provision under which the case (or a particular portion of the case) is being referred to the Magistrate. Nor does the docket, or any later pleading in the case, reflect whether this case was referred pursuant to § 636(b)(1)(A), (B), or some other provision.[1] Thus, contrary to Petitioner's bald assertion, the record does not reflect the nature of the District Court's referral of this case to the Magistrate, and Petitioner cannot simply <u>assume</u> that the referral was necessarily made pursuant to subsection § 636(b)(1)(B) and Local Rule 72.1.4. Thus, Petitioner cannot claim that Local Rule 72.1.**3** governing referrals of non-dispositive pretrial matters is wholly inapplicable to this case, or preclude Respondent from seeking District Court review pursuant to that provision of the Local Rules.[2]

---

[1] The docket contains a text entry indicating that the case has been referred to Magistrate Baxter, but it does not set forth the nature of the referral, nor is there any pleading associated with this docket entry.

[2] Nor, on the other hand, can Petitioner mandate, without record evidence, that Rule 72.1.4 governs this action, and then allege that, under Rule 72.1.4, no judicial review is available until such time as the Magistrate issues a formal R&R on the Petition as a whole. Petitioner baldly states that "there is no right to an immediate, interlocutory appeal to the district judge from interim rulings referred to a magistrate judge under section 636(b)(1)(B)." Regardless of whether the referral is deemed to be one under 72.1.3 or 72.1.4, judicial review is available. Petitioner has cited no legal authority in this Circuit for his contention that, if a case or motion is referred pursuant to 72.1.4, no appeals of any kind can be filed until the magistrate issues an R&R recommending disposition of the entire case.
    To the contrary, should the Court determine that the Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is an Order regarding a dispositive, rather than non-dispositive, matter, the implication of that determination is <u>not</u> that review is unavailable at this time. Rather, review is most certainly available, but the Court would review the Order <u>de novo</u>, rather than under the more deferential "clearly erroneous or contrary to law" standard which applies to reviews of a magistrate's determination of a non-dispositive pretrial matter. See <u>National Labor Relations Board</u>, 966 F.2d 812.
    Courts in the Third Circuit will not construe the Act or Rules of Civil Procedure artificially narrowly to preclude judicial review of a magistrate's determination, particularly where, as here, the statutory basis for the referral is not clear from the docket, pleadings, or other portion of the record

At the very <u>least</u>, Respondent is entitled to judicial review of the Magistrate's Order pursuant to Local Rule 72.1.3 and § 636(b)(1)(A), which govern non-dispositive pretrial matters. Magistrate Baxter herself has expressly invoked Local Rule 72.1.3 in the context of this case, and has provided the parties with the opportunity to appeal certain of her Orders to the District Judge pursuant to that provision. For example, well before Petitioner filed the December 29, 2005 Motion for Evidentiary Hearing which is the subject of this Notice of Appeal to the District Court, Petitioner filed a previous Motion for an Evidentiary Hearing, which the Court granted on April 19, 2005. In her Order granting the initial Motion for Evidentiary Hearing, Magistrate Baxter expressly invoked Local Rule 72.1.3B governing appeals of non-dispositive pretrial matters, stating as follows: "IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal." Exhibit A, Order dated April 19, 2005.

The Magistrate has also invoked Rule 72.1.3 in other Orders she has entered in this case. For example, in her April 8, 2005 Order granting Petitioner's Motion to Amend Petitioner's Claim for

---

in the case, and where the Magistrate herself has expressly permitted appeals of Orders in the case, prior to any R&R on the Petition as a whole. Under such circumstances, the Third Circuit has instructed District Courts to determine the nature of the Order being appealed from (dispositive or nondispositive) and then apply the correspondingly appropriate standard of review to that particular Order. <u>See</u>, e.g. <u>National Labor Relations Board</u>, 966 F.2d 812.

The only case which Petitioner has cited for the proposition that judicial review is not available until after an R&R has been issued is distinguishable on several grounds. <u>See</u> <u>Magee v. Rowland</u>, 764 F.Supp. 1375 (E.D. Cal. 1991). In <u>Magee</u>, unlike the present case, the statutory basis for the referral was clear. The <u>Magee</u> Court clearly referred the case to the magistrate under the provisions governing dispositive determinations. Moreover, the motion being appealed from was undisputedly a non-dispositive "interim discovery motion." Finally, <u>Magee</u> is a non-binding district court case from the Ninth Circuit, which has not been cited by any Court in our Circuit, and is inconsistent with the Third Circuit cases which control here. <u>See</u>, e.g., <u>National Labor Relations Board</u>, 966 F.2d 812.

