IN THE
UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES

| | | |
|---|---|---|
| UNITED STATES, | ) | BRIEF IN SUPPORT OF PETITION |
|  | ) | FOR NEW TRIAL |
| *Appellee,* | ) |  |
|  | ) | CA04-118E |
| V. | ) |  |
|  | ) | Docket No. ARMY 9900316 |
| ARMANN, Kurtis E., U.S. Army | ) | CAAF No. 01-0704/AR |
| Private 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, | ) | 0749 |
|  | ) |  |
| *Appellant.* | ) |  |

David P. Sheldon
Steven H. Wishod
Law Offices of David P. Sheldon
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575 (phone)
(202) 546-0135 (fax)


Mary M. McCord
Major, JAGC, USA
Defense Appellate Division
U.S. Army Legal Services Agency
901 N. Stuart Street
Arlington, Virginia 22203
(703) 588-6047


November 15, 2001

# INDEX

Table of Cases, Statutes and Other Authorities .................................... ii

Introduction ................................................................ 1

Issue Presented ............................................................. 1

Statement of Statutory Jurisdiction ............................................ 2

Statement of the Case ....................................................... 2

Statement of Facts .......................................................... 3

Summary of Argument ...................................................... 5

Argument .................................................................. 5

Conclusion ................................................................ 8

Appendix (Rule 30 Motion to Attach Documents Filed Contemporaneously with Brief)

i

# TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

*Cases*                                                                                     *Page*

United States v. Armann, No. 9900316 (A.C.C.A. April 24, 2001) . . . . . . . . . . . . . . . . . . . . . . . 2
United States v. Brooks, 49 M.J. 64 (C.A.A.F. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
United States v. Giabra, 38 M.J. 240 (C.M.A. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
United States v. Niles, 45 M.J. 435 (C.A.A.F. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
United States v. Rios, 48 M.J. 261 (C.A.A.F. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
United States v. Van Tasell, 38 M.J. 91 (C.M.A. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
United States v. Williams, 37 M.J. 352 (C.M.A. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
United States v. Young, 43 M.J. 196 (C.A.A.F. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Statutes*

Article 73, 10 U.S.C. § 873 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
Article 80, 10 U.S.C. § 880 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Article 81, 10 U.S.C. § 881 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Article 92, 10 U.S.C. § 892 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Article 112, 10 U.S.C. § 112(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
18 U.S.C. § 1746 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Regulations*

Rule 1210, Rules for Courts-Martial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5-6

*Other Authorities*

Francis A. Gilligan & Frederic I. Lederer, 2 Court-Martial Procedure § 25-110.80 (1999) . . . 5-6

IN THE
UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES

| | | |
|---|---|---|
| UNITED STATES, | ) | BRIEF IN SUPPORT OF PETITION |
| | ) | FOR NEW TRIAL |
| *Appellee,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. ARMY 9900316 |
| ARMANN, Kurtis E., U.S. Army | ) | CAAF No. 01-0794/AR |
| Private 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, | ) | |
| | ) | |
| *Appellant.* | ) | |

*Introduction*

Pursuant to this Court's October 16, 2001 Order, this brief is submitted in support of the Petition for a New Trial filed with the Judge Advocate General of the Army by Private Kurtis E. Armann, U.S. Army in accordance with Article 73, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 873 and Rule 1210 of the Rules for Courts-Martial ("RCM").[1] For the following reasons, the Court should order the Judge Advocate General of the Army to grant the petition for a new trial.

*Issue Presented*

*WHETHER OR NOT GOOD CAUSE EXISTS TO ORDER A NEW TRIAL WHERE A DEFENSE OF ACCUTANE INDUCED PSYCHOSIS WAS NOT PRESENTED AT TRIAL BECAUSE THE PSYCHOTIC EFFECTS OF ACCUTANE WERE NOT KNOWN.*

---

[1] Under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), this petition is submitted with a statement with supporting authorities by the Petitioner under 18 U.S.C. § 1746. *See* Motion to Attach Documents, Exhibit 1, Verification Signed by Kurtis E. Armann (November 8, 2001).

*Statement of Statutory Jurisdiction*

Under Article 73, UCMJ, 10 U.S.C. § 873, at any time within two years after the convening authority approves the findings and sentence, the accused may petition the Judge Advocate General for a new trial on the grounds of newly discovered evidence or fraud on the Court. Because the petition in this case was timely filed, this Court has jurisdiction.

*Statement of the Case*

Pursuant to his pleas, Petitioner was convicted of attempted premeditated murder in violation of Article 80, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 880, conspiracy to commit murder in violation of Article 81, UCMJ, 10 U.S.C. § 881, an orders violation in violation of Article 92, UCMJ, 10 U.S.C. § 892, and wrongful use of marijuana in violation of Article 112(a), UCMJ, 10 U.S.C. § 992(a) at a general court-martial at Hanau and Mannheim, Germany convened by Commander V Corps. Motion to Attach Documents, Exhibit 2, Convening Authority's Action. On March 19, 1999, Petitioner was sentenced to 38 years confinement, to forfeit all pay and allowances, and to a dishonorable discharge. On August 10, 1999, the convening authority approved the forfeiture of all pay and allowances, 35 years of confinement and the dishonorable discharge, which was not executed.

