IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN, | ) |
| | ) |
|    Petitioner | ) |
| | ) |
|    v. | )   C.A. No. 04-118 Erie |
| | ) |
| WARDEN, FCI-MCKEAN, | ) |
| | ) |
|    Respondent. | ) |

**PETITIONER'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING
THE DEPOSITION OF SERGEANT DALLAS CALLIS**

    AND NOW, comes the petitioner, Kurtis E. Armann, by his attorney, Assistant Federal Public Defender Thomas W. Patton, and files this Emergency Motion for an Order Authorizing the Deposition of Sergeant Dallas Callis. In support thereof counsel states:

    1. This Court has set an evidentiary hearing in this case for October 17, 2006, at 10:00 a.m. Mr. Armann's claim is based upon his incompetence at the time of his plea and sentencing due to the massive amounts of medication he ingested on the day of his plea and sentencing. Petitioner's Motion for Evidentiary Hearing p. 10-16.

    2. Mr. Armann intends to prove he ingested the drugs discussed in the Motion for Evidentiary Hearing through the testimony of Army Sergeant Dallis Eugene Callis. Sgt. Callis has already signed an affidavit authenticating the medication logs at issue in the case, and confirming that he was the individual who gave the medication to Mr. Armann on the day of Mr. Armann's plea and sentencing.

    3. Sgt. Callis is currently stationed at Fort Richardson which is located near Anchorage, Alaska. After receiving notice of the October 17, 2006, evidentiary hearing, counsel contacted

Sgt. Callis and learned that Sgt. Callis will be deploying to Iraq for a twelve-month tour of duty on October 1, 2006. Accordingly, Sgt. Callis will not be available to testify at the October 17, 2006 hearing.

    4. Title 28 U.S.C. § 2246 states that "[o]n application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits."

    5. Sgt. Callis' testimony is crucial to Mr. Armann's case. If Sgt. Callis is not deposed before October 1, 2006, his testimony will be unavailable for at least a year. Accordingly, Mr. Armann respectfully requests that this Court enter an order allowing the deposition of Sgt. Callis to be taken at Fort Richardson or some other suitable location prior to October 1, 2006, so that Sgt. Callis' testimony can be available for the evidentiary hearing.

    WHEREFORE, for the foregoing reasons, Mr. Armann respectfully requests that this Court enter an order allowing the deposition of Sgt. Callis to be taken at Fort Richardson or some other suitable location prior to October 1, 2006.

    Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
P.A. I.D. No. 88653