**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KURTIS E. ARMANN, | ) | |
| | ) | Civil Action No. 04-118(E) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) | |
| | ) | |
| Respondent. | ) | Filed electronically |

**NOTICE OF APPEAL OF MAGISTRATE JUDGE'S SEPT. 15, 2006 ORDER
GRANTING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

AND NOW, comes Respondent, Helen J. Marberry[1], Warden, FCI McKean

("Respondent"), by her attorneys, Mary Beth Buchanan, United States Attorney for the Western

District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and,

pursuant to Local Rule 72.1, respectfully appeals the Magistrate Judge's Order of September 15,

2006.

## I.  INTRODUCTION

On April 22, 2004, Petitioner Kurtis Armann ("Petitioner") filed a Petition for Writ of

Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241 with this Court, in which he

challenged his military court-martial conviction and sentence on the basis that he had not been

competent to stand trial due to the prescription medications he was taking at the time of his guilty

plea.  Throughout this litigation, Respondent's pleadings have established that the military courts

---

[1]  Helen J. Marberry has replaced James  Sherman as Warden of FCI McKean, and pursuant to
Fed.R.Civ.P. 25(d)(1), is automatically substituted for Mr. Sherman as Respondent in this matter.

gave full and fair consideration to Petitioner's claims, and that, accordingly, Petitioner's attempts to convince this Court to step into the shoes of the military courts and re-adjudicate Petitioner's competency at the time of his 1999 military court-martial are improper.

On December 29, 2005, Petitioner moved this Court to grant an evidentiary hearing on the issue of his competency to stand trial at a military court-martial which occurred over seven (7) years ago, in March 1999.   As Respondent explained in its Response to Petitioner's Motion, the circumstances under which the District Court may review Petitioner's military conviction are extremely limited.   More specifically, an evidentiary hearing in federal court is only appropriate if the military courts failed to give Petitioner's claims "full and fair consideration."    Here, however, the military courts fully and fairly considered the claims Petitioner now seeks to raise in federal court.  In particular, the highest military court, the Court of Appeals for the Armed Forces ("CAAF"), gave full and fair consideration to the issue of Petitioner's competency when it <u>granted</u> review of Petitioner's petition for review and affirmed the decision of the court below.

Notwithstanding the CAAF's full and fair consideration, Magistrate Judge Baxter initially granted Petitioner's Motion for an evidentiary hearing by Order entered March 14, 2006, indicating that, because, in her view, the competency issue was not fully briefed or argued before the CAAF, the CAAF could not have given the matter the requisite consideration.   <u>See</u> **Exhibit A**, March 14, 2006 Order.  The March 14 Order further indicated that Magistrate Judge Baxter was unwilling to imply that the issue of Petitioner's competency had been given full and fair consideration  because Respondent did not provide concrete evidence to support such an implication.

On March 28, 2006, Respondent appealed the Magistrate's March 14, 2006 Order to the District Court, arguing that, contrary to the Magistrate's determination, Petitioner is not entitled to a hearing in federal civilian court on the issue of his competency to stand trial before a military court.  Specifically, Respondent asserted that in opposing Petitioner's appeal to the CAAF, the government was not required to brief and argue the issue of Petitioner's competency, and, further, that the CAAF's summary affirmance is in keeping with military court practice and indicates that the CAAF did fully and fairly consider the issue of Petitioner's competency. Finally, Respondent argued that were this federal civilian court to adopt Magistrate Baxter's determination that the government was required to file a specific brief addressing Petitioner's competency, even though Petitioner himself raised and briefed the issue, thereby fully advocating his position to the CAAF, it would be imposing new and unwarranted requirements on the military courts and utterly eviscerating the deference that federal courts are required to afford the military court system.

As part of Respondent's appeal to the District Court, the District Court requested that Respondent supplement the record with certain additional documents which had been filed in 2001 with the CAAF in relation to Petitioner's Petition for a New Trial. Respondent duly supplemented the record, and the additional records further strengthen Respondent's argument that the military courts fully and fairly considered Petitioner's claims.  Specifically, the following documents were made part of the record in this case: (1) [Petitioner's] Brief in Support of Petition for New Trial, filed by Petitioner's counsel; (2) [Petitioner's] Motion to Attach Documents, Exhibit 1, Petitioner's <u>Grostefon</u> submission in support of his petition for new trial; (3) [Respondent's] Objection to [Petitioner's] Motion to Attach Documents, filed by Respondent;

and (4) [Respondent's] Brief in Response to [Petitioner's] Petition for New Trial, filed by

Respondent.  See **Exhibit B**, Order dated July 10, 2006.

By Order dated July 10, 2006, the District Court stated as follows:

In light of this additional evidence, and based upon the parties' representations
that the record is now fully complete, . . . we are of the opinion that the matter
should be remanded to the Magistrate Judge for reconsideration of her order
granting an evidentiary hearing following her review of this additional evidence in
the first instance.

**Exhibit B**.

By Order dated September 15, 2006, without any analysis, Magistrate Baxter scheduled

an evidentiary hearing to take place on October 17, 2006.  See **Exhibit C**, September 15, 2006

Order.  The Order did not set forth the scope or subject matter for the evidentiary hearing, nor did

the Order provide any basis for the necessity of the hearing.  **Exhibit C**.  The Order further

provided the parties with ten days to appeal to the District Court, pursuant to Rule 72.1.3(B) of

the Local Rules for Magistrates.  **Exhibit C**.

