# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN,<br>　　　　Petitioner | )<br>)<br>) C.A. No. 04-118 Erie<br>)<br>v.　　　　　　　　　　　　　) District Judge McLaughlin<br>) Magistrate Judge Baxter<br>WARDEN - FCI-McKEAN,　　) <br>　　　　Respondent　　　　) |

### ORDER

Petitioner has filed a "Motion for Evidentiary Hearing" [Document # 37] requesting that this Court hold an evidentiary hearing with regard to his habeas claim that he was not competent at his plea and sentencing hearing before the military court due to the medication regimen he was taking at the time. In particular, Petitioner claims that the amount of medication he took on the date of the plea and sentencing hearing severely impaired his ability to understand the nature of the proceedings and to assist his attorneys in his defense. Petitioner first raised this issue in his appeal to the United States Court of Appeals for the Armed Forces ("CAAF"), by attaching his medication logs as an appendix to his Supplement to Petition for Grant of Review that was filed with the CAAF. (Document # 37 at p. 3).[1] Nevertheless, Petitioner argues that the CAAF failed to address the competency issue in its order affirming the decision of the ACCA. (Document # 37 at p. 9 and Exhibit Q).

The United States Supreme Court has held that "when a military decision has dealt fully and fairly with an allegation raised in [a habeas petition], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns v. Wilson, 346 U.S. 137, 142 (1957), citing Whelchel v. McDonald, 340 U.S. 122 (1950). Thus, "[i]t is the limited function of the

---

[1] An appeal to the CAAF is the second level of direct military appeals after an initial appeal to the United States Army Court of Criminal Appeals ("ACCA"). Petitioner acknowledges that he did not raise the competency issue before the ACCA. (Document # 37 at p. 19).

civil courts to determine whether the military have given fair consideration" to each claim raised in the petition. Id. at 144.

Petitioner contends that the CAAF's failure to develop a factual record on appeal, and its failure "to make any finding whatsoever" regarding his competency in its summary affirmation of the ACCA's decision, evidences its failure to fully and fairly consider the competency issue that is now presented to this Court in his habeas petition. In response, Respondent cites the case of Watson v. McCotter, 782 F.2d 143, 144-45 (10th Cir. 1986) in support of its argument that summary denials of claims can constitute full and fair consideration; however, Watson specifically holds that "[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." Id. at 145 (citation omitted). Here, although Petitioner raised the competency issue for the first time before the CAAF, the government merely relied upon its brief that was filed with the ACCA to oppose the appeal. Thus, the competency was not fully briefed or argued before the CAAF. Moreover, the CAAF's order affirming the ACCA's decision did not, in any way, acknowledge the competency issue.

Respondent argues further that the CAAF's grant of Petitioner's Petition for Review necessarily implies that the CAAF reviewed and considered the full record, including the competency issue, before rendering its decision. Given the constitutional implications raised by Petitioner's competency argument, however, this Court is unwilling to imply that the competency issue was given full and fair consideration by the CAAF, without more concrete evidence of record to support such an implication.

AND NOW, this 14th day of March, 2006;

IT IS HEREBY ORDERED that Petitioner's "Motion for Evidentiary Hearing" [Document # 37] is GRANTED, and an evidentiary hearing to consider Petitioner's competency

argument shall be held before this Court on May 4, 2006, at 10:00 a.m.

                               S/Susan Paradise Baxter
                               SUSAN PARADISE BAXTER
                               Chief U.S. Magistrate Judge