# Exhibit D

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | **General Court-Martial Proceedings** |
| ) | |
| **Kurtiss E. Armann** ) | **Order for Sanity Board** |
| **PV2, U.S. Army** ) | |
| **Co. A, 127th ASB** ) | |
| **APO AE 09165** ) | **25 January 1999** |

TO: Commander, Landstuhl Regional Medical Center:

1. In the above-referenced criminal proceedings, a sanity board will be convened to inquire into the mental capacity and mental responsibility of the accused.

2. In accordance with Rule for Courts-Martial 706, Manual for Courts-Martial, 1998 Edition, the board is required to make separate and distinct findings as to each of the following questions:

    a. At the time of the alleged criminal conduct, did the accused have a severe mental disease or defect? In this regard, the phrase "severe mental disease or defect" does not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct, or minor disorders such as non-psychotic behavior disorders and personality defects.

    b. What is the clinical psychiatric diagnosis?

    c. Was the accused, at the time of the alleged criminal conduct, and as a result of such severe mental disease or defect, unable to appreciate the nature and quality or wrongfulness of his conduct?

    d. Does the accused have sufficient mental capacity to understand the nature of the proceedings and to conduct his own defense, or cooperate intelligently in his own defense?

3. In conducting this board the following information should be considered:

    a. The charges and all allied papers associated therewith;

    b. The results of standard psychological tests;

   c. Medical tests to determine the extent of any organic brain damage, if any, if such testing is considered to be medically indicated;

   d. Interviews with the accused; and

   e. Relevant medical records of the accused.

4. Upon the conclusion of the board's inquiry, a statement consisting only of the board's ultimate conclusions as to the questions at paragraph 2(a) and 2(d) above shall be provided to the trial counsel, MAJ Meredith, Hanau Office, V Corps SJA, and the undersigned.

5. The full report of the board, which may include statements made by the accused and any evidence derived from such statements, shall be provided to the accused's defense counsel, MAJ DePeppe, Hanau Field Office, USATDS. The full report of the board may otherwise be released only to other medical personnel and only for medical purposes, unless other disposition is authorized by the undersigned.

6. Trial in this case is now scheduled for 24-25 February 1999. Accordingly, in order to provide both the Government and the defense sufficient time to evaluate the results of the Sanity Board, the board's findings should be made available to the parties not later than close of business on 9 February 1999. Any difficulty in meeting this requirement should be brought to the immediate attention of the trial counsel, MAJ Meredith.

WILLIAM T. BARTO
LTC, JA
Military Judge