# Exhibit E

8- 2-99;16:32   ;Psyc...ar...                                    ;123456              # 2/ 2




**DEPARTMENT OF THE ARMY**
U.S. Army MEDDAC, Heidelberg
CMR 442
APO, AE 09042-0130

MCEUH-P (40-216)                                           8 February, 1999

MEMORANDUM THRU

Chief, Department of Psychiatry, USAMH, APO AE 09042-0130

Deputy Commander for Clinical Services, USAMH, CMR 442, APO AE 09042-0130

Chief, Patient Administration Division, USAMH, CMR 442, APO AE 09042-0130

FOR Military Judge (LTC Barto) and Trial Counsel (MAJ Meredith), Hanau Office, V Corps SJA, APO AE 09165

SUBJECT: Sanity Board Findings in the Case of United States of America vs. PV1 Kurtis E. Armann; DOB 27 DEC74; SSN 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; "A" Company, 127th Aviation Support Battalion, APO AE 09165.

1. This memo is forwarded as the "statement consisting only of the board's ultimate conclusions as to the questions at paragraph 2(a) and 2(d) above" in the memo dated 25 Jan 99 and entitled "General Court Martial Proceedings Order for Sanity Board".

2. As to question 2(a) "At the time of the alleged criminal conduct, did the accused have a severe mental disease or defect?", the Sanity Board's answer is, "NO".

3. As to question 2(d) "Does the accused have sufficient mental capacity to understand the nature of the proceedings and to conduct his own defense, or cooperate intelligently in his own defense?" the Sanity Board's answer is "YES".

4. The answers provided above are unqualified and were reached only after a thorough review of the accused's outpatient records; Hanau Mental Health Center's "convenience file"; and "the charges and all allied papers associated therewith".

5. Finally, as to the consideration of "medical tests to determine the extent of any organic brain damage, if any, if such testing is considered to be medically indicated". In light of negative findings of repeated medical examinations and laboratory tests between 13 Dec 96 and the present (to include multiple visits to an ERMC neurologist between 19 Sep 97 and 04 Jan 98), any further medical testing would seem superfluous.

6. POC is the undersigned at 371-2690.

W. THOMAS HELFRICH, PhD
Licensed Clinical Psychologist
Department of Psychiatry




**DEPARTMENT OF THE ARMY**
U.S. Army MEDDAC, Heidelberg
CMR 442
APO, AE 09042-0130

9 February, 1999

MCEUH-P (10-216)

MEMORANDUM THRU

Chief, Department of Psychiatry, USAMH, CMR 442, APO AE 9042-0130

Deputy Commander for Clinical Services, USAMH, CMR 442, APO AE 09042-0130

Chief, Patient Administration Division, USAMH, CMR 442, APO AE 09042-0130

FOR Defense Counsel (MAJ DePeppe), Hanau Field Office, USATDS, APO AE 09165

SUBJECT: Full Report of Sanity Board Findings in the Case of United States of America vs. PV1 Kurtis E. Armann; DOB 27 DEC 74; SSN 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; "A" Company 127th Aviation Support Battalion, APO AE 09165

1. This memo is forwarded as "the full report of the board" as directed by LTC Barto, Military Judge in "General Court-Martial Proceedings Order for Sanity Board" dated 25 Jan 99. It is released only to defense counsel per paragraph 5 of that order.

2. As to question 2(a) "At the time of the alleged criminal conduct, did the accused have a severe mental disease or defect?", the sanity board's answer is, "NO". This finding has been communicated to Judge Barto and Trial Counsel Meredith.

3. As to question 2(d) "Does the accused have sufficient mental capacity to understand the nature of the proceedings and to conduct his own defense, or cooperate intelligently in his own defense?" the sanity board's answer is "YES". Again, this finding has been communicated to Judge Barto and Trial Counsel Meredith.

4. As to question 2(b) "What is the clinical psychiatric diagnosis?", the sanity board's answer is "The principal diagnosis is DSM-IV Axis II Personality Disorder NOS, with antisocial, narcissistic and paranoid features."

5. By way of explanation, any personality disorder is "an enduring pattern of inner experience and behavior that deviates markedly from the expectations of the individual's culture, is pervasive and inflexible, has an onset in adolescence or early adulthood, is stable over time, and leads to distress or impairment" (DSM IV, page 629). In PV1 Armann's case, "Personality Disorder Not Otherwise Specified" fits because his personality pattern meets the general criteria for a personality disorder, but the traits of three different personality disorders are present, viz., antisocial, narcissistic, paranoid. His antisocial personality features include failure to conform to social norms with respect to lawful behaviors, deceitfulness, consistent irresponsibility, and lack of remorse; his narcissistic personality traits include his grandiosity, preoccupation with fantasies of unlimited success/power/wealth, sense of entitlement, interpersonal exploitativeness, and lack

9 February 1999

MCEUH-P
SUBJECT: Full Report of Sanity Board Findings in the Case of United States of America vs PV1 Kurtis R. Armann; DOB 27 DEC 74; SSN 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; "A" Company 127th Aviation Support Battalion, APO AE 09165

of empathy; and his paranoid personality features include his suspicions and/or expectation of others' untrustworthiness and persistent grudge-bearing.

6. Finally, as to question 2(c) "Was the accused, at the time of the alleged criminal conduct....unable to appreciate the nature and quality or wrongfulness of his conduct?", the sanity board's answer is "NO".

7. By way of explanation, evidence that PV1 Armann appreciated the wrongfulness of his conduct included his own sworn testimony (corroborated by others') that he planned and executed the alleged shooting in a manner intended to avoid discovery and punishment by authorities. His self-confessed measures included: the manufacture and testing of an unregistered weapon and unlawful "silencer"; stealthful approach before, and exit after the alleged shooting; the construction of an alibi for his whereabouts at the time of the shooting incident; and pervasive attempts to destroy evidence that might implicate himself.

8. POC is the undersigned at 371-2690.

W. THOMAS HELRICH, MD
Licensed Clinical Psychologist
Department of Psychiatry

2