# Exhibit O

IN THE UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES

| | |
|---|---|
| UNITED STATES,<br>    Appellee<br><br>   v.<br><br>Private E-1<br>Kurtis E. Armann,<br>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,<br>United States Army,<br>    Appellant | )  OBJECTION TO APPELLANT'S<br>)  MOTION TO ATTACH DOCUMENTS<br>)<br>)<br>)<br>)  Crim. App. No. 9900316<br>)<br>)  USCA Dkt No. 01-0794/AR<br>)<br>)<br>) |

TO THE JUDGES OF THE UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES

COME NOW the undersigned appellate government counsel, pursuant to Rule 30 of this Honorable Court's Rules of Practice and Procedure, and oppose appellant's Motion To Attach Documents with respect to certain portions of Exhibit 1 and all of Exhibit 18. In support of its opposition, the Government states as follows:

  1. Appellant's civilian appellate defense counsel avers that the brief in Exhibit 1 and the miscellaneous medical records in Exhibit 18 are relevant to his Petition for a New Trial (Petition).[1] Therefore, this Court should grant his motion to attach such exhibits to his Petition. However, most of the information contained in Exhibit 1 is not relevant to appellant's Petition and Exhibit 18 is irrelevant in its entirety.



---

[1] Appellant personally asserts under United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), that his Petition be submitted with a statement of supporting authorities under 18 U.S.C. section 1746, that statement being the brief in Exhibit 1 attached to his Motion to Attach Documents (appellant's Brief in Support of Petition for New Trial, nt.1). The Government has reviewed appellant's Grostefon claim and submits that it lacks merit.

RECORD OF TRIAL COPY

2. Regarding Exhibit 1, the single issue presented to this Court in appellant's Petition is:

> WHETHER OR NOT GOOD CAUSE EXISTS TO ORDER A NEW TRIAL WHERE A DEFENSE OF ACCUTANE INDUCED PSYCHOSIS WAS NOT PRESENTED AT TRIAL BECAUSE THE PSYCHOTIC EFFECTS OF ACCUTANE WERE NOT KNOWN.

3. Only a portion of Exhibit 1 has relevance to this issue, to wit: the "Statement of the Case" and the "Accutane Argument" under the Statement of Facts. Arguments II and III address issues not relevant to appellant's Petition. In Argument II, "Substance induced psychosis," and Argument III, "Involuntary Intoxication," appellant generally argues that the types, amounts, and combination of medications that he was made to take while incarcerated resulted in him being involuntary intoxicated during his guilty plea trial. This is not the issue before this Court in appellant's Petition.

4. Moreover, appellant failed to raise these issues during his guilty plea trial and on appeal to the Army Court of Criminal Appeals. He does not show good cause to raise them before this Honorable Court. *See Murphy v. Judges of the United States Army Court of Military Review*, 34 M.J. 310, 311 (C.M.A. 1992).

5. Regarding Exhibit 18, the Government has reviewed these medical records and fails to discern any relevance to appellant's Petition. None of the reported substances include Accutane. There is no medical report or analysis attached, explaining how such readings and/or substances relate to Accutane or to appellant's Petition. In the absence of such explanation, such technical records are useless to this Court in ruling upon appellant's Petition.

6. As such, the Government objects to appellant's Motion to Attach with respect to Arguments II and III in Exhibit 1, and to Exhibit 18 in its entirety.

2

WHEREFORE, the Government prays that this Honorable Court deny appellant's Motion to Attach Documents with respect to that portion of Exhibit 1 identified as Arguments II and III, and to Exhibit 18 in its entirety.

*/s/ Watkins*
SUSANA E. WATKINS
Captain, JA
Appellate Government Counsel


*/s/ Paul T. Cygnarowicz*
PAUL T. CYGNAROWICZ
Major, JA
Branch Chief, Government Appellate
  Division


CERTIFICATE OF SERVICE AND FILING

I certify that I filed the original of the foregoing with this Honorable Court, and served a true copy upon civilian defense appellate counsel by mail, and on military defense appellate counsel by hand delivery, on 20 November 2001.

