# Exhibit S

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KURTIS E. ARMANN,

      Petitioner,

v.

WARDEN, FCI McKEAN,

      Respondent.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 04-118(E)

Judge Sean J. McLaughlin
Magistrate Judge Susan Paradise Baxter

## DECLARATION OF EDWARD E. WIGGERS

I, Edward E. Wiggers, make the following declaration under penalty of perjury:

1.    I am an acting branch chief in the Army's Government Appellate Division, supervising the work of three appellate attorneys. Our branch is responsible for writing pleadings on behalf of the government in appeals from courts-martial before both the Army Court of Criminal Appeals (ACCA) and the U.S. Court of Appeals for the Armed Forces (CAAF). I have served as an appellate attorney and acting branch chief for two-and-a-half years.

2.    The ACCA represents the first stage of appellate review in the military justice system for Army courts-martial. The appellants are represented by judge-advocates at no cost to them or by civilian counsel at their own expense at all stages of the process. Should the appellant wish to bring a matter to the Court's attention that his or her defense counsel does not believe presents a colorable, legal claim, the appellant may do so through a submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). *Grostefon* submissions are normally presented first to the ACCA since that Court has factfinding powers under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c). The Government Appellate

Division's standard response to a *Grostefon* submission before the ACCA is to review the submission to determine if it has merit; if so, assigned government appellate counsel will brief the issue the same as an assigned error by defense appellate counsel. If our review determines that the *Grostefon* submission is without merit, a summary response to that effect will be included as a footnote to any pleading filed in the case, and the matter receives no further attention from our office absent an order from the Court requiring a response. The situation changes somewhat when an appellant presents a *Grostefon* submission to the CAAF.

3.      The CAAF is the final stage of appellate review in the military justice system. The CAAF has discretionary review over a service-member's appeal from an adverse decision at a lower Court, such as the ACCA. Under Article 67, UCMJ, 10 U.S.C. § 867, an appellant has sixty days to file a petition for grant of review from the CAAF. The petition is a one-page document that merely announces the appellant is seeking review before the CAAF. Once the CAAF dockets the petition, the appellant must file a supplement to the petition in accordance with the CAAF's rules for practice and procedure. The supplement most often takes the form of a brief raising the issues which the appellant and his or her defense counsel desire for the CAAF to review. Occasionally, however, defense counsel will file supplements that do not raise issues, and either submit the case on its merits to the CAAF or include a *Grostefon* submission from the appellant. Once the appellant files the supplement, whatever form it takes, our office has ten days in which to file a summary response or thirty days in which to file a formal response to the petition and its supplement. The vast majority of cases receive a summary response, either a general assertion that the matter is not worthy of review before the CAAF or a reliance on arguments presented to the ACCA. In the present case, with arguments from appellant's counsel in the supplement to the petition for grant of review and a new *Grostefon* submission not

presented to the ACCA, our policy was to oppose the CAAF's consideration of the new *Grostefon* submission as contained in our summary filing with the CAAF. The effect of our response would be to leave the question raised in the *Grostefon* submissions before the CAAF without response from the government for purposes of determining whether the issue merited review.

4.    The CAAF has several options in disposing of petitions for grants of review. First, the CAAF may summarily deny the petition. This result has the effect of terminating the direct review of the appellant's court-martial, for the appellant cannot petition for a writ of certiorari from such a summary disposition. Second, the CAAF can grant review and summarily dispose of a case. Most often this disposition takes the form of a grant of review and a summary affirmance, the effect being that the CAAF recognizes a colorable issue that it determines to be lacking in merit but worthy of affording the appellant the option of petitioning the Supreme Court of the United States for a writ of certiorari. The CAAF may also grant review and summarily dispose of a case through remand or other corrective action if the Court feels that no further development is necessary. Third, the CAAF may grant review and direct the filing of formal briefs by the parties. In the present case, the CAAF employed the second option, granting review and summarily affirming appellant's case.

5.    When the CAAF does what it did in this case, choosing to grant review and summarily affirm, it indicates that the CAAF has reviewed the issues raised in the supplement to the petition for grant of review and, for one reason or another, concluded that they are without merit based on the record presented to it.

