IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN, | ) |
| | ) Civil Action No. 04-118(E) |
| Petitioner, | ) |
| | ) |
| v. | ) Judge Sean J. McLaughlin |
| | ) Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) |
| | ) |
| Respondent. | ) Filed electronically |

## MOTION TO STAY EVIDENTIARY HEARING PENDING DISPOSITION OF RESPONDENT'S APPEAL OF MAGISTRATE JUDGE'S ORDER

AND NOW, comes Respondent, Helen J. Marberry,[1] Warden, FCI McKean ("Respondent"), by her attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully requests the Court to stay the Evidentiary Hearing set by Magistrate Judge Baxter's Order of September 15, 2006, pending resolution of Respondent's Appeal of that Order. As grounds for this Motion, Respondent states the following:

1.  On December 29, 2005, Petitioner Kurtis Armann ("Petitioner) moved this Court to grant an evidentiary hearing on the issue of his competency to stand trial at a military court-martial which occurred over seven (7) years ago in March, 1999. In support of his Motion, Petitioner submitted over 400 pages of documentation, including Petitioner's medical records from 1998 and 1999, a declaration by an Army staff sergeant who supervised Petitioner in 1999, and a sixteen (16)-

---

[1] Helen J. Marberry has replaced James Sherman as Warden of FCI McKean, and pursuant to Fed.R.Civ.P. 25(d)(1), is automatically substituted for Mr. Sherman as Respondent in this matter.

page expert report by a toxicologist who claims to have reviewed Petitioner's historical medical records and who will purportedly opine on the effect that Petitioner's prescription medications had upon Petitioner and his ability to stand trial at his court-martial in 1999.

2.     On March 14, 2006, Magistrate Judge Baxter granted Petitioner's Motion for Evidentiary Hearing, and scheduled the hearing on the matter of Petitioner's competency for May 4, 2006, at 10:00 a.m.

3.     On March 28, 2006, Respondent filed and served a Notice of Appeal of the Magistrate Judge's Order granting Petitioner's Motion for Evidentiary Hearing.

4.     As part of Respondent's appeal, the District Court requested that the parties supplement the record with certain additional documents which were submitted to the Court of Appeals for the Armed Forces.

5.     On July 10, 2006, the District Court issued an Order stating as follows: "In light of this additional evidence, and based upon the parties' representations that the record is now fully complete. . . we are of the opinion that the matter should be remanded to the Magistrate Judge for reconsideration of her order granting an evidentiary hearing following her review of this additional evidence in the first instance." July 10, 2006 Order.

6.     On September 15, 2006, Magistrate Baxter issued an Order scheduling an evidentiary hearing to take place in this matter on October 17, 2006.

7.     On September 28, 2006, Respondent filed and served a Notice of Appeal of the Magistrate Judge's September 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing.

8.     Respondent respectfully requests that the Court issue an order staying the evidentiary hearing on Petitioner's competency pending disposition by this Court of Respondent's Appeal.

Preparation for an evidentiary hearing would involve extensive review and analysis by both Respondent's counsel and expert of all of Petitioner's supporting documentation, including Petitioner's medical records and Petitioner's expert's report. Should this Court ultimately grant the relief requested by Respondent in his Notice of Appeal and deny Petitioner's Motion for Evidentiary Hearing, a stay at this point in time will prevent Respondent from unnecessarily incurring expenses for hearing preparation.

9. Moreover, Respondent respectfully requests that, in the event the Court denies Respondent's appeal and remands to the Magistrate to consider an evidentiary hearing, that prior to the hearing, the court hold a telephone status conference to discuss the scope of the hearing. Furthermore, Respondent requests that, prior to the hearing, the Court grant the parties a sixty (60) day discovery period, to permit Respondent to obtain any necessary medical or expert information.

10. Respondent further respectfully requests that any hearing not take place until at least thirty (30) days following the close of the discovery period.

11. WHEREFORE, Respondent respectfully requests that the Court grant this Motion, and stay the evidentiary hearing presently scheduled for October 17, 2006, pending disposition by this Court of Respondent's appeal of Magistrate Judge Baxter's Order of September 15, 2006. Respondent further requests that, should its appeal be denied, the parties be permitted a sixty (60) day discovery period, with the hearing to take place no earlier than thirty (30) days following the close of the discovery period. Moreover, Respondent respectfully requests that, should its appeal be denied, the court hold a telephone status conference to discuss the scope of the hearing.

A proposed Order is attached.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


  s/  Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
Western District of PA
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

Counsel for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Motion to Stay Evidentiary Hearing Pending Disposition of Appeal of Magistrate Judge's Order,* by mail or electronic filing, upon the following:

Thomas W. Patton
Federal Public Defender's Office
1001 State Street
1111 Renaissance Centre
Erie, PA   16501

    s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date:    September 29, 2006