IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURTIS E. ARMANN, | ) | |
|     Petitioner | ) | C.A. No. 04-118 Erie |
| | ) | |
| v. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| WARDEN - FCI-McKEAN, | ) | |
|     Respondent | ) | |

## MAGISTRATE JUDGE'S OPINION

On March 14, 2006, this Court issued an Order granting Petitioner's motion for an evidentiary hearing. [Document # 44]. Respondent appealed the Order to District Judge Sean J. McLaughlin, who held a telephonic status conference on June 2, 2006, and ordered the parties to supplement the record in this case with various documents that were filed during the military court proceedings. After the record was supplemented as ordered, District Judge McLaughlin issued a Memorandum Opinion and Order denying Respondent's appeal and remanding the matter to this Court for further proceedings. [Document # 64]. Upon receipt of District Judge McLaughlin's Order, the undersigned mistakenly interpreted the Order as a directive to re-schedule an evidentiary hearing in this case. Accordingly, the undersigned issued an Order on September 15, 2006, re-scheduling the evidentiary hearing for October 17, 2006. Nonetheless, after reviewing the entire record of Petitioner's military trial and appellate proceedings, this Court maintains its decision to hold an evidentiary hearing is appropriate for the following reasons.

In the seminal case of Burns v. Wilson, 346 U.S. 137 (1957), the United States Supreme Court held that "when a military decision has dealt fully and fairly with an allegation raised in [a habeas petition], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." 346 U.S. at 142, citing Whelchel v. McDonald, 340 U.S. 122 (1950). Thus, "[i]t is the limited function of the civil courts to determine whether the military have given fair

consideration" to each claim raised in the petition. Id. at 144.

Although the Third Circuit has struggled with applying Burns' full and fair consideration test, it has conclusively determined that "a court's inquiry in a military habeas case may not go further than its inquiry in a state habeas case." Brosius v. Warden, U.S. Penitentiary, Lewisburg, PA, 278 F.3d 239, 245 (3d Cir. 2002), citing Burns, 346 U.S. at 142. The Third Circuit has assumed, for the sake of argument, that 28 U.S.C. § 2254(d) applies, and that habeas relief may not be granted unless the military court's determination on the merits of the claim resulted in a decision that was either (i) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (ii) based on an unreasonable determination of the facts in light of the evidence presented. Brosius, 278 F.3d at 245; Fell v. Zenk, 139 Fed. Appx. 391, 393 (3d Cir. 2005). See also Williams v. Taylor, 529 U.S. 362 (2000).

Section 2254(d)(1) explicitly limits the deferential review to only those claims that were "adjudicated on the merits in state court proceedings." 28 U.S.C. § 2254(d)(1). "It follows that when, although properly preserved by the defendant, the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA and explained in Williams do not apply." Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001). In such cases, the court should exercise "pre-AEDPA independent judgment" on those claims. Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000)("[U]nder the AEDPA the limitation on the granting of an application for a writ of habeas corpus is only 'with respect to any claim that was adjudicated on the merits in state court proceedings.' Hence we exercise pre-AEDPA independent judgment ....").

In this case, Petitioner is requesting that this Court hold an evidentiary hearing with regard to his habeas claim that he was not competent at his plea and sentencing hearing before the military court due to the medication regimen he was taking at the time. In particular, Petitioner claims that the amount of medication he took on the date of the plea and sentencing

hearings severely impaired his ability to understand the nature of the proceedings and to assist his attorneys in his defense. Petitioner first raised this issue in his appeal to the United States Court of Appeals for the Armed Forces ("CAAF"), by attaching his medication logs as an appendix to his Supplement to Petition for Grant of Review that was filed with the CAAF. (Document # 37 at p. 3).[1] Nevertheless, Petitioner argues that the CAAF failed to address the competency issue in its order affirming the decision of the ACCA. (Document # 37 at p. 9 and Exhibit Q).

      Petitioner contends that the CAAF's failure to develop a factual record on appeal, and its failure "to make any finding whatsoever" regarding his competency in its summary affirmation of the ACCA's decision, evidences its failure to fully and fairly consider the competency issue that is now presented to this Court in his habeas petition. In response, Respondent cites the case of Watson v. McCotter, 782 F.2d 143, 144-45 (10th Cir. 1986) in support of its argument that summary denials of claims can constitute full and fair consideration; however, Watson specifically holds that "[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." Id. at 145 (citation omitted). Here, although Petitioner raised the competency issue for the first time before the CAAF, the government merely relied upon its brief that was filed with the ACCA to oppose the appeal. Thus, the competency issue was not fully briefed or argued before the CAAF. Moreover, the CAAF's order affirming the ACCA's decision did not, in any way, acknowledge the competency issue.

      Respondent argues further that the CAAF's grant of Petitioner's Petition for Review necessarily implies that the CAAF reviewed and considered the full record, including the

---

[1] An appeal to the CAAF is the second level of direct military appeals after an initial appeal to the United States Army Court of Criminal Appeals ("ACCA"). Petitioner acknowledges that he did not raise the competency issue before the ACCA. (Document # 37 at p. 19).

competency issue, before rendering its decision. Given the constitutional implications raised by Petitioner's competency argument, however, this Court is unwilling to imply that the competency issue was given full and fair consideration by the CAAF, without more concrete evidence of record to support such an implication. This Constitutional issue is not one that rests in the expertise of the military courts, but, rather, raises an issue particularly suited for review by a federal court sitting in habeas.

Since the military record is devoid of any factual findings regarding Petitioner's competency claim arising from his medication regimen, this Court is called to exercise its pre-AEDPA independent judgment to determine whether Petitioner is entitled to habeas relief under 28 U.S.C. § 2544(d). To do so, this Court believes that an evidentiary hearing is necessary and appropriate to further develop the factual record in this case. See Brown v. Johnson, 224 F.3d 461, 465 (5th Cir. 2000), quoting Young v. Herring, 938 F.2d 543, 559 (5th Cir. 1991)("Where no findings of fact have been made by the state courts with respect to a particular habeas claim, however, a federal habeas petitioner is entitled to some form of federal evidentiary hearing so long as his 'allegations, if proved, would establish the right to habeas relief.'").

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Date: October 6, 2006