IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN ) | |
| ) | |
| Petitioner ) | |
| v. ) | C.A. No. 04-118 Erie |
| ) | |
| WARDEN, FCI-MCKEAN, ) | |
| ) | |
| Respondent. ) | |

PETITIONER'S RESPONSE TO RESPONDENT'S NOTICE OF APPEAL
OF MAGISTRATE JUDGE'S SEPT. 15, 2006 ORDER GRANTING PETITIONER'S
MOTION FOR EVIDENTIARY HEARING

AND NOW, comes the petitioner, Kurtis E. Armann, by his attorney, Assistant Federal Public Defender Thomas W. Patton, and files this Response to Respondent's Notice of Appeal of Magistrate Judge's Sept. 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing. In support thereof counsel states:

The Court Should Not Entertain the Government's Appeal

More than seven months have passed since Judge Baxter granted Mr. Armann's Motion for Evidentiary Hearing, and nothing substantive has happened in this case since that time. Rather, the case has remained in limbo while Mr. Armann remains incarcerated, and the government tries to use the delay to its tactical advantage by complaining that Mr. Armann's competency at the time of his plea and sentencing can not possibly be evaluated now because so much time has passed. The course of this case's litigation over the past seven months highlights why there is not a right to an interlocutory appeal when a dispositive matter is referred to a Magistrate Judge by a District Court.

It is beyond question that this Court could only have referred Mr. Armann's habeas petition to Judge Baxter pursuant to § 636(b)(1)(B). The docket sheet for this case shows the first action in the case as "CASE REFERRED to Magistrate Judge Susan P. Baxter (mad) (Entered: 4/22/2004)." Notice that the entire case was referred to Judge Baxter. That can only be done pursuant to § 636(b)(1)(B) which specifies that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of prisoner petitions challenging conditions of confinement." Thus, unlike the subpoena enforcement proceeding at issue in N.L.R.B. v. Frazier, 966 F.2d 812 (3rd Cir. 1992), which was not specifically addressed in the text of § 636(b)(1), the text of § 636(b)(1) dictates that the referral of Mr. Armann's habeas petition to Judge Baxter could only have been made pursuant to § 636(b)(1)(B). And, § 636(b)(1)(B) makes clear that Judge Baxter may conduct an evidentiary hearing to obtain the facts she feels she needs to make her proposed findings of fact and recommendation as to the disposition of the case. Neither party may file objections to this Court until after Judge Baxter has made her proposed findings of fact and recommendation for the disposition of the case.

The government wants this Court to engage in the fiction that the Court did not refer the entire case to Judge Baxter **for a report and recommendation as to whether the habeas petition should be granted or denied**, but rather only referred the motion for an evidentiary hearing for a report and recommendation as to whether the motion should be granted or denied. But that is not what happened. This Court referred Mr. Armann's entire petition to Judge Baxter on April 22, 2004. The motion for an evidentiary hearing wasn't filed until December 29, 2005. During the entire intervening time the case was handled by Judge Baxter. What the government

is really saying is that they don't like the way Judge Baxter is handling the case and they want it before this Court despite the fact that this Court referred the case to Judge Baxter.

Consider, by analogy, a civil case in which this Court refers a motion to dismiss alleging that the complaint is barred by the statute of limitations to Judge Baxter for a report and recommendation. Because a motion to dismiss is a dispositive motion, the referral would have to be pursuant to § 636(b)(1)(B). If Judge Baxter decided that she needed to have an evidentiary hearing to assist in developing the record, something § 636(b)(1)(B) specifically authorizes her to do, the defendant in the civil case would not be allowed to appeal Judge Baxter's decision to hold an evidentiary hearing by claiming that having the hearing, in and of itself, disposes of the case. It is the recommendation as to whether to grant or deny the motion to dismiss that is at issue and which can be objected to, not the decision to hold a hearing. The same is true of a habeas petition referred to the magistrate for a report and recommendation. Judge Baxter's decision to hold an evidentiary hearing in this case does not dispose of the case. Judge Baxter has neither recommended that the petition by denied or granted. She is simply trying to gather the facts she believes are necessary to make the recommendation this Court sought when it referred the case to her.

If Judge Baxter ultimately recommends that Mr. Armann's petition be granted, the government can object to that recommendation and this Court will then review Judge Baxter's recommendation *de novo*. But until that time, the government needs to accept the fact that this Court **did** refer this case to Judge Baxter for a report and recommendation as to the disposal of **the habeas petition**. Allowing the government to appeal Judge Baxter's decision to hold an evidentiary hearing allows the government to dictate whether or not a case will remain referred to

the magistrate for a report and recommendation or if the case will be handled by the district court. That is this Court's job, and it has already referred the case to Judge Baxter.

