IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURTIS E. ARMANN, | ) | |
| | ) | Civil Action No. 04-118(E) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) | |
| | ) | |
| Respondent. | ) | Filed electronically |

**RESPONDENT'S REPLY IN SUPPORT OF ITS NOTICE OF APPEAL OF
MAGISTRATE JUDGE'S SEPT. 15, 2006 ORDER
GRANTING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

**I. INTRODUCTION**

Throughout this litigation, Respondent's pleadings have established that the military courts gave full and fair consideration to Petitioner's claims, and that, accordingly, Petitioner's attempts to convince this Court to step into the shoes of the military courts and re-adjudicate Petitioner's competency at the time of his 1999 military court-martial are improper.

Following Magistrate Judge Baxter's March 14, 2006 Order setting an evidentiary hearing in this matter on the issue of Petitioner's competency to stand trial, on March 28, 2006, Respondent appealed the Magistrate's March 14, 2006 Order to the District Court. As part of Respondent's March 2006 appeal, the District Court requested that Respondent supplement the record with certain additional documents which had been filed in 2001 with the CAAF in relation to Petitioner's Petition for a New Trial. Respondent duly supplemented the record. By Order dated July 10, 2006, the District Court stated as follows:

> In light of this additional evidence, and based upon the parties' representations that the record is now fully complete, . . . we are of the opinion that the matter should be remanded to the Magistrate Judge for reconsideration of her order

>granting an evidentiary hearing following her review of this additional evidence in the first instance.

Exhibit B to Respondent's Sept. 29, 2006 Notice of Appeal.

By Order dated September 15, 2006, without any analysis, Magistrate Baxter scheduled an evidentiary hearing to take place on October 17, 2006. See Exhibit C to Notice of Appeal. The Order did not set forth the scope or subject matter for the evidentiary hearing, nor did the Order provide any basis for the necessity of the hearing. Exhibit C to Notice of Appeal. The Order further provided the parties with ten days to appeal to the District Court, pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Exhibit C to Notice of Appeal.

On September 29, 2006, Respondent filed its Notice of Appeal of the Magistrate's September 15, 2006 Order scheduling an evidentiary hearing, on the ground that contrary to the Magistrate's determination, Petitioner is not entitled to a hearing in federal civilian court on the issue of his competency to stand trial before a military court. Rather, review of the supplemented record reveals that the military courts provided full and fair consideration to Petitioner's claims, and the Petition should be denied without a hearing.

Although Respondent's September 29, 2006 Notice of Appeal invoked the District Court's jurisdiction in this matter, thereby suspending the Magistrate's ability to take further action in this case pending resolution of the appeal, on October 6, 2006, Magistrate Baxter spontaneously issued a document entitled "Magistrate Judge's Opinion," purporting to provide a post-hoc rationalization for her September 15, 2006 Order scheduling an evidentiary hearing. In her October 6 "Opinion," the Magistrate acknowledged that "[u]pon receipt of District Judge McLaughlin's [July 10, 2006] Order [ordering Magistrate Baxter to reconsider her ruling regarding an evidentiary hearing in light of the supplemented record], [she] mistakenly interpreted the Order as a directive to reschedule an

2

evidentiary hearing in this case. . . [and] issued an Order on September 15, 2006 re-scheduling the evidentiary hearing."  Magistrate Judge's Opinion dated October 6, 2006.  Despite her mistake, however, the Magistrate indicated in her "Opinion" that her decision to hold an evidentiary hearing "is appropriate."

The Magistrate's October 6 "Opinion," however, employs a flawed analysis, and does not set forth an appropriate justification for holding an evidentiary hearing in this matter. Neither Magistrate Baxter's unsolicited "Opinion," nor Petitioner's Response to the Notice of Appeal, can overcome Respondent's demonstration that the military courts gave full and fair consideration to Petitioner's claims, and therefore Petitioner is not entitled to an evidentiary hearing.

