IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KURTIS E. ARMANN, )
)
       Petitioner, )
)
            v. )       Civil Action No. 04-118 Erie
)
WARDEN, FCI-MCKEAN, )
)
       Respondent. )

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN, J.

    Presently pending before the Court is the Respondent's Appeal of the Magistrate Judge's Order granting Petitioner's Motion for Evidentiary Hearing [Doc. No. 68].

### I. BACKGROUND

*A.   Procedural background*

    On April 22, 2004, Petitioner filed a petition for writ of habeas corpus claiming that he had not been competent to stand trial as a result of various medications that he was taking at the time of his guilty plea. Petitioner thereafter filed a motion for an evidentiary hearing, which was initially granted by the Magistrate Judge on March 14, 2006. *See Order* [Doc. No. 44]. Respondent subsequently appealed that Order to this Court. *See Notice of Appeal of Magistrate Judge's Order Granting Petitioner's Motion for Evidentiary Hearing* [Doc. No. 46].

    During the course of our consideration of the initial Appeal, it became apparent that documents from the military proceeding were not included in the record before the Magistrate Judge which we considered potentially relevant in determining whether the military tribunal fully and fairly considered the mental competency issue raised here. Accordingly, we held a telephonic status conference on June 2, 2006 and ordered that the record be supplemented with additional documents that were filed during the military court proceedings. *See Status Conference Tr., June 2, 2006* [Doc. No. 63]. Both parties represented that following supplementation of the record with the additional documents, the record in this Court was complete for purposes of review. *Id.* at pp. 13-14.

    In light of this additional evidence, we remanded the matter to the Magistrate Judge for reconsideration of her March 14, 2006 Order granting an evidentiary hearing following her review of this additional evidence in the first instance. *See Memorandum Opinion and Order* [Doc. No. 64].

On September 15, 2006, the Magistrate Judge again ordered an evidentiary hearing following her review of the additional evidence. *See Order* [Doc. No. 65]. It is from this Order that Respondent currently appeals. *See Notice of Appeal of Magistrate Judge's Sept. 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing* [Doc. No. 68].

Subsequent to Respondent's Appeal, the Magistrate Judge issued an Opinion setting forth her reasons for ordering the hearing. *See Magistrate Judge's Opinion* [Doc. No. 71]. Petitioner has filed a Response to the Appeal, *see Petitioner's Response to Respondent's Notice of Appeal of Magistrate Judge's Sept. 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing* [Doc. No. 72], and Respondent has filed a Reply, *see Respondent's Reply in Support of Its Notice of Appeal of Magistrate Judge's Sept. 15, 2006 Order Granting Petitioner's Motion for Evidentiary Hearing* [Doc. No. 75]. This matter is now ripe for our determination.

### B. Factual background

Petitioner, a former member of the United States Army, was charged in 1998 with, *inter alia*, attempted premeditated murder and conspiracy to commit premeditated murder after shooting a fellow soldier while stationed in Germany. A military court-ordered sanity board evaluated Petitioner, and on February 8, 1999, concluded that he was free of severe mental disease or defect at the time of the offense, and that he had sufficient mental capacity to understand the nature of the proceedings and to conduct his own defense, or cooperate intelligently in his own defense. *See Respondent's Exhibit E, Notice of Appeal* [Doc. No. 68].

On March 19, 1999, Petitioner was convicted in a general court martial proceeding pursuant to his guilty pleas, and was sentenced to a dishonorable discharge, forfeiture of all pay, and confinement for 38 years. Pursuant to a pre-trial agreement, his sentence was modified not to exceed 35 years.

