IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURTIS E. ARMANN, | ) |
| | ) Civil Action No. 04-118(E) |
| Petitioner, | ) |
| | ) |
| v. | ) Judge Sean J. McLaughlin |
| | ) Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) |
| | ) |
| Respondent. | ) Filed electronically |

**MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

AND NOW, comes Respondent, Helen J. Marberry,[1] Warden, FCI McKean ("Respondent"), by her attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully requests the Court to certify for immediate interlocutory appeal its May 31, 2007 Memorandum Opinion and Order, which granted an evidentiary hearing on Petitioner's Petition for Writ of Habeas Corpus. As grounds for this Motion, Respondent states the following:

1.       During the course of his challenge to his military conviction pursuant to 28 U.S.C. § 2241, Petitioner Kurtis Armann ("Petitioner) moved this Court to grant an evidentiary hearing on the issue of his competency to stand trial at a military court-martial which occurred over eight (8) years ago in March, 1999. Respondent opposed Petitioner's Motion for Evidentiary Hearing, arguing that because the military courts gave full and fair consideration to the issues raised in the habeas

---

[1] Helen J. Marberry has replaced James Sherman as Warden of FCI McKean, and pursuant to Fed.R.Civ.P. 25(d)(1), is automatically substituted for Mr. Sherman as Respondent in this matter.

Petition, including the issue of Petitioner's mental competency, Petitioner was not entitled to an evidentiary hearing in this matter, and that further review by this federal civilian court was precluded as a matter of law.

2.     On May 31, 2007 this Court issued an Order adopting the September 15, 2006 decision of Magistrate Judge Baxter granting an evidentiary hearing.

3.     Interlocutory appeals to the United States Court of Appeals for the Third Circuit are governed by 28 U.S.C. § 1292(b), which states as follows:

> When a district judge, in making in a civil action an order not otherwise appealable in this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b); Simon v. United States, 341 F. 3d 193, 199 (3d Cir. 2003); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

4.     The Court's May 31, 2007 Memorandum Opinion and Order affirming the Magistrate's Order granting Petitioner's Motion for an Evidentiary Hearing does not currently contain the required language from 28 U.S.C. § 1292(b) certifying the May 31, 2007 Order for interlocutory appeal to the United States Court of Appeals for the Third Circuit.

5.     Accordingly, Respondent respectfully requests that the Court amend the language of its May 31, 2007 Order pursuant to 28 U.S.C. § 1292(b) to certify the Order for immediate

interlocutory appeal to the United States Court of Appeals for the Third Circuit. Should the Third Circuit then decide to exercise jurisdiction over the May 31, 2007 interlocutory Order, appellate jurisdiction would extend to all questions included in the Order, not just to a particular issue certified for immediate appeal. Ferrostaal, Inc. v. M/V Sea Phoenix, 447 F.3d 212 (3d Cir. 2006). Thus, the Third Circuit may address any issue fairly included within the certified Order, because it is the Order itself that is appealable, not a particular controlling question identified by the District Court. NVE, Inc. v. Department of Health and Human Services, 436 F.3d 182 (3d Cir. 2006).

6.  In order to obtain certification of an order for interlocutory appeal, the party seeking such certification must show that (1) the issue involves a controlling question of law; (2) there are substantial grounds for difference of opinion as to how the question should be resolved; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. Simon, 341 F.3d at 199.

7.  This case involves a controlling question of law. The Third Circuit has recognized that a controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal. Katz, 496 F.2d at 755; Beazer East, Inc. v. Mead Corp., No. Civ. A. 91-408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)(Diamond, J.) (Certifying Order for interlocutory appeal pursuant to § 1292(b)). Here, if the Third Circuit were to agree with Respondent that the military courts gave full and fair consideration to the issues raised in Petitioner's habeas Petition, including the issue of Petitioner's mental competency, this Court's May 31, 2007 Order granting an evidentiary hearing on the issue of Petitioner's mental competency at the time of his 1999 court-martial would have to be reversed, and the habeas Petition would have to be denied.

