IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KURTIS E. ARMANN              )
                              )
      Petitioner              )
      v.                      )   C.A. No. 04-118 Erie
                              )
WARDEN, FCI-MCKEAN,           )
                              )
      Respondent.             )

PETITIONER'S RESPONSE TO MOTION FOR CERTIFICATION OF ORDER
FOR INTERLOCUTORY APPEAL TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

AND NOW, comes the petitioner, Kurtis E. Armann, by his attorney, Assistant Federal

Public Defender Thomas W. Patton, and files this Response to the Respondent's Motion for

Certification of Order for Interlocutory Appeal to the United States Court of Appeals for the

Third Circuit.  In support thereof counsel states:

An interlocutory appeal is not warranted in this case because the government cannot win

regardless of the legal standard applied.  Both this Court and Magistrate Judge Baxter have found

that as a matter of historical fact the military courts never considered the competency issue raised

in Mr. Armann's habeas petition.  As the military courts never considered Mr. Armann's claim, it

is impossible to find that Mr. Armann's claim received "full and fair consideration" by the

military.

The idea behind the "full and fair consideration" doctrine is that if the military courts

address a servicemember's claims, the military courts' decision on the issue is entitled to great

deference.  Burns v. Wilson, 346 U.S. 137, 142 (1953).  The Supreme Court explained in Burns

"that when a military decision has dealt fully and fairly with an allegation raised in that

1

application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Id. But deference can only be given if the military courts actually address the servicemember's claim. If the military courts do not address an issue raised by the servicemember, then a federal civil court may address the claim as was also explained by the Supreme Court in Burns. "Petitioners' applications, as has been noted, set forth serious charges–allegations which, in their cumulative effect, were sufficient to depict fundamental unfairness in the process whereby their guilt was determined and their death sentences rendered. **Had the military courts manifestly refused to consider those claims, the District Court was empowered to review them de novo**. Id. (emphasis added).

In Watson v. McCotter, 782 F.2d 143, 145 (19th Cir. 1986), the case relied upon by the government to support its full and fair consideration claim, the Tenth Circuit, citing the above passage from Burns, stated that "[w]e will entertain military prisoners' claims if they were raised in the military courts and those courts refused to consider them." The Third Circuit quoted the same language from Burns in Brosius v. Warden, 278 F.3d 239, 243 (3rd Cir. 2002) ("The plurality stated that the petitioners' allegations 'were sufficient to depict fundamental unfairness' and that the district court could have reviewed these claims de novo if the military courts had 'manifestly refused to consider' them.") There is no dispute that if the military courts have refused to consider a servicemember's claim, the civilian habeas court may address the claim de novo.

This Court and Magistrate Judge Baxter found that the record in this case establishes that the CAAF did not consider or rule on Mr. Armann's competency claim. Specifically, this Court found that

> It is undisputed that Petitioner did not raise the issue of his mental competency to stand trial before the ACCA. Therefore, we agree with the Magistrate Judge that the CAAF's summary affirmance of the ACCA's decision could not have encompassed this issue since it was not before the ACCA.

Memorandum Opinion and Order, p. 9. This Court's opinion also explains why the CAAF's ruling on Mr. Armann's motion for new trial did not address the competency issue raised in the habeas petition. Id. at 3-4. The Court's finding that the CAAF did not rule, even summarily, on Mr. Armann's competency claim is a finding of historical fact that is not dependent on what level of deference the Court would have given to the CAAF's ruling if the CAAF had ruled on Mr. Armann's claim. Accordingly, an interlocutory appeal will not provide any new explication of the full and fair consideration standard.

In order to certify a case for an interlocutory appeal the Court must find that (1) the issue involve a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and that (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. Simon v. United States, 341 F.3d 193, 199 (3rd Cir. 2003); 28 U.S.C. § 1292(b). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b). To do so in such circumstances is merely to waste our time and delay the litigation in the district court, since the proceeding in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal." Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674,676 (7th Cir. 2000) (emphasis in original). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

Ahrenholz discusses at some length the requirement that the case present a "question of law." At issue in Ahrenholz was the denial of a motion for summary judgment which, the Seventh Circuit conceded, "presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion." Ahrenholz, 219 F.3d at 676. The Seventh Circuit rejected a broad interpretation of "question of law," explaining that "[w]e think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." Id. The court emphasized that the idea behind § 1292(b) "was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Id. at 677. Deciding whether summary judgment was properly granted, the court found, didn't fit this bill because a ruling on the issue "requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there." Id.

The teachings of Ahrenholz counsel against certification here. As discussed at length above, the question at issue here is not legal but rather factual: does the record support a factual finding that the CAAF considered and ruled on Mr. Armann's competency issue. Far from being a legal issue that the Third Circuit could decide quickly and cleanly without having to study the record, the question requires a detailed review of hundreds of pages of documents filed with the CAAF by Mr. Armann's attorney, Mr. Armann, and the government. The government's appeal

4

of Judge Baxter's order alone attached 169 pages of exhibits from Mr. Armann's military appeal

to try to establish that the CAAF had ruled on Mr. Armann's competency claim.  The inquiry also

requires a detailed review of which documents were allowed to be filed and which were not.  It

took this Court a status conference with the attorneys just to figure out which documents had or

had not been filed with the CAAF.  It took the Court almost two full pages of its opinion

affirming Judge Baxter just to set out a **summary** of what was filed with the CAAF.

Memorandum Opinion and Order p. 3-4.

   In addition to not presenting a question of law, this case does not involve an issue as to

which there are substantial grounds for difference of opinion.  Two judges have now

independently reviewed the extensive record in this case and concluded that the CAAF's

summary affirmance of the ACCA could not have encompassed the competency issue since the

competency issue had not been raised in the ACCA.  There is no reason to believe that three

other judges will find otherwise.  It is just not an earthshattering decision to find that a higher

court's summary affirmance of a lower court's ruling cannot serve as the basis for finding the

higher court considered and ruled on an issue never presented to the lower court.

   Finally, it is not at all clear that the case would be over if the Third Circuit found that the

CAAF had considered Mr. Armann's competency issue.  If the Third Circuit formally adopted

the AEDPA standard, as it has suggested in Brosius, Fell v. Zenk, 139 Fed.Appx. 391, 393 (3rd

Cir. 2005), and as the CAAF has done in Loving v. United States, 64 M.J. 132, 2006 WL

2845702 (CAAF 2006), the case would still have to be remanded for this Court to determine

whether the CAAF's decision was contrary to, or involved an unreasonable application of, clearly

established law or was based on an unreasonable determination of the facts in light of the

evidence presented in the CAAF.  28 U.S.C. § 2254(d).  Even if the Third Circuit's ruling on the issue would bring the case to a close, however, "[t]he federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceeding in the district court."  Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2nd Cir. 1991).

Over fifteen months have passed since Judge Baxter entered her order granting Mr. Armann's motion for an evidentiary hearing.  The government's repeated appeals of Judge Baxter's order have kept Mr. Armann in prison for over a year with no forward progress in his case.  Enough is enough.  Two judges have now independently found that the CAAF did not consider Mr. Armann's competency issue and that Mr. Armann is entitled to an evidentiary hearing.  That hearing should occur promptly.[1]

WHEREFORE, the petitioner, Kurtis E. Armann, respectfully requests that this Honorable Court deny the government's motion to certify an interlocutory appeal.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
P.A. I.D. No. 88653

---

[1]Mr. Armann does not object to the government's motion to stay the hearing while this Court considers the certification issue.  Once the Court denies the government's motion to certify the case should be remanded to Judge Baxter who can address the procedural issues concerning the hearing raised in the government's motion to stay.