Relief in Pending Writ of Habeas Corpus she again expressly permitted the parties ten (10) days to appeal her Order to the District Court pursuant to Local Rule 72.1.3B. See Exhibit B, Order dated April 8, 2005.

In light of the Magistrate's clear authorization of appeals pursuant to Local Rule 72.1.3B in the context of this case, Petitioner cannot now challenge Respondent's invocation of that Local Rule as a permissible avenue of appeal. Just as the Magistrate authorized an appeal pursuant to Rule 72.1.3 when ruling on Petitioner's First Motion for an Evidentiary Hearing, so too should Respondent be permitted to appeal the grant of Petitioner's most recent Motion for Evidentiary Hearing. Given the District Court's silence as to the basis for its referral, together with the Magistrate's express invocation of Local Rule 72.1.3 as an avenue of appeal of certain of her Orders in this case, Respondent cannot now be precluded from seeking District Court review pursuant to that provision.

**2.   Because the Magistrate's Order is functionally dispositive, the District Court should apply the de novo standard of review rather than the clearly erroneous or contrary to law standard**

The Act and Rules of Civil Procedure do not expressly state whether motions for evidentiary hearings, specifically those arising in a habeas petition challenging a military conviction, should be treated as dispositive or non-dispositive motions for purposes of the standard of review on appeal to the District Court.[3] In cases where the motion referred to the magistrate is not specifically enumerated as automatically dispositive, Courts in this Circuit look beyond a literal reading of the rules, and examine the specifics of the motion at issue in order to determine what standard of review the District Court should apply when reviewing the magistrate's determination. National Labor

---

[3] Motions for Evidentiary Hearing are not one of the eight motions specifically listed in the Act as being automatically dispositive (and therefore entitled to de novo review).

Relations Board v. Frazier, 966 F.2d 812 (3d Cir. 1992). It is particularly important for courts to look beyond a literal reading of the rules in cases such as this one, where the statutory basis for the District Court's original referral to the magistrate is unclear. Id. at 817. If, in substance, the motion on which the magistrate has ruled is akin to a non-dispositive pretrial motion, the District Court reviews it pursuant to 72.1.3 for clear error/contrary to law. If, however, the motion is more similar to a dispositive motion, it receives de novo review under 72.1.4.

It is well established that if a motion referred to a magistrate "involves a determination of the merits of the case, or it does not involve a collateral matter, or it is critical in shaping the nature of the litigation, courts will treat it as dispositive." Kiep v. Turner, 80 B.R. 521, 523 (D. Haw. 1987)(finding a motion for withdrawal of reference to bankruptcy court to be non-dispositive because it had "no bearing on the merits of the claims, nor on the parties, nor on the applicable law"). See also Boskoff v. Yano, 217 F.Supp.2d 1077 (D. Haw. 2001)(holding that motion to enforce settlement is dispositive, construing magistrate's "order" as a "finding and recommendation" and engaging in de novo review); Advanced Microtherm v. Norman Wright Mechanical Equipment, No. C 04 02266 JW, 2006 WL 753028 (N.D. Cal. Mar. 23, 2006)(finding that special master's grant of defendants' motion for a separate trial limited to five construction projects and staying discovery outside of those five projects was "functionally" similar to a dispositive order, and therefore was entitled to de novo review). Courts have also afforded de novo review to a magistrate's pretrial order which "trenches heavily on an aspect of defendants' claimed defense." In re Airline Ticket Commission Antitrust Litigation, 918 F.Supp. 283 (D. Minn. 1996)(de novo review applies to defendant's motion to serve discovery on absent members of plaintiff class).