The Army Court of Criminal Appeals affirmed the findings and sentence in a short form opinion on April 24, 2001. Motion to Attach Documents, Exhibit 3, *United States v. Armann*, Docket No. 9900316 (A.C.C.A. April 24, 2001). On July 26, 2001, Petitioner filed a petition before the Court of Appeals, which was not docketed until August 21, 2001. Motion to Attach Documents, Exhibit 4, *United States v. Armann*, Docket No. 01-0794 (C.A.A.F. August 21, 2001). In the interim, Petitioner filed a Petition for a New Trial on

2

August 9, 2001,[2] which was subsequently referred to the office of the Examination and New Trials Division. Motion to Attach Documents, Exhibit 6, Letter from Joel D. Miller, Colonel, U.S. Army to Private Kurtis E. Armann, U.S. Army (August 15, 2001). Petitioner now submits this brief with supporting documents attached in support of his New Trial Petition. In the interim, Petitioner filed a supplement to his petition under Article 67 and this Court ordered Petitioner to submit a brief in support of his New Trial Petition.

For the following reasons, the Court should order the Judge Advocate General of the Army to grant a new trial.

### *Statement of Facts*

Central to the question of whether or not Petitioner was guilty of the crimes that led to his conviction was the question of whether he could appreciate the wrongfulness of his conduct at the time he committed the offenses and whether or not he was competent to stand trial. Motion to Attach Documents, Exhibit, *United States v. Armann*, Order for Sanity Board (January 25, 1999); Exhibit 8, Tab A, Redacted 706 Report Memorandum from W. Thomas Helfrich, Ph.D. (February 8, 1999); Tab B, Full 706 Report Memorandum from W. Thomas Helfrich, Ph.D. (February 8, 1999). The sanity board found that Petitioner did not suffer from a severe mental disease or defect at the time he committed the offense and that Petitioner was competent to stand trial. Exhibit 8. Even the defense's own expert, Keith A. Caruso, LCDR, MC, USN, a forensic psychiatrist, testified that "in the grand scheme of things, having had headaches throughout this period, having been on medications, many of which have a depressing effect on mood, may have made things a little bit worse [for

---

[2] Motion to Attach Documents, Exhibit 5, Petition for a New Trial (August 9, 2001).

3

Petitioner], but I don't think there was any diminished capacity here." Record of Trial at 340.

Yet, none of the forensic physical and mental examinations of Petitioner considered the possibility that he suffered from Accutane Induced Psychosis at the time he committed the offense and that he was incompetent to stand trial. This is so because, while it was acknowledged that the Petitioner had taken Accutane,[3] the harmful effects of the drug--that it caused psychosis--were not known at the time of Petitioner's court-martial. Even worse, the synergistic effect of Accutane when combined with other anti-depressant drugs[4] was not a matter of public record. But with the suicide of Congressman Bart Stupak's son and the resulting Congressional hearings,[5] Petitioner learned for the first time of the dangers of Accutane Induced Psychosis. Because this issue was not addressed during the court-martial proceedings[6] and given its central import to whether or not Petitioner stands wrongly convicted of the crimes in question, the Judge Advocate General should grant this petition.

---

[3] Record of Trial at 185, 186; Motion to Attach Documents, Exhibit 9, Medical Records Documenting History of Accutane Use.

[4] During the time he committed the misconduct in question, Private Armann was taking Secobarbital, Fironal, Fiorcet, Elavil, Phergan, Compazine, and Depakote. Motion to Attach Documents, Exhibit 10, Tabs A-M, Medical Logs Mannheim Confinement Facility.

[5] Motion to Attach Documents, Exhibit 11, A Double Dose of Heartache, Washington Post C1 (January 9, 2001); Exhibit 12, CosmoGIRL (February 2001); Exhibit 13, Overview of Existing Research and Information Linking Accutane (Isotretinoin), Depression, Psychosis and Suicide (December 5, 2000); Exhibit 14, Opening Statement, Chairman Dan Burton, Government Reform Committee Hearing "Accutane--Is this drug linked to depression and suicide?" (December 5, 2000); Exhibit 15, Statement by Jonca Bull, M.D., Government Reform Committee Hearing "Accutane--Is this drug linked to depression and suicide?" (December 5, 2000); Exhibit 16, Testimony of Amanda Callais (December 5, 2001); Exhibit 17, FDA Warning Letter (March 5, 1998).

[6] Petitioner's medical records clearly document that he was prescribed Accutane for a significant period of time. Exhibit 18, Misc. Medical Records.