Respondent now respectfully appeals from the Magistrate's September 15, 2006 Order

scheduling an evidentiary hearing in the above matter, on the ground that contrary to the

Magistrate's determination, Petitioner is not entitled to a hearing in federal civilian court on the

issue of his competency to stand trial before a military court.  Rather, review of the supplemented

record reveals that the military courts provided full and fair consideration to Petitioner's claims,

and the Petition should be denied without a hearing.

## II. BACKGROUND

### A. Military Court Proceedings

Petitioner, a former member of the United States Army, was charged in 1998 with attempted premeditated murder and conspiracy to commit premeditated murder after shooting a fellow soldier while stationed in Hanau, Germany. After a military court-ordered sanity board evaluated Petitioner and found him both free of severe mental disease or defect at the time of the attempted murder, and competent to stand trial and assist in his defense, Petitioner was tried in a general court-martial in Germany in March 1999. **Exhibit D**, General Court-Martial Proceedings Order for Sanity Board; **Exhibit E** Memoranda Regarding Sanity Board Findings. Petitioner pled guilty to all charges,[2] and was sentenced to a dishonorable discharge, forfeiture of all pay, and confinement for 38 years.[3] Petitioner appealed his firearm conviction and sentence to the Army Court of Criminal Appeals ("ACCA"). See **Exhibit F**, ACCA Brief for Appellant. Pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982),[4] Petitioner submitted a separate Appendix A to his ACCA appeal, in which he alleged an absence of mental responsibility for his actions, and cited to seven medications which had been prescribed to him

---

[2]In addition to charges of attempted premeditated murder and conspiracy to commit premeditated murder, Petitioner was also charged with violation of a lawful general regulation which prohibited the possession of a weapon with a "silencer" and required registration of all weapons for U.S. military personnel stationed in Germany; and marijuana use.

[3]By pre-trial agreement, the sentence was modified to not exceed 35 years of confinement. See **Exhibit I**, General Court Martial Order Regarding Sanity Board.

[4]United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) requires that military appellate counsel raise an accused's specified errors to the attention of the court, even if counsel regard those issues as non-meritorious. Id. at 435-36.

after his arrival in the Disciplinary Barracks. <u>See</u> **Exhibit G**, Appendix A. The ACCA affirmed the trial court's decision on April 24, 2001. <u>See</u> **Exhibit H**, ACCA Affirmance.

Following the ACCA's affirmance, Petitioner petitioned the highest military court, the Court of Appeals for the Armed Forces ("CAAF") for a review. Petitioner also petitioned the CAAF for a new trial. <u>See</u> **Exhibit J**, Docketing Notice.

Petitioner filed his Petition for Grant of Review with the CAAF on August 2, 2001. On October 11, 2001, Petitioner filed a Supplement to his Petition for Grant of Review, which consisted of both a brief submitted by his counsel to supplement his Petition for Grant of Review, and a thirty-three (33)-page <u>Grostefon</u> submission prepared by Petitioner, in which he personally asserted that he lacked the mental capacity to stand trial due to medications he had been prescribed. **Exhibit K**, Supplement to Petition for Grant of Review.

On October 19, 2001 the government submitted a summary response to Petitioner's <u>Grostefon</u> submission, in which it specifically noted that Petitioner had failed to raise his competency claim with the ACCA, and therefore the government opposed the CAAF's consideration of that issue. <u>See</u> **Exhibit L**, Oct. 19, 2001 Watkins Memorandum for Clerk of Court, U.S. Court of Appeals for the Armed Forces. The government further noted that it would respond to Petitioner's concern regarding new information concerning the drug Accutane as part of its response to Petitioner's Petition for New Trial. **Exhibit L**.

While his Petition for Grant of Review was pending before the CAAF, on October 16, 2001, Petitioner also filed a Petition for New Trial with the CAAF. **Exhibit J**. On November 15, 2001, Petitioner's counsel submitted a Brief in Support of his Petition for New Trial, which specifically argued that there was newly discovered evidence as to Petitioner's competency to

stand trial. **Exhibit M,** November 15, 2001 Petitioner's Brief in Support of Petition for New Trial, at 5. On that same day, Petitioner's counsel filed a Motion to Attach Documents, which requested that the Court consider, among other documents, a twelve (12) page single spaced Grostefon submission by Petitioner, in which he specifically argued that he was entitled to a new trial based on "new evidence, which casts doubt on both the crimes the Petitioner committed and whether he could appreciate the wrongfulness of his conduct, and more importantly <u>whether or not he was competent to stand trial</u>." **Exhibit N**, Nov. 15, 2001 Petitioner's Motion to Attach Documents, at Exhibit 1. On November 20, 2001, the government filed Objections to Petitioner's Motion to Attach Documents, seeking to preclude the CAAF from considering Petitioner's Grostefon submission. **Exhibit O**, Nov. 20, 2001 Government's Objections to Petitioner's Motion to Attach Documents.