*/s/ Watkins*
SUSANA E. WATKINS
Captain, JA
Appellate Government Counsel

[Stamp: 2001 NOV 20 P 5:09 DEFENSE APPELLATE DIVISION RECEIVED]

3

IN THE UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES

| | |
|---|---|
| U N I T E D   S T A T E S,<br>Appellee<br><br>v.<br><br>Private E-1<br>Kurtis E. Armann,<br>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,<br>United States Army,<br>Appellant | ) OBJECTION TO APPELLANT'S<br>) MOTION TO ATTACH DOCUMENTS<br>)<br>)<br>)
) Crim. App. No. 9900316<br>)<br>) USCA Dkt No. 01-0794/AR<br>)<br>)<br>) |

TO THE JUDGES OF THE UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES

COME NOW the undersigned appellate government counsel, pursuant to Rule 30 of this Honorable Court's Rules of Practice and Procedure, and oppose appellant's Motion To Attach Documents with respect to certain portions of Exhibit 1 and all of Exhibit 18. In support of its opposition, the Government states as follows:

    1. Appellant's civilian appellate defense counsel avers that the brief in Exhibit 1 and the miscellaneous medical records in Exhibit 18 are relevant to his Petition for a New Trial (Petition).[1] Therefore, this Court should grant his motion to attach such exhibits to his Petition. However, most of the information contained in Exhibit 1 is not relevant to appellant's Petition and Exhibit 18 is irrelevant in its entirety.

---

[1] Appellant personally asserts under United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), that his Petition be submitted with a statement of supporting authorities under 18 U.S.C. section 1746, that statement being the brief in Exhibit 1 attached to his Motion to Attach Documents (appellant's Brief in Support of Petition for New Trial, nt.1). The Government has reviewed appellant's Grostefon claim and submits that it lacks merit.

2. Regarding Exhibit 1, the single issue presented to this Court in appellant's Petition is:

> WHETHER OR NOT GOOD CAUSE EXISTS TO ORDER A NEW TRIAL WHERE A DEFENSE OF ACCUTANE INDUCED PSYCHOSIS WAS NOT PRESENTED AT TRIAL BECAUSE THE PSYCHOTIC EFFECTS OF ACCUTANE WERE NOT KNOWN.

3. Only a portion of Exhibit 1 has relevance to this issue, to wit: the "Statement of the Case" and the "Accutane Argument" under the Statement of Facts. Arguments II and III address issues not relevant to appellant's Petition. In Argument II, "Substance induced psychosis," and Argument III, "Involuntary Intoxication," appellant generally argues that the types, amounts, and combination of medications that he was made to take while incarcerated resulted in him being involuntary intoxicated during his guilty plea trial. This is not the issue before this Court in appellant's Petition.

4. Moreover, appellant failed to raise these issues during his guilty plea trial and on appeal to the Army Court of Criminal Appeals. He does not show good cause to raise them before this Honorable Court. *See Murphy v. Judges of the United States Army Court of Military Review*, 34 M.J. 310, 311 (C.M.A. 1992).

5. Regarding Exhibit 18, the Government has reviewed these medical records and fails to discern any relevance to appellant's Petition. None of the reported substances include Accutane. There is no medical report or analysis attached, explaining how such readings and/or substances relate to Accutane or to appellant's Petition. In the absence of such explanation, such technical records are useless to this Court in ruling upon appellant's Petition.

6. As such, the Government objects to appellant's Motion to Attach with respect to Arguments II and III in Exhibit 1, and to Exhibit 18 in its entirety.

2

WHEREFORE, the Government prays that this Honorable Court deny appellant's Motion to Attach Documents with respect to that portion of Exhibit 1 identified as Arguments II and III, and to Exhibit 18 in its entirety.

SUSANA E. WATKINS
Captain, JA
Appellate Government Counsel

PAUL T. CYGNAROWICZ
Major, JA
Branch Chief, Government Appellate
 Division

CERTIFICATE OF SERVICE AND FILING

I certify that I filed the original of the foregoing with this Honorable Court, and served a true copy upon civilian defense appellate counsel by mail, and on military defense appellate counsel by hand delivery, on 20 November 2001.

SUSANA E. WATKINS
Captain, JA
Appellate Government Counsel

3