6.    In addition, certain realities of appellate practice in the military system indicate the military courts reviewed appellant's assertions. The service Courts of Criminal Appeals

including the ACCA, have a great responsibility to review all cases that qualify for review under Article 66(c), UCMJ, 10 USC § 866(c).  The U.S. Court of Military Appeals (CMA) [1] has previously described that responsibility:

> This awesome, plenary, *de novo* power of review grants unto the Court of Military Review[2] authority to, indeed, "substitute its judgment" for that of the military judge. It also allows a "substitution of judgment" for that of the court members. In point of fact, Article 66 requires the Court of Military Review to use its judgment to " determine[], on the basis of the whole record" which findings and sentence should be approved.

*United States v. Cole,* 31 M.J. 270, 272 (C.M.A. 1990).  The CMA further described the language of Article 66(c) itself:  "A clearer *carte blanche* to do justice would be difficult to express."  *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991).  The Courts all take their responsibilities in light of the nature of appellate review in the military very seriously.  For example, under *United States v. Bright*, 60 M.J. 936, 938 (Army Ct. Crim. App. 2005), an appellant cannot withdraw an issue without withdrawing his entire appeal because of the ACCA's obligation to review the entire record of every case properly before it.  The record includes affidavits attached as appellate exhibits at the ACCA level.  *Id.* at 939.  "[T]his system of review seems to make 'clear that Congress wished to assure that a court-martial produce an accurate result and not merely one that an accused is willing to accept.'"  *Id.* at 938 (quoting *United States v. Hernandez*, 33 M.J. 145, 149 (C.M.A. 1991)).  The CAAF is responsible for overseeing the military justice system, and when an appellant raises a matter calling the accuracy of the result of his court-martial into question, the CAAF will address the issue to protect accused soldiers from abuses in the system.  *See United States v. Tardif*, 57 M.J. 219, 223-24

---

[1] The CMA is the predecessor Court to the CAAF; the name of the Court changed in 1994.
[2] The Court of Military Review is the predecessor Court to the service Courts of Criminal Appeals.

(C.A.A.F. 2002) (discussing the CCAs' broad power to protect accused soldiers and duty to do justice).

7.     When the CAAF determines that further development of the record is necessary for fair disposition of the case, its practice is to remand to the ACCA for further factfinding or the ordering of an evidentiary hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967). Such a process is not necessary, however, in every case where an appellant makes factual assertions after the completion of review by the ACCA due to the nature of the ACCA's responsibilities under Article 66(c). In situations like the present case, where the CAAF grants review of a case and summarily affirms it, the Court would not do so without having first concluded, at least implicitly, that the factual record presented to it is sufficient for it to address the issue. The CAAF scrupulously monitors the records it receives for possible factual issues and remands to the ACCA when it feels it is necessary. *See United States v. Hammond* 60 M.J. 457 (C.A.A.F. 2005) (summary disposition) (remanding to the ACCA for further proceedings to determine if the appellant suffered illegal, post-trial confinement if he did not receive credit for pretrial confinement that the ACCA had previously awarded).

8.     The CAAF would have determined whether remand to ACCA was necessary in this case by applying the test it created to address factual assertions raised at the appellate level. In *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997), the CAAF established a test for determining whether a post-trial, factfinding hearing was necessary.

> First, the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.
>
> Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.

Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

The Court also identified an additional factor pertinent in ineffective assistance of counsel cases.

If the CAAF cannot reach a conclusion under these factors, its routine practice is to remand the case to the ACCA with an order to conduct further factfinding as necessary to resolve whatever issue the CAAF has identified as meriting review. If the CAAF summarily disposes of a case, it is indicative of the Court's conclusion that the facts are sufficient for it to resolve the case; any ambiguity in or uncertainty about the facts would be a basis for further factfinding by the ACCA or a court-martial pursuant to *DuBay*.

I declare that the foregoing is true and correct to the best of my knowledge and belief and is given under penalty of perjury pursuant to 28 U.S.C. ' 1746.

Executed this 23rd day of March, 2006

Edward E. Wiggers
Captain, Judge Advocate
  General's Corps
US Army Legal Svs Agency
Government Appellate Div
901 North Stuart Street
Suite 300
Arlington, VA 22203
(703) 588-1908