If the Court ultimately determines that it will review Judge Baxter's ruling on Mr. Armann's motion for an evidentiary hearing, that review will be limited to deciding whether Judge Baxter's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The government claims that it is unclear whether this Court's referral of Mr. Armann's case to Judge Baxter was pursuant to 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B) and then argues that Mr. Armann's motion for an evidentiary hearing is the equivalent of a dispositive motion and therefore, under the standard of review set forth in § 636(b)(1)(B), this Court must review Judge Baxter's order *de novo*. This argument is based on fiction.

It is not unclear whether this Court referred Mr. Armann's habeas petition to Judge Baxter under § 636(b)(1)(A) or § 636(b)(1)(B). As discussed above, a habeas petition can only be referred for a report and recommendation under § 636(b)(1)(B). Since Judge Baxter has not yet filed a report and recommendation as to whether Mr. Armann's habeas petition should be granted or denied, this Court has nothing yet to review *de novo*. Judge Baxter issued two **orders** setting an evidentiary hearing before herself (Docket entries 44, 71) not two reports and recommendations recommending to this Court that it hold an evidentiary hearing. These orders did nothing more than exercise Judge Baxter's authority under §636(b)(1)(B) to hold evidentiary hearings to gather the facts necessary to make her report and recommendation. If the Court is going to consider the government's appeal, which it should not, then it must acknowledge that Judge Baxter's orders setting an evidentiary hearing are nothing more than rulings on non-dispositive matters that must be dealt with on the way to her entry of her report and

recommendation on Mr. Armann's habeas petition. As such, this Court may only overturn the orders if they are clearly erroneous or contrary to law.

The government wants the Court to act like it has really not referred Mr. Armann's case to Judge Baxter for a report and recommendation as to whether the petition should be granted or denied but rather has, unbeknownst to itself, kept the petition before it, and then referred Mr. Armann's motion for an evidentiary hearing to Judge Baxter for a report and recommendation as to whether the motion should be granted. But that is a fiction. This Court referred Mr. Armann's habeas petition to Judge Baxter for a report and recommendation on the habeas petition, not for a report and recommendation on Mr. Armann's motion for an evidentiary hearing. Judge Baxter is allowed to hold an evidentiary hearing if she feels one is necessary to enable her to have sufficient facts to make her report and recommendation. Judge Baxter's orders allowing Mr. Armann's motion for an evidentiary hearing are orders disposing of a non-dispositive motion, not reports and recommendations as to how this Court ought to dispose of a dispositive motion, and must be reviewed for clear error.

The CAAF Did Not Consider Mr. Armann's Competency Issue
When It Ruled On The Petition For New Trial

The motion for new trial filed by Mr. Armann's civilian counsel raised the issue: "Whether or not good cause exists to order a new trial where a defense of Accutane induced psychosis was not presented at trial because the psychotic effects of Accutane were not known." (Docket entry 60) The motion for new trial focused exclusively on whether Mr. Armann suffered from Accutane-induced psychosis at the time of the offense and whether Mr. Armann's use of Accutane caused him to be incompetent at the time of his plea and sentencing. Specifically with

regard to the competency issue, the motion argued that: "Petitioner's competency to stand trial may also be in question, since it is also not apparent what synergistic effect Accutane induced psychosis would have when combined with the heavy dosing of the accused was being prescribed at the time of trial.  Exhibit 10, Tabs A-M."  (Docket entry 60 p. 10)[1]

Defense counsel filed a motion to attach documents to the motion for new trial contemporaneously with the motion for new trial. (Docket entry 60 p. 2) The government opposed the motion to attach documents.  (Docket entry 57 Part 3) The government agreed that the portion of Exhibit 1, which was entitled "Statement and Verification Signed by Kurtis E. Armann (November 8, 2001), that dealt with Mr. Armann's use of the drug Accutane should be considered by the CAAF as that portion of the statement was relevant to the motion for new trial. Id.  The government argued, however, that portions "II" and "III" of the statement should not be considered.  The government explained that "[i]n Argument II, "Substance induced psychosis," and Argument III, "Involuntary Intoxication," appellant generally argues that the types, amounts, and combination of medications that he was made to take while incarcerated resulted in him being involuntary [sic] intoxicated during his guilty plea trial.  This is not the issue before this Court in appellant's Petition."  Id. The government's filing also noted that Mr. Armann had asked that his statement and verification be considered in support of the issues he raised in the petition for new trial pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), those issues being the substance induced psychosis and involuntary intoxication issues raised in the statement.  The government stated that it had "reviewed appellant's Grostefon claim and submits that it lacks merit."  The CAAF ultimately granted the motion to attach documents as to Exhibit

---

[1] The page citation is to the page numbers assigned by the electronic filing system.