## II. JURISDICTION FOR APPEAL AND STANDARD OF REVIEW

As a threshold matter, Petitioner cannot overcome Respondent's comprehensive argument that, under the Federal and Local Rules of Civil Procedure and relevant caselaw, Respondent is fully entitled to **de novo** District Court review of the Magistrate's September 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing.  Because the Magistrate's Order Granting Petitioner's Motion for Evidentiary Hearing is functionally dispositive, the District Court should engage in de novo review rather than apply the clearly erroneous or contrary to law standard.[1]

---

[1] See National Labor Relations Board v. Frazier, 966 F.2d 812, 817 (3d Cir. 1992)(Third Circuit looks beyond literal reading of rules, examines specifics of motion to determine whether functionally dispositive and, therefore, entitled to de novo review).  If a motion referred to a magistrate "involves a determination of the merits of the case, or it does not involve a collateral matter, or it is critical in shaping the nature of the litigation, courts will treat it as dispositive." Kiep v. Turner, 80 B.R. 521, 523 (D. Haw. 1987); Boskoff v. Yano, 217 F.Supp.2d 1077 (D. Haw. 2001); Advanced Microtherm, Inc. v. Norman Wright Mechanical Equipment Corp., No. C 04 02266 JW, 2006 WL 753028 (N.D. Cal. Mar. 23, 2006). Courts have also afforded de novo review to a magistrate's pretrial order which "trenches heavily on an aspect of defendants' claimed defense." In re Airline Ticket Commission Antitrust Litigation, 918 F.Supp. 283 (D. Minn. 1996).

Petitioner's Motion for Evidentiary Hearing has a direct and substantial bearing on the merits of the case, and critically shapes the nature of this habeas corpus litigation. The essence of Petitioner's habeas Petition is a challenge to his competence at the time of his military conviction. The Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is a de facto ruling in favor of Petitioner on the merits of the Petition, because it permits him to revisit the evidence and further develop the record regarding his competency. Simultaneously, the Order denies Respondent the relief it is entitled to under law – non-disturbance of the military court's conviction of Petitioner on the ground that his competence received full and fair consideration in the military courts. In ordering an evidentiary hearing and failing to find, as a matter of law, that the military courts gave full and fair consideration to Petitioner's competence, the Magistrate is determining the essence of this case and critically shaping Respondent's obligations in this litigation. An evidentiary hearing on Petitioner's competence, over seven years after his military conviction, would constitute an extremely burdensome re-litigation of issues that were fully and fairly considered by the military courts, and would eviscerate the deferential standard of review which courts are to apply to habeas challenges to military convictions. Thus, the Magistrate's Order granting Petitioner's Motion for Evidentiary Hearing is functionally dispositive under the relevant legal standards, and is entitled to de novo review by the District Court.

### III.  ARGUMENT

**A.  The Magistrate Judge's determination that an evidentiary hearing is warranted is based upon incorrect assumptions and a flawed analysis.**

This Court should decline to adopt the analysis set forth in the Magistrate's unsolicited October 6, 2006 "Opinion," recommending that Petitioner should receive an evidentiary hearing on the issue of his competency to stand trial in 1999, because it is based upon a flawed analysis and

incorrect premises. In Burns v. Wilson, 346 U.S. 137 (1957), the Supreme Court clarified that in federal habeas review of military decisions, it is the limited function of the civil courts to determine whether the military courts have given fair consideration to each claim raised in the petition. If the military decision "has dealt fully and fairly with an allegation raised [in a habeas petition], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Id. at 142, citing Whelchel v. McDonald, 340 U.S. 122 (1950).

In her initial Order of March 14, 2006, granting Petitioner's Motion for Evidentiary Hearing, the Magistrate determined that the CAAF had failed to give the issue of Petitioner's competency to stand trial full and fair consideration and that Petitioner was, consequently, entitled to an evidentiary hearing on the matter. In the course of Respondent's appeal to the District Court, however, the record was supplemented with numerous documents from Petitioner's proceedings before the CAAF, which demonstrate plainly that the issue of Petitioner's competency was before that body. Despite this additional evidence, the Magistrate, in her October 6, 2006 "Opinion," simply reiterates her belief that the military courts did not give the appropriate consideration to Petitioner's claim, and again concludes that Petitioner should receive an evidentiary hearing on the issue of his competency. In essence, the Magistrate constructs an ad hoc and unlikely analysis which conveniently ignores the deference due to the military court's ruling, and implies that the Magistrate should be entitled to exercise her "independent judgment" to conclude that an evidentiary hearing is warranted.