In July 2000, Petitioner filed an appeal with the Army Court of Criminal Appeals ("ACCA"). *See Respondent's Exhibit F, Notice of Appeal.* In his appeal, Petitioner submitted a separate Appendix A pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which requires military appellate counsel to raise an accused's specified errors before the court, even if considered non-meritorious. *Id.* at 435-36. Petitioner's *Grostefon* submission alleged, *inter alia,* an absence of mental responsibility for the offenses, and cited to seven medications which had been prescribed to him after his arrival at the Disciplinary Barracks. *See Respondent's Exhibit G, Notice of Appeal.*

On April 24, 2001, the ACCA affirmed the trial court's decision, and stated in its decision that it had specifically considered the issues raised by Petitioner. *See Respondent's Exhibit H, Notice of Appeal.*

On May 22, 2001, Petitioner appealed to the Court of Appeals for the Armed Forces ("CAAF"), the highest military court, for review of his conviction. *See Respondent's Exhibit G, Response to Petition* [Doc. No. 10]. On October 11, 2001, Petitioner's counsel filed a supplement to the petition for grant of review with the CAAF. *Respondent's Exhibit K, Part 1, Notice of Appeal.* Petitioner, in a separate *Grostefon* submission labeled as Appendix B, asserted that he lacked sufficient mental capacity to stand trial because he had allegedly been administered toxic amounts of psychoactive substances from October 1998 through March 19, 1999, and requested the court consider newly discovered evidence regarding the possible effects of his treatment with the drug Accutane. *Respondent's Exhibit K, Part 2, Notice of Appeal.*

On October 19, 2001, the Government submitted correspondence to the CAAF stating that: (1) it would not be submitting a formal reply to the supplement to the petition; (2) it opposed the granting of a petition for review on the issues raised and relied on its briefs filed with the ACCA; (3) it opposed the court's consideration of the new matters raised in Petitioner's Appendix B absent a showing of good cause; and (4) it would respond to Petitioner's concern regarding new information about the drug Accutane. *Respondent's Exhibit L, Notice of Appeal.*

In addition to his appeal of the ACCA's decision, Petitioner also petitioned the ACCA for a new trial based on newly discovered evidence relating to his use of the drug Accutane. *Respondent's Exhibit H, Response to Petition; Respondent's Exhibit J, Notice of Appeal.* This petition for new trial was referred by the ACCA to the CAAF for action. *See Respondent's Exhibit I, Response to Petition.*

In connection with his petition for new trial, Petitioner's counsel submitted a brief asserting the existence of newly discovered evidence relative to his competency at the time of the offenses and competency to stand trial, arguing that the synergistic effect of an Accutane induced psychosis, when combined with the medications Petitioner was prescribed at the time of his guilty plea, would not have been apparent. *See Respondent's Exhibit M, Notice of Appeal.* Petitioner's counsel also filed a Motion to Attach Documents, requesting that the CAAF consider 18 exhibits in support of the petition for new trial. *Respondent's Exhibit N, Notice of Appeal.* One of the documents attached to the motion was a *Grostefon* submission by Petitioner, wherein he alleged that the types, amounts,

and combination of medications he was forced to take while incarcerated caused involuntary intoxication which rendered him incompetent to stand trial. *Respondent's Exhibit N, at Exhibit 1, Notice of Appeal.*

On November 20, 2001, the Government filed objections to Petitioner's motion to attach documents, arguing that Petitioner had failed to demonstrate good cause for his failure to have raised the competency issue before the trial court or the ACCA. *See Respondent's Exhibit O, Notice of Appeal.*

The Government also filed a brief in response to Petitioner's petition for new trial, asserting that the potential adverse effects of Accutane did not call into question Petitioner's competency or lack of mental responsibility. *See Respondent's Exhibit P, Notice of Appeal.* In addition to addressing the Accutane argument in its brief, the Government stated that it had reviewed Petitioner's claims raised in his *Grostefon* submission and made a determination that it lacked merit. *Id.* at p. 6 n.2. The Government however, requested an opportunity to submit further pleadings on the matters raised in Petitioner's *Grostefon* submission in the event the court determined the issues raised had possible merit. *Id.*

On January 7, 2002, over the Government's objections, the CAAF granted Petitioner's motion to attach documents with respect to Petitioner's *Grostefon* submission labeled as Exhibit 1, but denied his request as to all other exhibits. *See Respondent's Exhibit Q, Notice of Appeal.*

On July 24, 2002, the CAAF, issued the following order:

> "On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, and the petition for new trial, it is, by the Court, this 24th day of July, 2002,
>
> ORDERED:
>
> That said petition is hereby granted;
>
> That the decision of the United States Army Court of Criminal Appeals is affirmed; and,
>
> That the petition for new trial is denied.