Thus, the Court's May 31, 2007 Order, if erroneous, would be reversible error on final appeal, and, in addition, significant resources would have been wasted on unnecessary proceedings at the District Court level. "Saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 1292(b)] to be a highly relevant factor" in determining if a question is controlling. Katz, 496 F.2d at 755. In its May 31, 2007 Order, this Court itself recognized that the decision granting an evidentiary hearing was "functionally dispositive . . . . [because] by granting Petitioner a hearing in this case, the Magistrate Judge has completely eliminated Respondent's main defense, namely, that the military tribunal has already fully and fairly considered the issue that further review by this Court is precluded as a matter of law." (May 31, 2007 Memorandum Opinion and Order, at p. 5.) Thus, this case clearly involves a controlling question of law.

8.  Respondent has also satisfied the second criterion for an interlocutory appeal, because "there is substantial ground for difference of opinion" as to how the question should be resolved. Beazer, 2006 WL 2927627 at *2. Specifically, there is substantial ground for difference of opinion regarding the correct scope of habeas review at the federal District Court level regarding issues previously presented to the military courts, and under what circumstances a summary affirmance by a military court constitutes full and fair consideration, such that further review by a federal civilian court (including granting an evidentiary hearing) is precluded as a matter of law. In its briefs before this Court, Respondent has cited multiple cases indicating that an evidentiary hearing would not be appropriate under the circumstances of this case because the military courts fully and fairly considered the issues raised in the habeas Petition. Moreover, in its May 31, 2007 Memorandum Opinion and Order, this Court recognized that "the Supreme Court has not had occasion to further explicate the meaning of the 'full and fair consideration' test since Burns, and

lower courts have had difficulty applying the test. (May 31, 2007 Memorandum Opinion and Order, at p. 6.) Indeed, this Court further noted that the Court of Appeals for the D.C. Circuit has described the case law in this area as "so 'tangled' and marked by 'uncertainty' as to create 'serious doubt whether the judicial mind is really capable of applying the sort of fine gradations in deference that the varying formulae may indicate.'" (May 31, 2007 Memorandum Opinion and Order, at p. 6 (internal citations omitted).) The U.S. District Court for the Western District of Pennsylvania recently noted, in certifying an Order for interlocutory appeal, that "[t]he fact that there are conflicting interpretations of numerous courts on the [] issue is sufficient for this court to conclude that there is a 'substantial ground for difference of opinion.'" Beazer, 2006 WL 2927627 at *2. Here, as in Beazer, given the uncertainty surrounding application of the "full and fair consideration" test, there is certainly a substantial ground for difference of opinion regarding how the controlling question of law should be resolved.

9. Finally, an immediate appeal may materially advance the ultimate termination of the litigation by permitting the "decision of legal issues as to which there is considerable question without requiring the parties first to participate in [legal proceedings] that may be unnecessary." Johnson v. Alldredge, 488 F.2d 820 (3d Cir. 1973). Again, should the Third Circuit determine that the military courts gave full and fair consideration to the issues raised in the habeas Petition, further review by the District Court, including the holding of an evidentiary hearing, would be precluded as a matter of law, and the habeas Petition would be subject to dismissal.

10. Because this Court's May 31, 2007 Memorandum Opinion and Order meets the requirements for interlocutory appeal pursuant to § 1292(b), and certification of the Order would allow for more efficient and certain resolution of this case, certification of the Order is appropriate.

11. Respondent has also filed simultaneously herewith a Motion to Stay Evidentiary Hearing Pending Resolution of Respondent's Interlocutory Appeal.

WHEREFORE, Respondent respectfully requests that the Court amend the language of its May 31, 2007 Memorandum Opinion and Order pursuant to 28 U.S.C. § 1292(b) to certify the Order for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit.

A proposed Order is attached.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


  s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
Western District of PA
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

Counsel for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within *Motion for Certification of Order for Interlocutory Appeal to the United States Court of Appeals for the Third Circuit* by mail or electronic filing, upon the following:

Thomas W. Patton<br>
Federal Public Defender's Office<br>
1001 State Street<br>
1111 Renaissance Centre<br>
Erie, PA   16501

 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date:   June 13, 2007