The Third Circuit in particular looks beyond the name of the motion in order to determine whether it is functionally dispositive and, therefore, entitled to de novo review. In <u>National Labor Relations Board v. Frazier</u>, the National Labor Relations Board ("NLRB") brought an action in U.S. District Court to compel Defendant Frazier to testify in an unfair labor practice proceeding. 966 F.2d 812, 813 (3d Cir. 1992). The District Court referred the matter to a magistrate judge, who denied the NLRB's application for enforcement of its subpoena ad testificandum. <u>Id.</u> When the NLRB appealed the magistrate's denial to the District Court, the District Court construed the magistrate's decision to have been a "non-dispositive pretrial" determination, pursuant to § 636(b)(1)(A), and accordingly reviewed (and affirmed) the magistrate's decision under the "clearly erroneous or contrary to law" standard. <u>Id.</u> The NLRB appealed the District Court's ruling to the Third Circuit, arguing that the District Court should have treated the motion as dispositive and reviewed the magistrate's determination "de novo." <u>Id.</u>

As in the instant case, the District Court in <u>National Labor Relations Board</u> did not specify whether it was referring the case to the magistrate pursuant to § 636(b)(1)(B) governing dispositive motions, § 636(b)(1)(A) governing non-dispositive pretrial motions, or § 636(b)(3) governing "additional duties" which may be assigned to a magistrate.[4] <u>Id.</u> ("Notice of Allocation and Assignment does not indicate the provision on which the court relied in referring the enforcement proceeding to the magistrate judge . . . notice simply informs the parties that all discovery matters

---

[4] Where courts refer matters to magistrates pursuant to the "additional duties" provision of the Magistrate's Act, such matters are reviewed pursuant to the standards of review set forth in § 636(b)(1)(A) and (B). That is to say, "[i]f the matter referred were more akin to a pretrial motion, the district court should review using the clearly erroneous or contrary to law standard. However, if the matter referred more closely resembles one of the eight excepted [dispositive] motions, the district court should employ de novo review." <u>National Labor Relations Board</u>, 966 F.2d at 816.

9

arising from their case will be assigned to a magistrate judge"). Thus, the Third Circuit recognized that it "c[ould] not determine whether the district court considered the [NLRB] enforcement proceeding to be a nondispositive or dispositive motion." Id.

Because the District Court had not expressly stated the basis for its referral to the magistrate, the Court of Appeals looked at the specifics of the case in order to determine whether a dispositive or nondispositive decision was involved. In doing so, the Third Circuit rejected "the district court's literal reading of the [Magistrate's Act] and Local Rules." Id. at 817. Specifically, the Third Circuit stated that "the failure of 28 U.S.C. § 636(b)(1)(B) and [the Local Rules] to list the Board's subpoena enforcement proceeding as a dispositive matter subject to de novo review does not mean that the Board's action should be deemed nondispositive." Id. Rather, the Court determined that the magistrate's ruling regarding enforcement of the agency subpoena was dispositive because the "sole purpose" of the NLRB's district court proceeding was to compel production of evidence and attendance of witnesses. Id. at 818. Because the NLRB's motion was dispositive, the District Court had erred in reviewing the magistrate's decision using the clearly erroneous standard and should have applied the de novo standard. Id.

Thus, the case law makes clear that Courts must look beyond the title of a motion to its substance, and evaluate how the motion may affect the rights of the parties to that particular case, in order to determine whether the motion is dispositive or non-dispositive, and consequently, what standard of review should apply. Conducting that inquiry here reveals that Petitioner's Motion for Evidentiary Hearing, in the context of this habeas corpus case challenging his military conviction, is functionally dispositive. Petitioner's Motion for Evidentiary Hearing has a direct and substantial bearing on the merits of the case, and critically shapes the nature of this habeas corpus litigation.

Accordingly, the Court should apply the heightened de novo standard of review to the Magistrate's ruling on this Motion.

The Magistrate's Order granting an evidentiary hearing on Petitioner's competency is not a mere non-dispositive pretrial order. The essence of Petitioner's habeas Petition is a challenge to his competence at the time of his military conviction. Through this habeas proceeding, he seeks to relitigate, in Federal District Court, his competency at the time of his 1999 military proceedings. One of the forms of relief that Petitioner specifically requests in this habeas action is "if the court is unclear in regard to what facts are contained and are not contained in the record, Petitioner would request that the court hold a hearing to <u>further develop the record</u> in the interests of justice and the rights of the Petitioner." (Petition, p. 6).

The Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is a de facto ruling in favor of Petitioner on the merits of the Petition, because it permits him to revisit the evidence and/or further develop the record regarding his competency. Simultaneously, the Order is denying Respondent the relief it is entitled to under law – non-disturbance of the military court's conviction of Petitioner on the ground that his competence received full and fair consideration in the military courts. In ordering an evidentiary hearing and failing to find, as a matter of law, that the military courts gave full and fair consideration to Petitioner's competence, the Magistrate is determining the essence of this case. Contrary to well-established caselaw cautioning federal civilian courts to give great deference to habeas challenges to military convictions, Petitioner is receiving an improper second bite at the apple through this hearing.

The Order granting an evidentiary hearing goes to the heart of the merits of this case and critically shapes Respondent's obligations in this litigation. An evidentiary hearing on Petitioner's

competence, over seven years after his military conviction, would constitute an extremely burdensome re-litigation of issues that were fully and fairly considered by the military courts, and would eviscerate the deferential standard of review which courts are to apply to habeas challenges to military convictions. Thus, the Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is functionally dispositive under the relevant legal standards, and is entitled to de novo review by the District Court.

        C.      **<u>Under either standard of review, the Magistrate's Order must be overturned</u>**

Even if this Court were to review the Magistrate's Order under the more deferential clearly erroneous or contrary to law" standard, Petitioner is not entitled to an evidentiary hearing because, under clearly established case law, the issue of his competence received full and fair consideration by the military courts. Under the "clearly erroneous or contrary to law" standard, courts in the Third Circuit have held that a district court's review of a magistrate's disposition of a non-dispositive issue is plenary as to matters of law. <u>Lo Bosco v. Kure Engineering Ltd.</u>, 891 F.Supp. 1035 (D.N.J. 1995).

As Respondent explained in its Notice of Appeal and other pleadings in this case, the circumstances under which the District Court may review Petitioner's military conviction are extremely limited. More specifically, an evidentiary hearing in federal court is only appropriate if the military courts failed to give Petitioner's claims "full and fair consideration." Here, however, the military courts fully and fairly considered the claims Petitioner now seeks to raise in federal court. In particular, the highest military court, the Court of Appeals for the Armed Forces ("CAAF") gave full and fair consideration to the issue of Petitioner's competency when it granted review of Petitioner's petition for review and affirmed the decision of the court below. When Petitioner petitioned the highest military court, the Court of Appeals for the Armed Forces

("CAAF") for a review of his military conviction, in addition to a brief submitted by his counsel, Petitioner included a thirty-three (33)-page Grostefon submission, in which he personally asserted that he lacked the mental capacity to stand trial due to medications he had been prescribed. See Appendix B to Exhibit M to Response to Petition. On July 24, 2002, the CAAF issued an order granting Petitioner's Petition for Grant of Review, but also affirming the ACCA's decision and denying the petition for new trial. See Exhibit N to Response to Petition. Under the law, this was sufficient to constitute full and fair consideration, and the Magistrate's decision that a hearing is required to obtain additional evidence on this issue is erroneous as a matter of law.

Were this federal civilian court to affirm the Magistrate's Order Granting an Evidentiary Hearing, even though Petitioner himself raised and briefed the issue of his competency, thereby fully advocating his position to the CAAF, this Court would be imposing new and unwarranted requirements on the military courts and utterly eviscerating the deference that federal courts are required to afford the military court system.

IV.   **CONCLUSION**

WHEREFORE, Because the military courts gave full and fair consideration to the same claim that Petitioner now presents in his Motion for Evidentiary Hearing -- and, indeed, in his Petition for Writ of Habeas Corpus -- this Court should defer to the judgment of the military courts, and deny Petitioner's Motion for an Evidentiary Hearing on the issue of his competency to stand trial at his 1999 court-martial.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

  s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Respondent's Reply in Support of Notice of Appeal of Magistrate Judge's Order Granting Evidentiary Hearing,* by mail or electronic filing, upon the following:

Thomas W. Patton
Federal Public Defender's Office
1001 State Street
1111 Renaissance Centre
Erie, PA   16501

        s/ Christy Wiegand
        CHRISTY WIEGAND
        Assistant United States Attorney

Date:   May 1, 2006