4

*Summary of Argument*

There is newly discovered evidence as to the competency of the accused to stand trial and whether or not he was capable of appreciating the wrongfulness of his actions at the time he committed the offenses in question. Petitioner was unaware at the time of trial that Petitioner's use of Accutane, and the synergetic effects of such use when combined with other psychotropic medications i.e., that Accutane, standing alone or when combined with other psychotropic medications, causes psychosis. This defense could have been presented at trial, and as such, the Court should order a rehearing.

*Argument*

Under Article 73, UCMJ, 10 U.S.C. § 873, at any time within two years after approval by the convening authority of a court-martial sentence, the accused may petition the Judge Advocate General for a new trial on the grounds of newly discovered evidence or fraud on the Court. If the accused's case is pending before a Court of Criminal Appeals or before the Court of Appeals for the Armed Forces, the Judge Advocate General shall refer the petition to the appropriate court for action. Otherwise the Judge Advocate General shall act on the petition. *See* Francis A. Gilligan & Frederic I. Lederer, 2 Court-Martial Procedure § 25-110.00 (1999). The Rules for Courts-Martial amplify the Uniform Code:

A new trial shall not be granted on the grounds of newly discovered evidence unless the petition shows that:

(A) The evidence was discovered after the trial;

(B) The evidence is not such that it would have been discovered by the petitioner at the time of trial in the exercise of due diligence; and

5

06/02/2006  14:40    4126446995              US ATTORNEYS OFFICE                    PAGE  11/14

(C) The newly discovered evidence, if considered by a court-martial in light of all other pertinent evidence, would probably produce a substantially more favorable result for the accused. *See* R.C.M. 1210(f); *United States v. Van Tasell*, 38 M.J. 91, 97 (C.M.A. 1993) (Gierke, J. concurring); Gilligan and Lederer, 2 Court-Martial Procedure § 25-110.00 (footnote omitted).

In *United States v. Young*,[7] this Court ruled that if the accused raises a mental condition as newly discovered evidence, he must first make a showing that something brings into question his mental competence or responsibility. While petitions for new trials are generally disfavored,[8] and a service member bears a heavy burden of showing that a new trial petition is an appropriate remedy,[9] where the accused raises a question surrounding his competency at the time he committed the offense or at the time of trial, the granting of a new trial is not without precedent. *Young*, 43 M.J. at 196.

Here, petitioner and his counsel were unaware that the use of Accutane could cause a person to have delusional thoughts and act in a psychotic rage. Clearly, after the publicity surrounding the Congressional hearings, the clear import of this evidence is paramount. The 706 Board that was conducted in this case did not address this evidence. It failed to conduct requisite neurological testing that would have revealed potentially whether or not the Accutane that the accused had been taking just prior to engaging in the bizarre criminal conduct he committed caused organic brain damage. Further, it is clear that Dr. Caruso's

---

[7] 43 M.J. 196 (C.A.A.F. 1995).

[8] *United States v. Brooks*, 49 M.J. 64 (C.A.A.F. 1998); *United States v. Rios*, 48 M.J. 261 (1998); *United States v. Williams*, 37 M.J. 352 (C.M.A. 1993).

[9] *United States v. Niles*, 45 M.J. 435 (C.A.A.F. 1996); *United States v. Giabra*, 38 M.J. 240 (C.M.A. 1993).

6

testimony for the defense did not address this critical aspect of the case. Petitioner's competency to stand trial may also be in question, since it is also not apparent what synergistic effect Accutane induced psychosis would have when combined with the heavy dosage of [illegible] was being prescribed at the time of trial. Exhibit 10, Tabs A-M. What is more, the [illegible] has continued to act bizarrely while confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Tab 16, Misc. Confinement Records.

Petitioner has shown good cause for granting the relief. A viable and important question has been raised because of this new evidence—the Judge Advocate General of the Army should grant the Petition and order a New Trial so that Private Armann can defend himself on the grounds that he committed the crimes in question because he was suffering from Accutane Induced Psychosis. The import of this evidence was not and could not have been known at the time of trial. It raises a question as to whether or not the accused stands wrongly convicted, and as such, the relief should be granted.

7

## Conclusion

The petition should be granted. A new trial should be ordered because a substantial question has been raised regarding the accused mental capacity at the time he committed the offense and his competency to stand trial because he previously used Accutane, which causes individuals to become delusional and act psychotically. This explains why Private Armann was acting so bizarrely, especially given the high doses of psychotropic medications he was prescribed.

Respectfully submitted,

David P. Sheldon
Steven H. Wishod
Law Offices of David P. Sheldon
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575 (phone)
(202) 546-0135 (fax)

Mary M. McCord
Major, JAGC, USA
Defense Appellate Division
U.S. Army Legal Services Agency
901 N. Stuart Street
Arlington, Virginia 22203
(703) 588-6047

)                                                    )

### Certificate of Service

I certify that on November 15, 2001, I caused an original and seven copies of this Brief in Support of Petition for a New Trial to be delivered by courier to the Court and a copy was served by the same means by the Chief, Government Appellate Division, United States Army Legal Services Agency, 901 N. Stuart Street, Arlington, Virginia 22039.

David P. Sheldon