On December 17, 2001, the government also filed a Brief in Response to [Petitioner's] Petition for New Trial. **Exhibit P**, December 17, 2001 Government's Brief in Response to Petitioner's Petition for New Trial. In this document, the government not only addressed the arguments Petitioner's counsel had made in his Brief in Support of Motion for New Trial, but also addressed Petitioner's Grostefon submission regarding his competency to stand trial. Specifically, the government expressly directed the CAAF's attention to the issues Petitioner had raised in his Grostefon brief. **Exhibit P**, at p. 6 n.2. The government further indicated that it had reviewed the claims Petitioner had raised in his Grostefon pleading and made a determination that they lacked merit. However, the government then requested that "should this Honorable Court determine that the issues raised by appellant have possible merit, the Government requests an opportunity to submit further pleadings thereon." **Exhibit P**, at p. 6 n.2.

On January 7, 2002, despite the government's objections, the CAAF <u>granted</u> Petitioner's Motion with respect to the <u>Grostefon</u> submission, and that submission became part of the record before the CAAF.  **Exhibit Q**, Jan. 7, 2002 CAAF Order.

On July 24, 2002, having received full briefing from both Petitioner and the government regarding both Petitioner's Petition for Grant of Review, and his Petition for a New Trial, the CAAF issued an order <u>granting</u> Petitioner's Petition for Grant of Review, but also affirming the ACCA's decision and denying the Petition for New Trial.  <u>See</u> **Exhibit R**, July 24, 2002 CAAF Order.

### III.  <u>JURISDICTION FOR APPEAL AND STANDARD OF REVIEW</u>

The Federal and Local Rules of Civil Procedure and relevant caselaw clearly demonstrate that Respondent is fully entitled to **de novo** District Court review of the Magistrate's September 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing.  Moreover, the Magistrate's Order Granting an Evidentiary Hearing should be reversed, because the claims Petitioner is now attempting to litigate in this habeas corpus action were fully and fairly considered by the military courts, as a matter of law, and Petitioner is not entitled to revisit them in the civilian court system.  Therefore, this Court would be overstepping its bounds by accepting Petitioner's invitation to step into the shoes of the military courts and re-adjudicate Petitioner's competency at the time of his 1999 court-martial by holding an evidentiary hearing in which Petitioner is permitted to offer evidence regarding his competency at the time of his military court proceedings.

### A.    Referrals pursuant to the Federal Magistrates Act

The Federal Magistrates Act ("the Act") permits United States District Judges to assign specific matters to magistrate judges.  28 U.S.C. § 631-39; Continental Casualty Co. v. Dominic D'Andrea, Inc., 150 F.3d 245, 249 (3d Cir. 1998); National Labor Relations Board v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992).  The Act distinguishes between two categories of matters that a District Judge may refer to a magistrate judge.  First, pursuant to Section 636 (b)(1)**(A)** of the Act, and its corollary in the Western District of Pennsylvania's Local Rules of Civil Procedure, Local Rule 72.1.3, "with specifically noted exceptions, a magistrate judge may hear and decide pretrial matters which do not ultimately dispose of the litigation."  28 U.S.C. § 636(b)(1)(A); Continental Casualty, 150 F.3d at 249-50; National Labor Relations Board, 966 F.2d at 816.  In this type of referral of non-dispositive pretrial matters, "any party may appeal from a magistrate judge's determination made under this rule within ten (10) days after issuance of the magistrate's order."  Fed. Rule Civ. Pro. 72(a); Local Rule 72.1.3.  When such an appeal is filed, "[a] judge of the court shall consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  The judge may also reconsider any matter sua sponte."  Local Rule 72.1.3.  See also 28 U.S.C. § 636(b)(1)(A).  National Labor Relations Board, 966 F.2d at 816.

The second category of matters that a District Judge may refer to a magistrate judge is found in Section 636(b)(1)**(B)** of the Act and, correspondingly, Local Rule 72.1.4.  Pursuant to these provisions, the District Judge may designate a magistrate judge to hold a hearing, receive evidence and hear argument, make proposed findings of fact, and recommend a disposition of the eight types of motions which are "excepted" under 636(b)(1)(A) - namely, particular dispositive

motions.  28 U.S.C. § 636(b)(1)(B); Local Rule 72.1.4; <u>Continental Casualty</u>, 150 F.3d at 250;

<u>National Labor Relations Board</u>, 966 F.2d at 816.

Section 636(b)(1)(B) and Local Rule 72.1.4 further permit magistrate judges to hold

hearings, receive evidence and hear argument, make proposed findings of fact, and recommend

disposition of "applications for post-trial relief made by individuals convicted of criminal

offenses."  Local Rule 72.1.4; 28 U.S.C. § 636(b)(1)(B).  The parties have ten (10) days to object

to the magistrate judge's report and recommendation ("R&R") regarding a dispositive matter, and

then the District Court must review de novo the parts of the magistrate judge's R&R to which a

party objects.  28 U.S.C. § 636(b)(1)(C); Local Rule 72.1.4; <u>Continental Casualty</u>, 150 F.3d at

250; <u>National Labor Relations Board</u>, 966 F.2d at 816.