1, the Statement and Verification, but denied it as to the rest of the exhibits.  One of the exhibits the CAAF refused to consider, Exhibit 10, consisted of the Medication Logs from the Mannheim Confinement Center which form the basis of Mr. Armann's federal habeas petition.

In the government's brief in response to the petition for new trial, its competency argument focused solely on whether the use of Accutane caused Mr. Armann to not be competent at the time of his plea and sentencing.  (Docket entry 58, p. 10)  Specifically, the government argued that "[t]he potential adverse affects [sic] of Accutane do not call into question appellant's competency or lack of mental responsibility."  Id.  The brief lists the side effects of Accutane which included depression, insomnia, lethargy, loss of interest in school or work, fatigue, anorexia, irritability, and thoughts and acts of suicide and argued that "[n]one of these factors have anything to do with appellant's competency or lack of mental responsibility."  Id.

The government did not address Mr. Armann's claim that the type and amounts of prescription medication he was ingesting, as documented by the Medication Logs from the Manneim Confinement Facility, caused him to not be competent beyond saying that it believed the argument had no merit and therefore it would not respond to it.  Id. at 8 n.2.  Indeed, the motion to attach documents sought to attach the Medication Logs which were vital to Mr. Armann's claim that the medication documented in the Logs caused him to be incompetent but the CAAF denied the motion to attach the Medication Logs.  Accordingly, with respect to the motion for new trial, Mr. Armann's claim that he was not competent due to the medications being given to him by the Army was not considered as the evidence to support that claim was excluded by the CAAF and the government never responded to the argument.

The CAAF Did Not Give Full and Fair Consider to Mr. Armann's
Competency Claim When Ruling on the Petition for Review

Mr. Armann argued to the CAAF in the supplement to his petition for review that he was not competent at the time of his plea and sentencing due to the massive amounts of medication he ingested on the day of his plea and sentencing. The issue was raised by Mr. Armann himself, not by his appellate counsel, pursuant to <u>United States v. Grostefon</u>, 12 M.J. 431 (C.M.A. 1982), which allows servicemen to personally raise issues that their counsel will not. To support that claim Mr. Armann submitted Medication Logs from the Mannheim Confinement Facility documenting the massive amounts of medication ingested by Mr. Armann on the day of his plea and sentencing and excerpts from medical publications detailing the impact the various drugs have on the human body. Motion for Evidentiary Hearing (Docket entry 37) Exhibit D. The government agrees that Mr. Armann raised this issue in his petition for review.

Mr. Armann's appellate attorneys raised three issues in the supplement to the petition for review:

I:      THE FINDINGS OF GUILTY AGAINST APPELLANT FOR VIOLATION OF A LAWFUL GENERAL REGULATION (THE SPECIFICATION OF CHARGE III) MUST BE SET ASIDE AS THE EXISTENCE OF THE TWO REGULATIONS UNDERLYING THE ARTICLE 92, UCMJ CHARGE WERE NEVER JUDICIALLY NOTICED OR OTHERWISE ACCEPTED AS EVIDENCE IN THE RECORD DURING THE COURT-MARTIAL PROCEEDINGS.

II:     THE TRIAL JUDGE IMPROPERLY ATTACHED A SEVEN-PAGE EXHIBIT AS APPELLATE EXHIBIT XVI AFTER TERMINATION OF THE COURT-MARTIAL PROCEEDINGS WHERE THE SEVEN-PAGE DOCUMENT WAS NOT ACCEPTED AS AN APPELLATE EXHIBIT DURING THE COURT-MARTIAL AND A SEPARATE DOCUMENT HAD PREVIOUSLY BEEN IDENTIFIED AND ATTACHED TO THE RECORD AS APPELLATE EXHIBIT XVI