The Magistrate seizes upon language in Brosius v. Warden, U.S. Penitentiary, Lewisburg, PA, 278 F.3d 239, 245 (3d Cir. 2002), that "a court's inquiry in a military habeas case may not go further than its inquiry in a state habeas case," and proceeds to analyze the instant issue under 28

5

U.S.C. § 2254, which governs habeas petitions brought by state prisoners. In <u>Brosius</u>, the Third Circuit, in dicta, commented:

> In the present case, we find it unnecessary to attempt any further explication of *Burns*. Whatever *Burns* means, we have no doubt that at least absent a challenge to the constitutionality of the statute under which the defendant was convicted . . . our inquiry in a military habeas case may not go further than our inquiry in a state habeas case. *See Burns*, 346 U.S. at 142, 73 S.Ct. 1045 ("In military habeas corpus cases, *even more than in state habeas corpus cases*, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings . . .") (emphasis added). Thus, we will assume -- *but solely for the sake of argument* -- that we may review the determinations made by the military courts in this case as if they were determinations made by state courts.

<u>Brosius</u>, 278 F.3d at 245 (all emphases in the original). The Third Circuit then proceeded under the assumption that, under its hypothetical, 28 U.S.C. § 2254(e)(1) would apply to findings of historical fact made by the military courts, and that in considering other determinations made by military courts, 28 U.S.C. § 2254(d) would apply. Section 2254(d) states that:

> an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Magistrate's Opinion disregards the Third Circuit's emphatic caveat that its assumption that 28 U.S.C. § 2254 would apply was "solely for the sake of argument," <u>see</u> <u>Brosius</u>,

6

278 F.3d at 245, and analyzes Petitioner's claim under that statute as though the Brosius court's holding compelled such an analysis, which it does not.[2]

In addition to her erroneous assumption that 28 U.S.C. § 2254 should apply to this case, the Magistrate further errs by incorrectly assuming that the CAAF did not decide Petitioner's case "on the merits" for purposes of analysis under 28 U.S.C. § 2254(d)(1). See Opinion at 2. The Magistrate appears to confuse the issue of whether Petitioner's claim was decided "on the merits" with her conclusion that the CAAF did not give full and fair consideration to the issue of Petitioner's competency to stand trial -- both assumptions apparently deriving from her belief that the issue of competency was not, in her opinion, "fully" briefed and because the CAAF did not issue written findings of fact on the subject. See Opinion at 2-3. However, the Magistrate points to no authority, and Respondent is aware of none, which indicates that a state court adjudication "on the merits" is equivalent to a determination that a military court gave "full and fair consideration" to a claim on federal habeas review.[3]

---

[2] Petitioner argues that an analysis under Section 2254 also is supported by Loving v. United States, 64 M.J. 132 (CAAF September 29, 2006). In Loving, the CAAF reviewed an ineffective assistance of counsel claim brought in a habeas petition, and adopted the AEDPA's standards as to both the scope of review and the standard of review to evaluate habeas claims raising issues of constitutional law. However, Loving is distinguishable from the matter at hand because, unlike this federal Court's review of Petitioner's Section 2241 petition, that case concerned the CAAF's review of a military habeas petition under the All Writs Act, 28 U.S.C. §1651. The Loving court itself observed that Article III courts, in their review of military convictions under Burns' "full and fair" requirement, operate under a different standard than do military courts in habeas review, whose standard must meet the All Writs Act's "necessary or appropriate" requirement for collateral review. Loving, 64 M.J. at 144-45. The adoption of Section 2254's standards by the CAAF – a military court – in Loving, in reviewing a case pursuant to an entirely different statute, does not dictate a similar result in the instant matter.

[3] Numerous courts have held that for purposes of AEDPA review, even the most cursory of state court adjudications constitutes an "adjudication on the merits." See, e.g. Hunterson v. Disabato, 308 F.3d 236 (3d Cir. 2002) (despite conclusory ruling without analysis, pro se petitioner's claims were adjudicated on the merits for AEDPA analysis, citing Chadwick v. Janecka, 312 F.3d 597 (3d Cir.

Nonetheless, once she has incorrectly determined that the issue of Petitioner's competency was not decided on the merits, the Magistrate then proceeds farther afield in her Section 2254 analysis by relying upon two Section 2254 non-military habeas cases, Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) and Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), for the premise that if a state court had not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by the AEDPA do not apply,[4] and the habeas court should exercise its "pre-AEDPA independent judgment" on those claims. Hameen, 212 F.3d at 248. The result of this questionable logic is that the Magistrate, in ordering an evidentiary hearing on Petitioner's habeas claim, disregards the deference due to the military courts under established caselaw, Burns' full and fair consideration requirement, and even Brosius's hypothetical AEDPA analysis. It seems unlikely that the Brosius court, which discussed the limitations of federal habeas review of military cases and emphasized that its discussion of Section 2254 was "solely for the sake of argument," would have anticipated such a result.[5]