*See Respondent's Exhibit R, Notice of Appeal.*

## II. STANDARD OF REVIEW

This case was referred to the Magistrate Judge pursuant to the Federal Magistrates Act (the "Act"), which permits United States District Judges to assign specified matters to magistrate judges.

*See 28 U.S.C. §§ 631-39.* There are two types of referrals under the Act which are generally categorized as "dispositive" or "non-dispositive". Fed.R.Civ.P. 72(a), 72(b). Pursuant to 28 U.S.C. § 636(b)(1)(A), with specifically noted exceptions, a magistrate judge may hear and decide pretrial matters which ultimately do not dispose of the litigation, and district courts review such orders under a "clearly erroneous or contrary to law" standard. *Id.*; *see also Continental Casualty Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 249-50 (3rd Cir. 1998).

In a § 636(b)(1)(B) referral, the district court may designate a magistrate judge to hear dispositive motions and submit to the court proposed findings of fact and recommendations for the disposition of such motions. *Nat'l Labor Relations Bd. v. Frazier,* 966 F.2d 812, 816 (3rd Cir. 1992). The district court must then review *de novo* the parts of the magistrate judge's report and recommendation to which a party objects. *Id.; 28 U.S.C. § 636(b)(1)(C).* One of the matters included within this type of referral are applications for post-trial relief made by individuals convicted of criminal offenses. *28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.4(A)(1).*

Petitioner argues that Magistrate Judge Baxter's decision to hold an evidentiary hearing is not reviewable by this Court since that decision does not dispose of the case. Rather, Petitioner contends that *de novo* review by this Court will be appropriate only *after* the Magistrate Judge issues a Report and Recommendation either granting or denying his habeas petition.

We conclude that *de novo* review is appropriate because the Magistrate Judge's decision is, in a sense, functionally dispositive. Courts have held that motions that "are critical in shaping the nature of litigation are generally considered 'dispositive.'" *Boskoff v. Yano,* 217 F. Supp. 2d 1077, 1984 (D.Haw. 2001) (quoting *Keip v. Turner,* 80 B.R. 521, 523-24 (D.Haw. 1987)); *see also Advanced Microtherm, Inc. v. Norman Wright Mechanical Equipment Corp.,* 2006 WL 753028 at *2 (N.D.Cal. 2006) (discovery order of special master requiring plaintiff to select only five construction projects for trial and staying discovery on thousands of remaining projects was "functionally" similar to a dispositive order and would be reviewed *de novo*). Here, by granting Petitioner a hearing in this case, the Magistrate Judge has completely eliminated Respondent's main defense, namely, that the military tribunal has already fully and fairly considered this issue and further review by this Court is precluded as a matter of law. We agree with Respondent that the Magistrate Judge's order critically shapes the Respondent's obligations in this litigation. *See In re Airline Ticket Commission Antitrust Litigation,* 918 F. Supp. 283, 285 (D.Minn. 1996) (discovery order would be reviewed by the court *de novo* since it "trenched heavily" on an aspect of defendants'

5

claimed defense). Consequently, we shall exercise *de novo* review.

### III. DISCUSSION

In *Burns v. Wilson,* 346 U.S. 137, 142 (1957), the Supreme Court held that "when a military decision has dealt fully and fairly with an allegation raised in [a habeas petition], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Petitioner argues that the CAAF's failure to develop a factual record on appeal and its failure "to make any finding whatsoever" regarding his mental competency at the time of trial in its summary affirmation of the ACCA's decision evidenced a failure to fully and fairly consider the issue that is now presented to this Court in his habeas petition.