> ### B.     <u>Respondent is entitled to de novo review of the Magistrate's Order</u>
>
> #### 2.     <u>Because the Magistrate's Order is functionally dispositive, the District Court should apply the de novo standard of review rather than the clearly erroneous or contrary to law standard</u>

The Act and Rules of Civil Procedure do not expressly state whether motions for

evidentiary hearings, specifically those arising in a habeas petition challenging a military

conviction, should be treated as dispositive or non-dispositive motions for purposes of the

standard of review on appeal to the District Court.[5] In cases where the motion referred to the

magistrate is not specifically enumerated as automatically dispositive, Courts in this Circuit look

beyond a literal reading of the rules, and examine the specifics of the motion at issue in order to

determine what standard of review the District Court should apply when reviewing the

---

[5]  Motions for Evidentiary Hearing are not one of the eight motions specifically listed in the Act as being automatically dispositive (and therefore entitled to de novo review).

magistrate's determination. <u>National Labor Relations Board v. Frazier</u>, 966 F.2d 812 (3d Cir.

1992).  It is particularly important for courts to look beyond a literal reading of the rules in cases

such as this one, where the statutory basis for the District Court's original referral to the

magistrate is unclear.  <u>Id.</u> at 817.  If, in substance, the motion on which the magistrate has ruled is

akin to a non-dispositive pretrial motion, the District Court reviews it pursuant to 72.1.3 for clear

error/contrary to law.  If, however, the motion is more similar to a dispositive motion, it receives

de novo review under 72.1.4.

It is well established that if a motion referred to a magistrate "involves a determination of

the merits of the case, or it does not involve a collateral matter, or it is critical in shaping the

nature of the litigation, courts will treat it as dispositive." <u>Kiep v. Turner</u>, 80 B.R. 521, 523 (D.

Haw. 1987)(finding a motion for withdrawal of reference to bankruptcy court to be non-

dispositive because it had "no bearing on the merits of the claims, nor on the parties, nor on the

applicable law").  <u>See</u> <u>also</u> <u>Boskoff v. Yano</u>, 217 F.Supp.2d 1077 (D. Haw. 2001)(holding that

motion to enforce settlement is dispositive, construing magistrate's "order" as a "finding and

recommendation" and engaging in de novo review); <u>Advanced Microtherm v. Norman Wright</u>

<u>Mechanical Equipment</u>, No. C 04 02266 JW, 2006 WL 753028 (N.D. Cal. Mar. 23,

2006)(finding that special master's grant of defendants' motion for a separate trial limited to five

construction projects and staying discovery outside of those five projects was "functionally"

similar to a dispositive order, and therefore was entitled to de novo review). Courts have also

afforded de novo review to a magistrate's pretrial order which "trenches heavily on an aspect of

defendants' claimed defense."  <u>In re Airline Ticket Commission Antitrust Litigation</u>, 918 F.Supp.

11

283 (D. Minn. 1996)(de novo review applies to defendant's motion to serve discovery on absent members of plaintiff class).

The Third Circuit in particular looks beyond the name of the motion in order to determine whether it is functionally dispositive and, therefore, entitled to de novo review.  In <u>National Labor Relations Board v. Frazier</u>, the National Labor Relations Board ("NLRB") brought an action in U.S. District Court to compel Defendant Frazier to testify in an unfair labor practice proceeding.  966 F.2d 812, 813 (3d Cir. 1992).  The District Court referred the matter to a magistrate judge, who denied the NLRB's application for enforcement of its subpoena ad testificandum.  <u>Id.</u>  When the NLRB appealed the magistrate's denial to the District Court, the District Court construed the magistrate's decision to have been a "non-dispositive pretrial" determination, pursuant to § 636(b)(1)(A), and accordingly reviewed (and affirmed) the magistrate's decision under the "clearly erroneous or contrary to law" standard.  <u>Id.</u>  The NLRB appealed the District Court's ruling to the Third Circuit, arguing that the District Court should have treated the motion as dispositive and reviewed the magistrate's determination "de novo."  <u>Id.</u>

As in the instant case, the District Court in <u>National Labor Relations Board</u> did not specify whether it was referring the case to the magistrate pursuant to § 636(b)(1)(B) governing dispositive motions, § 636(b)(1)(A) governing non-dispositive pretrial motions, or § 636(b)(3)

governing "additional duties" which may be assigned to a magistrate.[6] [7]  Id. ("Notice of

Allocation and Assignment does not indicate the provision on which the court relied in referring

the enforcement proceeding to the magistrate judge . . . notice simply informs the parties that all

discovery matters arising from their case will be assigned to a magistrate judge").  Thus, the

Third Circuit recognized that it "c[ould] not determine whether the district court considered the

[NLRB] enforcement proceeding to be a nondispositive or dispositive motion."  Id.

        Because the District Court had not expressly stated the basis for its referral to the

magistrate, the Court of Appeals looked at the specifics of the case in order to determine whether

a dispositive or nondispositive decision was involved.  In doing so, the Third Circuit rejected

"the district court's literal reading of the [Magistrate's Act] and Local Rules."  Id. at 817.

Specifically, the Third Circuit stated that "the failure of 28 U.S.C. § 636(b)(1)(B) and [the Local

Rules] to list the Board's subpoena enforcement proceeding as a dispositive matter subject to de

novo review does not mean that the Board's action should be deemed nondispositive."  Id.