    III.    APPELLANT'S APPROVED SENTENCE TO 35 YEARS CONFINEMENT IS SUBSTANTIALLY DISPROPORTIONATE UNDER THE CIRCUMSTANCES WHEN EVIDENCE PRESENTED TO THE MILITARY JUDGE THAT APPELLANT UNDERWENT A PERSONAL HISTORY RIDDLED WITH SUBSTANTIAL MENTAL AND PHYSICAL ABUSE; MANIFESTED A MALADAPTIVE PERSONALITY DISORDER AT THE TIME OF THE ATTEMPTED MURDER; STALLED FOR MURDER AFTER BEING RIDICULED BY FRIENDS AND LIKELY TRANSFERRED HIS PENT-UP RAGE FROM HIS PERSONAL HISTORY OF ABUSE TO THE VICTIM OF THE ATTEMPTED MURDER WHO HE THOUGHT WAS ABANDONING HER CHILDREN AS HIS PARENTS DID HIM.

Gov. Notice of Appeal of Mag. Judge's Sept. 15, 2006 Order, Exhibit K. These three issues mirrored the issues raised by Mr. Armann's counsel before the Army Court of Criminal Appeals (ACCA). Id. Exhibit F.

    The government chose not to file a brief in response to Mr. Armann's supplement to his petition for review. Rather, the government sent a one page letter to the CAAF stating that it would not be filing a formal reply to the supplement to the petition for review and would rely upon its brief filed with the ACCA which was attached to the letter. Id. Exhibit L. The government's brief filed with the ACCA dealt only with the three issues raised by defense counsel. Defendant's Exhibit A.[2] That addressed the issues raised by counsel in the supplement to the petition for review.

    With regard to the competency issue raised by Mr. Armann in Appendix B to the supplement to the petition for review, the government did not respond in any way to the merits of

---

    [2]The government's brief also refers to issues Mr. Armann raised personally under Grostefon, before the ACCA, claiming that they were without merit. Defendant's Exhibit A, p. 4 n.2. Mr. Armann's Grostefon filing in the ACCA did not raise the competency issue. Gov.'s Notice of Appeal of Sept. 15, 2006 Order, Exhibit G. The appendices attached to the government's brief are mis-labeled, however, that is the way the brief was submitted to the ACCA.

the claim. Rather, the government argued that the CAAF should not consider the competency issue at all because it was being raised for the first time before the CAAF. In support of its position the government cited Murphy v. Judges of the United State Army Court of Military Review, 34 M.J. 310, 311 (C.M.A. 1992), which states in relevant part: "Ordinarily, all appellate or collateral attacks on court-martial convictions should be resolved in the first instance by the Court of Military Review." Thus, the government never addressed or briefed the merits of Mr. Armann's competency claim.

The CAAF's order granting the petition for review merely states: "That the decision of the United States Army Court of Criminal Appeals is affirmed." Gov.'s Notice of Appeal of Sept. 15, 2006 Order Exhibit R. But the Army Court of Criminal Appeals did not consider Mr. Armann's competency claim as that claim, and the Medication Logs that supported the claim, were never before the ACCA. Accordingly, the CAAF's affirmance of the ACCA's decision says nothing about whether it considered Mr. Armann's competency issue. Applying the CAAF's own case law to itself reveals that it did not actually consider Mr. Armann's competency issue.

In United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), the CAAF, then called the Court of Military Appeals, established the procedure by which servicemen could personally raise appellate issues before it and the Courts of Military Review. Under Grostefon, appellate counsel must direct the reviewing court's attention to issues the defendant insist be raised even if appellate counsel does not believe the issues have merit, and "the Court of Military Review will, at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them." Id. at 436.

> If the Court of Military Review decides that the issues have no merit, appellate defense counsel will so notify the accused and make his recommendations as to whether the accused should petition for further review to this Court and of his recommendations as to submission of the same issues. Unless the accused consents to withdrawal or abandonment of the issue before this Court, appellate defense counsel will, in the petition for review, identify the issues.

Id. at 437-37.

The CAAF's requirement that the Courts of Military Review, at a minimum, acknowledge that it considered the issues raised by an accused pursuant to Grostefon and its disposition of them ensures that as a reviewing court it has the information necessary to determine if the Courts of Military Review actually considered the Grostefon issues. Without such a statement, the CAAF would be left guessing as to whether or not the Courts of Military Review had in fact considered the accused's Grostefon issues or whether those issues got lost in the shuffle. The CAAF's rules make good sense. Since Grostefon issues are not briefed by defense counsel, and as this case shows not by the government, a ruling by the Courts of Military Review on the issues raised in the counseled briefs will not address the accused's Grostefon issues. If the Courts of Military Review do not mention the Grostefon issues at all, there is no way to be sure that those issues were actually considered.