---

2002)); Eastman v. Woodford, No. 05-56540, 2006 WL 3316787, at *1 (9th Cir. Nov. 15, 2006) (where state appellate court recognized petitioner's claim and did not deny it on procedural grounds, claim was adjudicated on its merits for purposes of AEDPA); Sellan v. Kuhlman, 261 F.3d 303, 311-12 (2d Cir. 2001) (observing that "[n]othing in the phrase 'adjudicated on the merits' requires the state court to have explained its reasoning process'"); Bell v. Jarvis, 236 F.3d 149, 158-59 (4th Cir. 2000) (finding an adjudication on the merits where the state court did not articulate the rationale underlying its rejection of a defendant's constitutional claim; "we may not presume that [the] summary order is indicative of a cursory or haphazard review of the petitioner's claims" (internal citation omitted)). Accordingly, it was inappropriate for the Magistrate to conclude, without further analysis, that the CAAF did not adjudicate Petitioner's competency claim on the merits.

   [4]The Section 2254 petition of a state prisoner is considered under the standards of the AEDPA if the petition was filed after that statute's effective date of April 24, 1996.

   [5]Further, by incorrectly assuming that Petitioner's claim was not decided on its merits, the Magistrate bypasses any analysis of this Court's ability to review Petitioner's claims under Section 2254's highly deferential standard of review. See Chadwick v. Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002) citing Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999), aff'd 528 U.S. 225 (2002)

There is no precedential authority which requires this Court to apply the AEDPA's Section 2254 standards for habeas review of state court decisions to its review of the military courts' adjudication of Petitioner's claims, nor to go a step farther and completely disregard those standards and substitute its independent judgment under pre-AEDPA standards. Accordingly, the Court should reject the analysis set forth in the Magistrate's "Opinion" and deny Petitioner's Motion for Evidentiary Hearing.

> **B.  The record reveals that the matter of Petitioner's competency to stand trial was before the CAAF and considered by that body, and therefore it is not for this Court to re-evaluate that issue.**

In her "Opinion," the Magistrate expresses that she is unconvinced that the military courts gave the issue of Petitioner's competency to stand trial appropriate -- that is, full and fair -- consideration. She notes that the competency issue "was not fully briefed or argued" before the CAAF, and that the CAAF issued no written findings of fact on the subject. Opinion at 3-4. However, the Magistrate cites to no authority to support her position that a military court is <u>required</u> to produce findings of fact to support a decision. Faulting the CAAF for not producing written findings would impose upon the military court system a requirement which, while perhaps reassuringly familiar to federal courts and practitioners, disrespects the separateness of military and civil jurisprudence and the ability, and right, of military courts to operate as they see fit. See <u>Burns v. Wilson</u>, 346 U.S. at 139-42; <u>Parker v. Levy</u>, 417 U.S. 733, 743; <u>cf.</u>, <u>Watson v. McCotter</u>, 782 F.2d 143,145 n. 3 (petitioner's reliance on cases involving civilian petitioners was "misplaced" because the deference due the military is greater than that due state courts).

---

However, even assuming, <u>arguendo</u>, that Section 2254 should apply in federal habeas review of military court determinations, Petitioner cannot demonstrate that he would be able to overcome Section 2254's highly deferential standard of review in order to obtain habeas review before this Court.

Similarly, the Magistrate would impose upon the military courts an additional requirement by declaring that any issue before the CAAF cannot have received "full and fair consideration" if it was not "fully briefed" (i.e., briefed by both parties) and argued before the military courts. As the basis for this claim the Magistrate cites to Watson v. McCotter, 782 F.2d 143, 144-45 (10th Cir. 1986). In Watson, the United States Court of Appeals for the Tenth Circuit held that it would consider that a military tribunal had given a claim full and fair consideration when that issue was briefed and argued before a military board of review. Watson, 782 F.2d at 145. However, the Tenth Circuit did not hold that briefing by both parties and argument are necessary for "full and fair consideration," or that anything less than briefing and argument could not constitute "full and fair consideration." See Watson, 782 F.2d at 145 (acknowledging the amorphous quality of that phrase, and that "less than an evidentiary hearing has amounted to 'full and fair consideration'").