Respondent relies in large measure on *Watson v. McCotter*, 782 F.2d 143, 144-45 (10th Cir. 1986), in support of its contention that summary denials of claims can constitute full and fair consideration. *Watson* specifically held that "[w]hen an issue is briefed and argued before a military board of review, ... the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with a mere statement that it did not consider the issue meritorious or requiring discussion." *Id.* at 145 (citation omitted).

The Supreme Court has not had occasion to further explicate the meaning of the "full and fair consideration" test since *Burns,* and lower courts have had difficulty applying the test. *See* John K. Chapman, Note, *Reforming Federal Habeas Review of Military Convictions: Why AEDPA Would Improve the Scope and Standard of Review*, 57 VAND. L. REV. 1387 (2004) (recounting the various approaches taken by the Circuit Courts in applying *Burns*[1]); *see also Levy v. Parker,* 478 F.2d 772, 781 n.9 (3rd Cir. 1973) (the test is "easy to state, but difficult to define and to apply"), *rev'd on other grounds,* 417 U.S. 733 (1974). Indeed, in *United States ex. rel. New v. Rumsfeld*, 448 F.3d 403, 406-08 (D.C. Cir. 2006), the Circuit Court for the District of Columbia described the case law as so "tangled" and marked by "uncertainty" as to create "serious doubt whether the judicial mind is really capable of applying the sort of fine gradations in deference that the varying formulae may indicate."

---

[1] By way of example, the D.C. Circuit treats military cases as state cases, inquiring into the substantive decision of the military court. *Kauffman v. Sec'y of the Air Force*, 415 F.2d 991 (D.C. Cir. 1969). The Fifth and Tenth Circuits interpret Burns as establishing a scope of review of military cases that is more narrow than that applied to state cases on habeas review. *See Calley v. Callaway*, 519 F.2d 184 (5th Cir. 1975); *Dodson v. Zelez*, 917 F.2d 1250, 1252 (10th Cir. 1990). Other courts, including the Eighth and Ninth Circuits, remain somewhat vague as to the meaning of "full and fair consideration." Chapman, *supra*, at 1402.

*See also Dodson v. Zelez*, 917 F.2d 1250, 1252 (10th Cir. 1990) ("The federal courts' interpretation - particularly this court's interpretation - of the language in *Burns* has been anything but clear.").

This Circuit's earliest attempt to define "full and fair consideration" resulted in a narrow interpretation of *Burns*. *See Thompson v. Parker*, 399 F.2d 774 (3rd Cir. 1968), *cert. denied,* 393 U.S. 1059 (1969). In *Thompson*, the petitioner argued that his confession had been obtained in violation of the Fifth Amendment and Article 31 of the Uniform Code of Military Justice. *Id*. at 774. Petitioner's briefs on appeal before both the Board of Review and the Military Court of Appeals argued in great detail that his statements were admitted in violation of his constitutional rights and Article 31. He claimed that the district court's implicit finding that the military tribunals fully and fairly considered his claims was unwarranted since neither military tribunal saw fit to discuss his involuntariness claim. *Id*. at 775. The Third Circuit stated:

> We think that appellant's contention is clearly without merit, for we are aware of no requirement that appellate courts, military or otherwise, must discuss in detail each and every contention– no matter how specious– of every appellant. The Board of Review in this case quite apparently devoted its opinion to a discussion of only those contentions which appeared to it to be colorably creditable. It did explicitly state, however, that: 'We find no merit in any of the 16 assignments of error urged upon us by appellate defense counsel.' Subsequently, the Court of Military Appeals denied, in a one sentence order, appellant's petition for grant of review of the decision of the Board of Review. That court, too, obviously thought there was no merit to appellant's assignments of error. And since both these appellate military courts had the benefit of the extensive discussion appearing in appellant's briefs concerning the alleged inadmissibility of his statements, we can only conclude, as did the district court, that appellant received full and fair consideration of his claims in the military courts.