Rather, the Court determined that the magistrate's ruling regarding enforcement of the agency

---

    [6]  The record in this case does not reflect under which statutory provision the District Judge referred this case to the Magistrate.  The pleadings do not include an Order of Referral from the District Judge to the Magistrate, let alone an Order which sets forth the specific provision under which the case (or a particular portion of the case) is being referred to the Magistrate.  Nor does the docket, or any later pleading in the case, reflect whether this case was referred pursuant to § 636(b)(1)(A), (B), or some other provision.

    [7]  Where courts refer matters to magistrates pursuant to the "additional duties" provision of the Magistrate's Act, such matters are reviewed pursuant to the standards of review set forth in § 636(b)(1)(A) and (B).  That is to say, "[i]f the matter referred were more akin to a pretrial motion, the district court should review using the clearly erroneous or contrary to law standard.  However, if the matter referred more closely resembles one of the eight excepted [dispositive] motions, the district court should employ de novo review."  National Labor Relations Board, 966 F.2d at 816.

subpoena was dispositive because the "sole purpose" of the NLRB's district court proceeding was to compel production of evidence and attendance of witnesses.  Id. at 818.  Because the NLRB's motion was dispositive, the District Court had erred in reviewing the magistrate's decision using the clearly erroneous standard and should have applied the de novo standard.  Id.

Thus, the case law makes clear that Courts must look beyond the title of a motion to its substance, and evaluate how the motion may affect the rights of the parties to that particular case, in order to determine whether the motion is dispositive or non-dispositive, and consequently, what standard of review should apply.  Conducting that inquiry here reveals that Petitioner's Motion for Evidentiary Hearing, in the context of this habeas corpus case challenging his military conviction, is functionally dispositive. Petitioner's Motion for Evidentiary Hearing has a direct and substantial bearing on the merits of the case, and critically shapes the nature of this habeas corpus litigation.  Accordingly, the Court should apply the heightened de novo standard of review to the Magistrate's ruling on this Motion.

The Magistrate's Order granting an evidentiary hearing on Petitioner's competency is not a mere non-dispositive pretrial order.  The essence of Petitioner's habeas Petition is a challenge to his competence at the time of his military conviction.  Through this habeas proceeding, he seeks to relitigate, in Federal District Court, his competency at the time of his 1999 military proceedings.   One of the forms of relief that Petitioner specifically requests in this habeas action is "if the court is unclear in regard to what facts are contained and are not contained in the record, Petitioner would request that the court hold a hearing to further develop the record in the interests of justice and the rights of the Petitioner."  (Petition, p. 6).

14

The Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is a de facto ruling in favor of Petitioner on the merits of the Petition, because it permits him to revisit the evidence and/or further develop the record regarding his competency. Simultaneously, the Order is denying Respondent the relief it is entitled to under law – non-disturbance of the military court's conviction of Petitioner on the ground that his competence received full and fair consideration in the military courts. In ordering an evidentiary hearing and failing to find, as a matter of law, that the military courts gave full and fair consideration to Petitioner's competence, the Magistrate is determining the essence of this case. Contrary to well-established caselaw cautioning federal civilian courts to give great deference to habeas challenges to military convictions, Petitioner is receiving an improper second bite at the apple through this hearing.

The Order granting an evidentiary hearing goes to the heart of the merits of this case and critically shapes Respondent's obligations in this litigation. An evidentiary hearing on Petitioner's competence, over seven years after his military conviction, would constitute an extremely burdensome re-litigation of issues that were fully and fairly considered by the military courts, and would eviscerate the deferential standard of review which courts are to apply to habeas challenges to military convictions. Thus, the Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is functionally dispositive under the relevant legal standards, and is entitled to de novo review by the District Court.[8]

---

[8] Even assuming, arguendo, that the magistrate's Order scheduling an evidentiary hearing is not functionally dispositive, Respondent is still entitled to judicial review of the Magistrate's Order pursuant to Local Rule 72.1.3 and § 636(b)(1)(A), which govern non-dispositive pretrial matters. Magistrate Baxter herself has expressly invoked Local Rule 72.1.3 in the context of this case, and has provided the parties with the opportunity to appeal certain of her Orders, including the September 15, 2006 Order, to the District Judge pursuant to that provision.

## IV.  <u>ARGUMENT</u>

**A.    The CAAF gave full and fair consideration to the issue of Petitioner's competency, and the Magistrate's Order scheduling an evidentiary <u>hearing must be overturned</u>**

In her most recent September 15, 2006 Order, Magistrate Baxter did not provide a reason to support her ordering of an evidentiary hearing.  However, in her earlier March 14, 2006 Order, which pre-dated Respondent's original appeal to the District Court, Magistrate Judge Baxter opined that she would not imply that full and fair consideration had been given to the issue of Petitioner's competency because the government did not brief the matter or argue it before the CAAF, and the CAAF's summary affirmance was silent on the matter.