When Mr. Armann's case was before the ACCA, its order upholding his convictions specifically stated that: "On consideration of the entire record, **including consideration of the issues personally specified by the appellant**, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact." Gov.'s Notice of Appeal of Sept. 15, 2006, order Exhibit K, appendix A.[3] The CAAF did not follow its own rules when it issued

---

[3] As previously discussed, Mr. Armann's competency issue was not presented to the ACCA. Accordingly, the ACCA's consideration of the issues raised by Mr. Armann pursuant to

11

its order denying Mr. Armann's petition for review. The CAAF's order does not acknowledge that it considered the issues raised by Mr. Armann pursuant to Grostefon or acknowledge its disposition of those issues.

The CAAF is not the last level of review of military court-martials. The CAAF's rulings may be reviewed directly by the United States Supreme Court, 28 U.S.C. § 1259, and collaterally by the federal courts. 28 U.S.C. § 2241. It is neither unreasonable, nor unfair to apply the CAAF's rules to itself. As a reviewing court the CAAF has acknowledged that it can not determine if a lower court actually considered issues raised personally by the accused pursuant to Grostefon unless the lower court specifically acknowledge the issues raised by the accused and its disposition of those issues. That is sound reasoning and this Court ought to apply it here. There is no way this Court can determine if the CAAF actually considered Mr. Armann's competency issue. Accordingly, this Court cannot find that the CAAF gave Mr. Armann's competency issue full and fair consideration.

The government's argument amounts to a claim that if an issue is raised with the military courts it must be assumed that the military courts gave the claim full and fair consideration even if the issues was not fully briefed by the parties and the military court never acknowledges the issue let alone rule on it. That is not the law. For a civil habeas court to reach the full and fair consideration issue, the claim that forms the basis of the serviceman's federal habeas petition must have been raised in the military courts. If the claim was not raised, it is waived unless the serviceman can show cause and prejudice for not raising the issue in the military courts. Roberts v. Callahan, 321 F.3d 994, 997 (10th Cir. 2003). Once the habeas court determines that the issues

---

Grostefon did not include the consideration of the competency issue before this Court.

raised in the federal habeas petition were raised in the military courts, the civil habeas court must determine whether the military courts fully and fairly considered the issue. If it did not, the federal civil court may address the issue *de novo*. <u>Burns v. Wilson</u>, 346 U.S. 137, 142 (1957). So, it can not be assumed that if the issue was raised before the military courts the military courts gave the issue full and fair consideration. That is the issue this Court must decide. Since the competency issue was never fully briefed before the CAAF and the CAAF never actually ruled on the issue, even summarily, the competency issue did not receive full and fair consideration and this Court must address the issue *de novo*.

Whether this Court follows Third Circuit precedent and applies the AEDPA standards set forth in 28 U.S.C. § 2254 to determine if Mr. Armann's claim received full and fair consideration or applies the four-part test established by the Fifth and Tenth Circuit to determine if Mr. Armann's claim received full and fair consideration, the result is the same: Mr. Armann's competency claim did not receive full and fair consideration by the CAAF and therefore must be reviewed *do novo*.

Judge Baxter's October 6, 2006, Order (Docket entry 71) finding that an evidentiary hearing is required in this case concisely sets forth the Third Circuit's application of 28 U.S.C. § 2254's deferential standards to habeas review of military court-martials. Given § 2254's deferential standard of review, both with respect to factual findings and rulings of law, it is a good fit for determining whether the military courts gave full and fair consideration to issues raised in a civil habeas challenge to a military conviction. In fact, the CAAF has determined that when it sits as a habeas court reviewing military convictions pursuant to the All Writs Act it will apply § 2254. <u>Loving v. United States</u>, 64 M.J. 132, 2006 WL 2845702 p. 11 (CAAF September

29, 2006).[4]

The CAAF is empowered to issue writs of habeas corpus pursuant to the All Writs Act, 28 U.S.C. § 1651(a) which authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions." Id. at 4. In Loving the CAAF had to determine what standard of review it would use when acting as a reviewing habeas court. Citing approvingly to the Third Circuit's decision in Brosius v. Warden, U.S. Penitentiary, Lewisburg PA, 278 F.3d 239, (3rd Cir. 2002) to apply the standards of AEDPA to court-martial cases, but also recognizing that civil habeas courts must apply a standard that meets Burn's full and fair consideration requirement and it had to determine what standard best met the "necessary and appropriate" requirements of the All Writs Act, the CAAF held that it would use the standards set forth in § 2254 to determine if a writ of habeas corpus was necessary and appropriate. Loving, at 11. The CAAF noted that under AEDPA factual findings are presumed to be correct and that the military court's previous constitutional rulings would only be reversed if they were contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States or were based on an unreasonable determination of facts in light of the evidence presented. In support of its ruling the CAAF noted that "[t]hese provisions best serve to protect the liberty and interest of individual servicemembers and **to bolster deference to military legal determinations**. Id. at 12 (emphasis added).