Further, the notion that briefing by both parties is required for full and fair consideration is belied by the language of the Supreme Court in Burns. In Brosius, the Third Circuit, in its analysis of whether a military court "dealt fully and fairly" with a claim, observed that the Supreme Court's treatment of the Burns petitioners' claim "suggests that full and fair consideration was intended to mean no more than hear[ing] the petitioners out." Brosius, 278 F.3d at 244 (internal citation omitted). This language is contrary to the Magistrate's construction, that briefing by both parties and argument is required; it also comports with the Supreme Court's statement that a district court is empowered to review a habeas petitioner's claims de novo when "the military courts manifestly refused to consider those claims." Burns, 346 U.S. at 142.

In the instant matter, a review of the record shows that the CAAF did not "manifestly refuse to consider" Petitioner's claim that he was incompetent to stand trial; rather, it is clear that Petitioner

10

was able to present his claims regarding his competency, and that the CAAF "heard petitioner[] out" on those claims. See Burns, 346 U.S. at 142; Brosius, 278 F.3d at 244. The record before this Court demonstrates that the following documents and information were admitted to the record before the CAAF:

1. Petitioner's 33-page Grostefon brief (submitted to the CAAF with his Petition for Grant of Review). In this brief Petitioner personally asserted that he lacked the mental capacity to stand trial due to medications he had been prescribed. See Exhibit K to Respondent's Notice of Appeal.

2. Petitioner's Brief in Support of Petition for New Trial, in which Petitioner's counsel specifically argued that there was newly discovered evidence as to Petitioner's competency to stand trial. See Exhibit M to Respondent's Notice of Appeal, at 5.

3. Petitioner's Motion to Attach Documents, which requested that the Court consider, among other documents, a twelve-page, single-spaced Grostefon submission by Petitioner. In this Grostefon submission, Petitioner specifically argued that he was entitled to a new trial based on "new evidence, which cast doubt on both the crimes Petitioner committed and whether he could appreciate the wrongfulness of his conduct, and more importantly whether or not he was competent to stand trial." See Exhibit N to Respondent's Notice of Appeal, at Exhibit 1.

   Although the government objected to this Motion to Attach, the CAAF granted Petitioner's Motion with respect to Petitioner's Grostefon submission, which became part of the record before the CAAF. See Exhibits O and Q to Respondent's Notice of Appeal.

4. The government's Brief in Response to [Petitioner's] Petition for New Trial, in which the government expressly directed the CAAF's attention to the issues Petitioner had raised in his Grostefon brief. The government indicated that it had determined that Petitioner's Grostefon claims lacked merit, but requested the opportunity to submit further pleadings on the issues raised by Petitioner should the CAAF "determine that the issues raised by appellant have possible merit." See Exhibit P to Respondent's Notice of Appeal, at 6, n. 2. The CAAF, however, did not request any additional briefing by the government.

      5.      The CAAF's July 24, 2002 order granting Petitioner's Petition for Grant of Review, and affirming the ACCA's decision and denying the Petition for New Trial. <u>See</u> Exhibit R to Respondent's Notice Appeal.

The record clearly demonstrates that Petitioner presented the issue of his competency to the CAAF, and that the CAAF accepted from Petitioner specific additional evidence and written argument on that issue. That the CAAF did not require the government to file a responsive brief on that subject, or did not itself issue an analysis of its rejection of Petitioner's claim, does not indicate that it failed to fully and fairly consideration to that claim. Because the CAAF "heard petitioner out" on the issue of his competency to stand trial in 1999, it is not the duty of this court to repeat that process and re-evaluate the evidence. <u>Burns</u>, 346 U.S. at 142, 144. The Court should deny the Motion for Evidentiary Hearing and deny the Petition for Writ of Habeas Corpus.

## V.  <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Respondent respectfully requests that the Court grant its appeal and deny Petitioner's Motion for Evidentiary Hearing.

      Respectfully submitted,

      MARY BETH BUCHANAN
      United States Attorney

      <u>  s/  Christy Wiegand    </u>
      CHRISTY WIEGAND
      Assistant U.S. Attorney
      United States Post Office and Courthouse
      700 Grant Street, Suite 4000
      Pittsburgh, PA 15219
      (412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within **Respondent's Reply in Support of Notice of Appeal of Magistrate Judge's September 15, 2006 Order Granting Evidentiary Hearing**, by mail or electronic filing, upon the following:

Thomas W. Patton
Federal Public Defender's Office
1001 State Street
1111 Renaissance Centre
Erie, PA   16501


s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date:   December 5, 2006