*Thompson,* 399 F.2d at 775-76. The court concluded that:

> Under the principle announced in *Burns*, therefore, the district court, after determining that the military courts had given due consideration to petitioner's contentions, quite correctly refused to review and reevaluate the facts surrounding petitioner's allegations. ... 'Burns is the law of the land.' And both this court and the district courts must abide by its teaching.

*Id*. at 776-77.

In 1973, the Third Circuit had the occasion to revisit the issue of the appropriate scope of review in *Levy v. Parker,* 478 F.2d 772 (3rd Cir. 1973), *rev'd on other grounds,* 417 U.S. 733 (1974). In *Levy,* a military doctor was convicted by general court martial and argued that the articles under which he was convicted were too vague to satisfy due process. The court recognized the *Burns* "full

7

and fair consideration" test was applicable, but extended the scope of review under the particular facts, suggesting that a habeas court may examine de novo those constitutional claims "not dependent upon any evidentiary or factual construction." *Levy,* 478 F.2d at 783. The court held that "[a]t the very least, where it is unnecessary to 'reevaluate the evidence' adduced at the courtmartial," it could examine claims related to the facial unconstitutionality of the statute under which the petitioner was charged. *Id.* at 783.

The most recent discussion of *Burns* occurred in *Brosius v. Warden,* 278 F.3d 239 (3rd Cir.), *cert. denied,* 537 U.S. 947 (2002). The petitioner in *Brosius* argued that his conviction was infirm because he was not given the warnings prescribed by *Miranda v. Arizona,* 384 U.S. 436 (1966), or Article 31(b) of the Uniform Code of Military Justice, *10 U.S.C. § 831(b)*. *Brosius,* 278 F.3d at 245. In determining the appropriate scope of review, the court observed that its treatment of *Burns* had been "far from seamless," contrasting its narrow interpretation in *Thompson* with its more expansive view in *Levy*. *Id.* at 244-45. Without attempting "any further explication of *Burns*", the court concluded that, "at least absent a challenge to the constitutionality of the statute under which the defendant was convicted, ... our inquiry in a military habeas case may not go further than our inquiry in a state habeas case." *Id.* at 245. The court assumed, "*but solely for the sake of argument*," that it could "review determinations made by the military courts in this case as if they were determinations made by state courts." *Id.* (emphasis in original). Consequently, the court looked to the habeas standards set forth in 28 U.S.C. § 2254(d), which conditions habeas relief on a showing that the prior adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." *Id.*

Against this backdrop, the Magistrate Judge elected to proceed with the same analytical framework that the *Brosius* court used, to wit, reviewing the military court's determinations as if they were made by a state court. At least one other Third Circuit decision has supported this interpretation of *Brosius*. *See Fell v. Zenk,* 139 Fed. Appx. 391, 393 (3rd Cir. 2005) (unreported decision) ("We thus have assumed, for the sake of argument, that 28 U.S.C. § 2254(d) applies . . . and we may not grant relief unless the Army Court's determination on the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law."). Indeed, the CAAF has adopted this view itself, determining that, when sitting as a habeas

8

court and reviewing military convictions pursuant to the All Writs Act, it will apply the standards of § 2254(d). *See Loving v. United States*, 64 M.J. 132, 2006 WL 2845702 (CAAF 2006) (citing *Brosius* with approval). Thus, given the absence of any indication in the Third Circuit's post-*Brosius* jurisprudence that a different standard should apply,[2] we agree with the Magistrate Judge's recommendation that the standards set forth in 28 U.S.C. § 2254(d) be applied to Petitioner's claims.

After determining that § 2254(d) applied, the Magistrate Judge concluded:

> [A]lthough Petitioner raised the competency (at time of trial) issue for the first time before the CAAF, the government merely relied upon its brief that was filed with the ACCA to oppose the appeal. Thus, the competency issue was not fully briefed or argued before the CAAF. Moreover, the CAAF's order affirming the ACCA's decision did not, in any way, acknowledge the competency issue.
>
>     \*    \*    \*    \*    \*    \*    \*
>
> Given the constitutional implications raised by Petitioner's competency argument . . . this Court is unwilling to imply that the competency issue was given full and fair consideration by the CAAF, without more concrete evidence of record to support such an implication.