Careful review of the supplemented record in this case clearly reveals that the military courts gave full and fair consideration to the issues Petitioner now seeks to raise in this habeas Petition.  Were this federal civilian court to affirm the Magistrate's Order granting an evidentiary hearing, this Court would be imposing new and unwarranted requirements on the military courts and utterly eviscerating the deference that federal courts are required to afford the military court system.  Specifically, as part of both his Petition for Grant of Review, and his Petition for a New Trial, Petitioner provided to the CAAF detailed arguments addressing his competency.  The Government responded, in writing, to each pleading submitted by Petitioner and Petitioner's

---

Even if this Court were to review the Magistrate's Order under the more deferential clearly erroneous or contrary to law" standard, Petitioner is not entitled to an evidentiary hearing because, under clearly established case law, the issue of his competence received full and fair consideration by the military courts.  Under the "clearly erroneous or contrary to law" standard, courts in the Third Circuit have held that a district court's review of a magistrate's disposition of a non-dispositive issue is plenary as to matters of law. <u>Lo Bosco v. Kure Engineering Ltd.</u>, 891 F.Supp. 1035 (D.N.J. 1995).

counsel. Therefore, the CAAF possessed a complete, fully developed record at the time that it considered Petitioner's Petition for Grant of Review and his Petition for New Trial.

Petitioner filed his Petition for Grant of Review with the CAAF on August 2, 2001. On October 11, 2001, Petitioner filed a Supplement to his Petition for Grant of Review, which consisted of both a brief submitted by his counsel to supplement his Petition for Grant of Review, and a thirty-three (33)-page <u>Grostefon</u> submission prepared by Petitioner, in which he personally asserted that he lacked the mental capacity to stand trial due to medications he had been prescribed. **Exhibit K**.

On October 19, 2001 the government submitted a summary response to Petitioner's <u>Grostefon</u> submission, in which it specifically noted that Petitioner had failed to raise his competency claim with the ACCA, and therefore the government opposed the CAAF's consideration of that issue. <u>See</u> **Exhibit L**. The government further noted that it would respond to Petitioner's concern regarding new information concerning the drug Accutane as part of its response to Petitioner's Petition for New Trial. **Exhibit L**.

While his Petition for Grant of Review was pending before the CAAF, on October 16, 2001, Petitioner also filed a Petition for New Trial with the CAAF. **Exhibit J**. On November 15, 2001, Petitioner's counsel submitted a Brief in Support of his Petition for New Trial, which specifically argued that there was newly discovered evidence as to Petitioner's competency to stand trial. **Exhibit M**, at 5. On that same day, Petitioner's counsel filed a Motion to Attach Documents, which requested that the Court consider, among other documents, a twelve (12) page single spaced <u>Grostefon</u> submission by Petitioner, in which he specifically argued that he was entitled to a new trial based on "new evidence, which casts doubt on both the crimes the

Petitioner committed and whether he could appreciate the wrongfulness of his conduct, and more importantly whether or not he was competent to stand trial." **Exhibit N**, at Exhibit 1.  On November 20, 2001, the government filed Objections to Petitioner's Motion to Attach Documents, seeking to preclude the CAAF from considering Petitioner's Grostefon submission. **Exhibit O**.

On December 17, 2001, the government also filed a Brief in Response to [Petitioner's] Petition for New Trial.  **Exhibit P**.  In this document, the government not only addressed the arguments Petitioner's counsel had made in his Brief in Support of Motion for New Trial, but also addressed Petitioner's Grostefon submission regarding his competency to stand trial. Specifically, the government expressly directed the CAAF's attention to the issues Petitioner had raised in his Grostefon brief. **Exhibit P**, at p. 6 n.2.  The government further indicated that it had reviewed the claims Petitioner had raised in his Grostefon pleading and made a determination that they lacked merit. However, the government then requested that "should this Honorable Court determine that the issues raised by appellant have possible merit, the Government requests an opportunity to submit further pleadings thereon."  **Exhibit P**, at p. 6 n.2.

On January 7, 2002, the CAAF granted Petitioner's Motion with respect to the Grostefon submission, and that submission became part of the record before the CAAF.  **Exhibit Q**.  At no time did the CAAF request that the government provide additional briefing on the issues raised by Petitioner's November 15, 2001 Grostefon submission.

On July 24, 2002, having received full briefing from both Petitioner and the Army regarding both Petitioner's Petition for Grant of Review, and his Petition for a New Trial, the

18

CAAF issued an order <u>granting</u> Petitioner's Petition for Grant of Review, but also affirming the ACCA's decision and denying the Petition for New Trial. <u>See</u> **Exhibit R**.

The comprehensive paper record relating to both Petitioner's Petition for Grant of Review, and his Petition for New Trial before the CAAF clearly demonstrates that the military courts fully and fairly considered Petitioner's competency. Petitioner and his counsel raised the issue of his competency to the CAAF multiple times, and the government not only responded in writing to each of Petitioner's submissions, but also affirmatively brought Petitioner's <u>Grostefon</u> submissions to the CAAF's attention. Furthermore, the government requested the opportunity to provide additional briefing, in the event that the CAAF determined such additional briefing was warranted as part of its consideration of Petitioner's Petition for Grant of Review and Petition for a New Trial. Thus, in essence, the parties fully briefed and aired the issue of Petitioner's competency as part of the filings regarding both the Petition for Grant of Review and the Petition for New Trial. The CAAF considered all of these pleadings, granted Petitioner's Petition for Review, affirmed the intermediate military court's decision and denied Petitioner's Petition for New Trial.