The CAAF went on to find that it did not have a sufficient factual basis before it to rule on the petitioner's ineffective assistance of counsel claim. Id. Because the lack of a factual

---

[4] Page citations are to the page of the Westlaw version of the opinion. Page references to M.J. are not yet available.

record was not the fault of the petitioner, the CAAF, relying upon 28 U.S.C. § 2254(e)(2), ordered an evidentiary hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 149, 37 C.M.R. 411 (1976). Id. at 16. Oddly enough, this is the exact legal analysis put forth by Mr. Armann in his motion for evidentiary hearing. Motion for Evidentiary Hearing pp. 10-16.

If the Court applies the four-part test developed by the Fifth and Tenth Circuits to determine if Mr. Armann's competency issue received full and fair consideration by the CAAF the government still loses. The Tenth Circuit has adopted a four-part test originally put forth by the Fifth Circuit in Caley v. Callaway, 519 F.2d 184, 199-203 (5th Cir. 1975), for determining if review of a military conviction on habeas corpus is appropriate. Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir. 1990). The four factors are:

1. The asserted error must be of substantial constitutional dimension.

2. The issue must be one of law rather than of disputed fact already determined by the military tribunals.

3. Military considerations may warrant different treatment of constitutional claims.

4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

Id. (citing Calley, supra) The Tenth Circuit employs these four factors in a balancing test to determine if consideration of a particular claim is appropriate. Id.

Each of the four factors weigh heavily in favor of habeas review. First, the competency issue is of substantial constitutional dimension.

> Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so.

Riggins v. Nevada, 504 U.S. 127, 139-40, 112 S.Ct. 1810, 1817-1818 (1992) (Kennedy, J., concurring).  Second, the military courts have never made any type of factual findings regarding the types and amounts of medication Mr. Armann was under the influence of at the time of his plea and sentencing and how those medications affected his ability to understand the proceedings against him and his ability to assist in his defense.  Third, the government has never put forth any military consideration that called for special rules when determining competency.  The military uses the same competency standards as civilian federal courts.  Accordingly, the military courts could not have brought to bear any specialized military knowledge.  Fourth, the military courts did not give any consideration to the competency issue so it cannot be determined that they applied proper legal standards.

On this last issue the government does much complaining about Mr. Armann's quotation from Watson v. McCotter, 782 F.2d 143, 144-45 that "[w]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposes of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."  Gov. Notice of Appeal from Sept. 15, 2006 order pp. 19-22.  The government argues that Watson didn't really mean what it says, but the Tenth Circuit has refuted the government's arguments.  In Roberts 321 F.3d at 997, the Tenth Circuit stated that "[w]e have held that where an issue is adequately briefed and argued before the military courts the issue has been given fair consideration, even if the military court disposes of the issue summarily.  See Watson, 782 F.2d at 145."  Thus, Roberts makes clear that presenting the issue to the military courts is not sufficient to find that the military court considered the issue and applied proper legal standards.  Watson means what it says, if an issue

has been fully briefed and argued **and ruled upon by the military court, if even summarily**, the fourth part of the Calley test has been satisfied.  But even in that circumstance the court can still find that civil habeas review is warranted if the other three factors weigh in favor of review.  Dodson, 917 F.2d at 1253 (even though issue raised in military court and summarily ruled upon, other Calley factors warranted civilian habeas review).

## Conclusion

No matter which way the Court slices it, the evidentiary hearing must be held.  The government has no business appealing the grant of an evidentiary hearing but even if the Court considers the merits of the appeal its clear that Mr. Armann's competency issue did not receive full and fair consideration by the CAAF.

WHEREFORE, the petitioner, Kurtis E. Armann, respectfully requests that this Honorable Court denied the government's appeal and direct that Judge Baxter conduct an evidentiary hearing on Mr. Armann's habeas petition.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
P.A. I.D. No. 88653