(Report and Recommendation, Doc. No. 71, p.3). It is undisputed that Petitioner did not raise the issue of his mental competency to stand trial before the ACCA. Therefore, we agree with the Magistrate Judge that the CAAF's summary affirmance of the ACCA's decision could not have encompassed this issue since it was not before the ACCA.

The Magistrate Judge further concluded that, because the deferential standard of review contained in § 2254(d) only applies to claims that were "adjudicated on the merits in state [and, as implied in *Brosius*, military] court proceedings, *see* 28 U.S.C. 2254(d)(1), "[i]t follows that when . . . the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA . . . do not apply." Appel v. Horn, 250 F.3d 203, 210 (3rd Cir. 2001). Accordingly, the Magistrate Judge correctly determined that "pre-AEDPA

---

[2] Respondent urges us to reject the Magistrate Judge's Report on the basis of *Watson*, 782 F.2d at 144-45, where the Tenth Circuit held that summary denials of claims by a military tribunal can constitute full and fair consideration. *Watson* specifically stated that "[w]hen an issue is briefed and argued before a military board of review, ... the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with a mere statement that it did not consider the issue meritorious or requiring discussion." *Id.* at 145 (citation omitted). For the reasons set forth above, however, we apply the standard set forth in 28 U.S.C. 2254(d)(1), as suggested by *Brosius*.

9

independent judgment" should be exercised. *Hameen v. State of Delaware*, 212 F.3d 226, 248 (3rd Cir. 2000) ("[U]nder the AEDPA the limitation on the granting of an application for a writ of habeas corpus is only 'with respect to any claim that was adjudicated on the merits in state court proceedings.'  Hence we exercise pre-AEDPA independent judgment. . .").

Finally, having concluded that federal review of Petitioner's mental competency claim was warranted by the CAAF's failure to provide full and fair consideration, the Magistrate Judge noted that the CAAF had not developed a factual record as permitted by the applicable military procedures.[3]  Thus, exercising her pre-AEDPA independent judgment, she determined that an evidentiary hearing was warranted.  "Where no findings of fact have been made by the state courts with respect to a particular habeas claim. . . a federal habeas petitioner is entitled to some form of federal evidentiary hearing so long as his 'allegations, if proved, would establish the right to habeas relief.'" *Brown v. Johnson*, 224 F.3d 461, 465 (5th Cir. 2000) (quoting *Young v. Herring*, 938 F.2d 543, 559 (5th Cir. 1991)).  Accordingly, we adopt the Magistrate Judge's decision to grant an evidentiary hearing in this case.

---

[3] Unlike the ACCA, the CAAF has no factfinding ability and may take action only with respect to matters of law. *Compare 10 U.S.C. § 866(c)* (ACCA reviews both legal and factual sufficiency) *with 10 U.S.C. § 867(c)* (CAAF reviews only legal sufficiency); *United States v. Byer,* 40 M.J. 321, 323 (C.M.A. 1994).  Because the CAAF has no factfinding ability, if it determines upon review that further factfinding is necessary, it can remand the case for a factfinding hearing as authorized by *Unites States v. DuBay,* 37 C.M.R. 411 (1967); *see also Watson,* 782 F.2d at 145 n.4 ("The military courts have set up a procedure for supplementary evidentiary hearings when a convicted person raised issues about which there is a factual dispute that cannot be settled by mere examination of the record.").

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KURTIS E. ARMANN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 04-118 Erie |
| WARDEN, FCI-MCKEAN, | ) |
| Respondent. | ) |

**<u>ORDER</u>**

AND NOW, this 31st day of May, 2007, upon consideration of Respondent's Appeal of the Magistrate Judge's Order granting an evidentiary hearing on Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 68], and for the reasons set forth above,

IT IS HEREBY ORDERED that we adopt the Magistrate Judge's decision granting an evidentiary hearing.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.