Even if the government had not comprehensively briefed the specific competency issue, such a decision would not be dispositive with respect to whether the military courts fully and fairly considered the issue of Petitioner's competency. Petitioner cites <u>Watson v. McCotter</u>, 782 F.2d 143, 144-45 (10th Cir. 1986) for the premise that an issue could have received full and fair consideration <u>only</u> if it was briefed and argued before a military board of review, and suggests that anything less than briefing and argument denotes a lack of due consideration. Respondent respectfully submits that Petitioner's interpretation of <u>Watson</u> is not an accurate representation

19

of the court's holding in that case.  In <u>Watson</u>, the United States Court of Appeals for the Tenth

Circuit held that a military court's review of the petitioner's post-trial affidavit, and examination

of the trial record of the court-martial was indicative of  full and fair consideration, despite the

fact that the military court had not held an evidentiary hearing; the Tenth Circuit did <u>not</u> hold that

briefing and argument were <u>required</u> in order to find that full and fair consideration had been

given.  <u>Id</u>. at 145.

Imposing such a requirement upon the CAAF is neither dictated by the Tenth Circuit's

holding in <u>Watson</u>, nor does it respect the practice of the military court system and that system's

separate jurisprudence.  As explained in Respondent's Response to Petitioner's Motion for

Evidentiary Hearing, and further detailed in the Declaration of Captain Edward E. Wiggers,

attached hereto as **Exhibit S**, the fact that the government filed a summary response to

Petitioner's Petition for Grant of Review to the CAAF comports with the government's standard

procedure when it either does not believe that a matter is worthy of review, or chooses to rely

upon the argument it presented to the ACCA.  **Exhibit S** at § 3.   In the matter at hand, the

government submitted a summary response in which it specifically noted that Petitioner had

failed to raise his competency claim with the ACCA, and therefore it opposed the CAAF's

consideration of that issue.  <u>Id</u>.; <u>see</u> <u>also</u> **Exhibit L**.  Accordingly, when the CAAF reviewed

Petitioner's Petition for Grant of Review, it had before it Petitioner' s argument on the matter, in

the form of his thirty-three (33)-page <u>Grostefon</u> submission, as well as the government's position

opposing the CAAF's consideration of the competency issue because Petitioner had failed to

raise the matter before the ACCA.[9]   Moreover, the CAAF also had both parties' briefing

regarding Petitioner's Petition for New Trial, including Petitioner's Counsel's Brief, which raised

his competency to stand trial, together with Petitioner's own twelve (12) page single spaced

Grostefon brief, and the government's responsive brief, which highlighted for the CAAF

Petitioner's Grostefon submission, and verified that the government had reviewed the Grostefon

submission.

As the ultimate reviewing authority within the military court system, the CAAF is

responsible for overseeing the military justice system and ensuring that its defendants are

protected from any abuses within the system.  **Exhibit S** at ¶ 6.  Accordingly, had the CAAF

determined that further development of the record was necessary for fair disposition on the issue

of Petitioner's competency, it would have remanded the case to the ACCA for further

factfinding, or for an evidentiary hearing pursuant to United States v. DuBay, 17 U.S.C.M.A.

147, 37 C.M.R. 411 (C.M.A. 1967).   See **Exhibit S** at ¶ 7.[10]   The fact that the CAAF summarily

---

[9]The fact that Petitioner did not directly raise the issue of his competency to the ACCA should not be interpreted to mean that the ACCA did not consider the issue. Pursuant to Article 66(c) of the Uniform Code of Military Justice, the ACCA must independently review, de novo, the entire record of the court-martial, and it cannot approve any conviction or sentence which it believes is factually or legally incorrect. See 10 U.S.C. § 866; see also, United States v. Bright, 60 M.J. 936, 938 (U.C.C.A. ) (noting that, "[f]or cases that fall within the ambit of Article 66, UCMJ, Congress has given the Courts of Criminal Appeals enormous power and responsibility to review the approved findings and sentence"). Military courts have recognized that this responsibility extends to competency determinations. See, e.g., United States v. Martinez, 12 M.J. 801 (C.M.A. 1981) (The Court of Military Review [predecessor to the ACCA] can and must consider any and all evidence which relates to the issue of mental capacity regardless of whether that evidence was before the court-martial [citation omitted]. Our review of this issue must extend to a detailed re-examination of any and all relevant information, both on and off the record, which might affect the determination of competency to stand trial"); see also **Exhibit S** at ¶ 6.

[10]   In determining whether remand to the ACCA was necessary, the CAAF would have applied the test set forth in United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F. 1997):

disposed of Petitioner's case indicates that the CAAF had before it a sufficient factual record to resolve the matter; otherwise, the CAAF would have remanded the matter to the ACCA for further fact finding or for an evidentiary hearing pursuant to <u>DuBay</u>. **Exhibit S** at ¶¶ 7, 8.

Accordingly, the fact that the CAAF granted review of Petitioner's petition, and then affirmed the ACCA's decision, without issuing written findings, requiring additional briefing from the government, or hearing argument on the matter, is not indicative, as Petitioner would have this Court believe, that the matter of Petitioner's competency was given short shrift by the CAAF. Rather, pursuant to the practice of the military court system -- although not transparent to those outside that system -- the CAAF's grant of review and summary affirmance indicates that the court did, indeed, review all issues presented by Petitioner; that the record before the CAAF on the issue of Petitioner's competency was sufficient for it to consider and determine that issue; and that remand to the ACCA for further factfinding or an evidentiary hearing was unnecessary.

---

First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.

Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.

Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

<u>Ginn</u>, 47 M.J. at 248; **Exhibit S** at ¶ 8.

**B.**     **Granting an evidentiary hearing, thereby allowing Petitioner to relitigate the issue of his competency to stand trial at his 1999 military court-martial, would disregard the deference due to the military courts.**

By granting an evidentiary hearing on the issue of Petitioner's competency to stand trial before his 1999 court-martial, this Court would effectively substitute its own judgment and federal court practice upon a matter which was previously reviewed and determined by the military courts.   Such a result would completely disregard the independence of the military courts and the deference to which the determinations of those courts are entitled.

While an inmate who has been convicted in a military court-martial may, in certain circumstances, invoke a federal court's jurisdiction pursuant to 28 U.S.C. § 2241, federal courts have recognized that their scope of review in such instances is limited, and that great deference should be afforded to a military court's prior determination, due, in part, to the unique culture in which military law has developed.   In Burns v. Wilson, 346 U.S. 137 (1953), the Supreme Court stated that "in military habeas corpus the inquiry, the scope of matter open for review, has always been more narrow than in civil cases," and observed:

> Thus, the law which governs a civil court in the exercise of its jurisdiction over military habeas corpus applications cannot simply be assimilated to the law which governs the exercise of that power in other instances.  It is sui generis; it must be so, because of the peculiar relationship between the civil and military law.
>
> Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment.  This Court has played no role in its development; we have exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment.  The Framers expressly entrusted that task to Congress.

23

> Indeed, Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights.
>
> *       *       *
>
> In military habeas corpus cases, even more than in state hebeas [sic] corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings -- of the fair determinations of the military tribunals after all military remedies have been exhausted.

Id. at 139-42;  see also Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 810 (10th Cir. 1993) ("Because of the independence of the military court system, special considerations are involved when federal civil courts collaterally review court-martial convictions"); Davis v. Marsh, 876 F.2d 1446, 1449 (9th Cir. 1999) ("Federal intrusion into courts-martial interferes with the military's power to punish offenders no less than the corresponding intrusion into state prosecutions implicates concerns of federalism"); Calley v. Callaway, 519 F.2d 184, 203 (5th Cir. 1975) ("Decisions by reviewing courts within the military justice system must be given a healthy respect, particularly where the issue involves a determination of disputed issues of fact"); cf. Burns v. Wilson, 346 U.S. at 142 (district court would be empowered to review, de novo, claims in a habeas petition if the military courts "had manifestly refused" to consider those claims);  Watson v. McCotter, 782 F.2d at 145 (federal courts will entertain military prisoners' claims if they were raised in the military courts and those courts refused to consider them).

Accordingly, once it is determined that a military decision "has dealt fully and fairly with an allegation raised in [an application for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142.   As established in

24

Section IVA, supra, the issue of Petitioner's competency was fully and fairly adjudicated by the military court system:  the ACCA, which was bound by the Uniform Code of Military Justice to conduct an independent, de novo review of Petitioner's case, approved Petitioner's sentence and conviction, which it could not have done had it believed that either was factually or legally incorrect; and the CAAF, which granted Petitioner's petition for review on the very competency issue he raises here, and which had before it Petitioner's extensive Grostefon brief on the subject, was not swayed by Petitioner's argument and issued a summary affirmance.    Because the issue of Petitioner's competency was fully and fairly considered by the CAAF, granting Petitioner an evidentiary hearing at this point in time will usurp the authority of the military court system, and give Petitioner the opportunity to relitigate a matter upon which he was previously unsuccessful.  This Court should not be persuaded by Petitioner's argument that the determinations by the military courts are flawed and therefore susceptible to relitigation simply because military court practice differs in some respects from federal court practice, or because it does not necessarily include such familiar elements as written findings of fact.  To accept Petitioner's argument that such elements are necessary would impose requirements of civilian making upon the military courts, and would disrespect the independence of the military court system and its ability to establish its own practices.  As the Supreme Court in Burns stated, where the military courts have heard a petitioner out on every significant allegation which the petitioner again raises in a habeas petition, "it is not the duty of the civil courts simply to repeat that process -- to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus.  It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims."  Burns,

346 U.S. at 144.  Because the military courts gave full and fair consideration to the same claim

that Petitioner now presents in his Motion for Evidentiary Hearing -- and, indeed, in his Petition

for Writ of Habeas Corpus -- this Court should defer to the judgment of the military courts, and

deny Petitioner an evidentiary hearing on the issue of his competency to stand trial at his 1999

court-martial.

## V.  <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above,  Respondent respectfully requests that the

Court grant its appeal and deny Petitioner's Motion for Evidentiary Hearing.


Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

  s/  Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within *Notice of Appeal of Magistrate Judge's Order Granting Evidentiary Hearing,* by mail or electronic filing, upon the following:

Thomas W. Patton
Federal Public Defender's Office
1001 State Street
1111 Renaissance Centre
Erie, PA   16501


s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney


Date:   September 29, 2006