IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURTIS E. ARMANN, | ) | |
| | ) | Civil Action No. 04-118(E) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN, FCI McKEAN, | ) | |
| | ) | |
| Respondent. | ) | Filed electronically |

**RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

As discussed in Respondent's opening Motion for Certification, certification of an order for interlocutory appeal requires a showing that (1) the issue involves a controlling question of law; (2) there are substantial grounds for difference of opinion as to how the question should be resolved; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003). Petitioner's argument that Respondent has not met the first prong is meritless, and Petitioner does not dispute that Respondent has satisfied the other two prongs. Accordingly, this Court should certify its May 31, 2007 Memorandum Opinion and Order ("May 31, 2007 Order") for interlocutory appeal to the United States Court of Appeals for the Third Circuit.

Petitioner's argument that the Court's May 31, 2007 Order does not involve a controlling question of law is inconsistent with Third Circuit jurisprudence. The Third Circuit has made clear that a controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal. Katz v. Carte Blanche Corp., 496 F.2d 747,

755 (3d Cir. 1974). This standard is widely accepted and applies to defenses like that offered by the Respondent in this case. See May 31, 2007 Order, at 5 (noting that the Government's "main defense [is] that the military tribunal has already fully and fairly considered this issue and further review by this court is precluded as a matter of law.")

> A discretionary interlocutory appeal must pertain to a 'controlling question of law.' If resolution of the question being challenged on appeal will terminate the action in the district court, it is clearly controlling. . . . Controlling questions of law include the question . . . of whether a particular defense is available to defeat the claim.

3 Moore's Federal Practice § 27.04 (3rd ed. 1997)(citing South v. Saab Cars U.S.A. Inc., 28 F.3d 9, 11 (2d Cir. 1994)) (statute of limitation defense).

As described in the Motion for Certification, if the Third Circuit were to agree with Respondent that the military courts gave full and fair consideration to the issues raised in Petitioner's habeas Petition, including the issue of Petitioner's mental competency, this Court's May 31, 2007 Order granting an evidentiary hearing on the issue of Petitioner's mental competency at the time of his 1999 court-martial would have to be reversed, and the habeas Petition would have to be denied. In its May 31, 2007 Order, this Court recognized that this issue was "functionally dispositive . . . [because] by granting Petitioner a hearing in this case, the Magistrate Judge has completely eliminated Respondent's main defense, namely, that the military tribunal has already fully and fairly considered the issue that further review by this Court is precluded as a matter of law." May 31, 2007 Order, at 5. Thus, the Court's Order, if erroneous, would be reversible error on final appeal and would meet the definition of a controlling question of law. Katz, 496 F.2d at 755.

Moreover, certifying this issue for interlocutory appeal is consistent with the policies favoring interlocutory appeal, including judicial economy. If an evidentiary hearing is conducted, followed by a finding of reversible error on final appeal, significant resources would have been wasted on unnecessary proceedings at the District Court level. This would be contrary to the policies favoring interlocutory appeal. See id. ("Saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 1292(b)] to be a highly relevant factor" in determining if an interlocutory appeal is appropriate.) These policies are "the key consideration" in determining whether an order is appealable as an interlocutory order under 28 U.S.C. § 1292(b). Id. ("The key consideration is . . . whether it truly implicates the policies favoring interlocutory appeal.")

Petitioner's argument that the issues contained in this Court's May 31, 2007 Order do not involve a controlling question of law is without merit. Petitioner claims that this Court and Magistrate Judge Baxter found "as a matter of historical fact the military courts never considered the competency issue raised in Mr. Armann's habeas petition." Pet. Resp. to Mot. for Cert. of Order for Interloc. Appeal to the U.S. Court of App. for the Third Cir., (hereinafter "Response"), at 1. However, Petitioner offers no support for his assertion that the issue presented in the Court's May 31, 2007 Order is an issue of fact.[1] As discussed in detail above, the issue presented

---

[1] While it is true that the mental capacity of an accused is a question of fact to be determined by the court-martial, the question of whether or not the military courts gave full and fair consideration to a petitioner's claims of lack of mental capacity raised in a habeas petition is clearly a legal question. See Rule for Court-Martial, 909(e) (2006) ("The mental capacity of the accused is an interlocutory question of fact.") As this Court noted, "a habeas court may examine de novo those constitutional claims 'not dependent upon any evidentiary or factual construction.'" May 31, 2007 Order, at 8 (citing Levy v. Parker, 478 F.2d 772 (3rd Cir. 1973)). The Court also noted that "[a]t the very least, where it is unnecessary to 'reevaluate the evidence'

meets the definition of a controlling question of law. Petitioner relies on Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674 (7th Cir. 2000), arguing that Ahrenholz counsels against certification here. Response, at 4. However, this Court has previously rejected the application of the teachings in Ahrenholz, instead analyzing a motion for permission to appeal solely in accordance with the statutory criteria. Lutch v. Huffy Corp., No. Civ. A. 04-66J, 2006 WL 2546945 (W.D. Pa. Sept. 1, 2006)(Gibson, J.). Even though the decisions of other federal appellate courts carry persuasive weight when they involve the construction of statutes, they are of minimal value when they merely explain how a particular court will choose to exercise powers that are purely discretionary. Id. at *5 n.2. Because a decision to permit an interlocutory appeal under 28 U.S.C. § 1292(b) is purely discretionary, Petitioner's reliance on Ahrenholz is misplaced. See id.

Even if the Court found it appropriate to rely on Ahrenholz, that case is distinguishable because it dealt with the specific issue of a denial of summary judgment, which Judge Posner described as "a paradigmatic example of an interlocutory order that normally is not appealable." Ahrenholz, 219 F.3d at 676. The issue of whether Respondent can use the defense that the military courts gave full and fair consideration to issues raised in Petitioner's habeas petition is clearly different from the issue of whether a denial of summary judgment is appealable. As

---

adduced at the court martial,' it could examine claims related to the facial unconstitutionality of the statute under which the petitioner was charged." Id. (citing Levy, 478 F.2d at 783). Petitioner's claim that the issue presented in the Court's Order is an issue of fact is only true in as much as the court-martial determined as a matter of fact that petitioner "had sufficient mental capacity to understand the nature of the proceedings and to conduct his own defense, or cooperate intelligently in his own defense." May 31, 2007 Order, at 2. Accordingly, under Levy, an evidentiary hearing into petitioner's mental capacity at the time of trial would be improper because it would "reevaluate the evidence adduced at the court martial." 478 F.2d at 783.

discussed above, a defense that fully disposes of the case at the District Court level is recognized as a controlling question of law. 3 Moore's Federal Practice § 27.04. Petitioner's claim that the Third Circuit would be required to study the record to rule on this issue is not compelling. Response, at 4. A search of the record for genuine issues of material fact in a summary judgment context is significantly different than examining a record to determine whether a defense can properly be applied. See Ahrenholz, 219 F.3d at 676. For example, the appellate courts may be required to examine a record to determine whether a statute of limitations defense applies, and yet such a defense has been determined to be a controlling question of law. See 3 Moore's Federal Practice § 27.04 (citing South v. Saab Cars U.S.A. Inc., 28 F.3d 9, 11 (2d Cir. 1994) (statute of limitation defense)). Accordingly, Petitioner's argument that the Court's May 31, 2007 Order does not present a controlling question of law is without merit.

Furthermore, Petitioner's claim that the Government "cannot win regardless of the legal standard applied" is baseless. Response, at 1. After noting the Court's holding that CAAF's summary affirmance of the "ACCA's decision could not have encompassed this issue since it was not before the ACCA," Petitioner claimed that the Court also explained "why the CAAF's ruling on Mr. Armann's motion for new trial did not address the competency issue raised in the habeas petition." Id. at 3 (citing May 31, 2007 Order, at 3-4). Petitioner overstates the content of this Court's Order, by claiming that a discussion of the "Factual background" in the Order amounts to an explanation of why the CAAF ruling on petitioner's motion for new trial did not address the competency issue raised in the habeas petition. Response, at 3-4. Additionally, if the Third Circuit were to rule that Petitioner raised essentially the same issues related to his competence to stand trial in his motion for new trial as he raised in his Grostefon submission to

CAAF,[2] then the Third Circuit could rule that CAAF's consideration and denial of the motion for new trial amounted to full and fair consideration of the issues contained in petitioner's habeas petition. Thus, the issue of whether CAAF gave full and fair consideration to petitioner's claims is not an issue of "historical fact that is not dependent on what level of deference the Court would have given to the CAAF's ruling." Response, at 3.

Petitioner does not dispute that Respondent has also satisfied the second and third criteria for an interlocutory appeal, because "there is substantial ground for difference of opinion" as to how the question should be resolved. Katz, 496 F.2d at 754. Additionally, Respondent has demonstrated that an immediate appeal may materially advance the ultimate termination of the litigation by permitting the "decision of legal issues as to which there is considerable question without requiring the parties first to participate in [legal proceedings] that may be unnecessary." Johnson v. Alldredge, 488 F.2d 820 (3d Cir. 1973). Because this Court's May 31, 2007

---

[2] As noted by the Court,

> Petitioner, in a separate Grostefon submission [to CAAF] labeled as Appendix B, asserted that he lacked sufficient mental capacity to stand trial because he had allegedly been administered toxic amounts of psychoactive substances from October 1998 through March 19, 1999, and requested the court consider newly discovered evidence regarding the possible effects of his treatment with the drug Accutane.

May 31, 2007 Order, at 3. This same Grostefon submission was one of the documents attached to the motion for new trial, which asserted "the existence of newly discovered evidence relative to his competency at the time of the offences and competency to stand trial, arguing that the synergistic effect of an Accutane induced psychosis . . . would not have been apparent." Id. The Government filed a brief in response to petitioner's motion for new trial. "In addition to addressing the Accutane argument in its brief, the Government stated that it had reviewed Petitioner's claims raised in his Grostefon submission and made a determination that it lacked merit." Id. at 4. The CAAF ultimately granted the petition for review of the petition for new trial, and denied that petition. Id.

Memorandum Opinion and Order meets the requirements for interlocutory appeal pursuant to § 1292(b), and certification of the Order would allow for more efficient and certain resolution of this case, certification of the Order is appropriate.

## CONCLUSION

WHEREFORE, Respondent respectfully requests that the Court amend the language of its May 31, 2007 Memorandum Opinion and Order pursuant to 28 U.S.C. § 1292(b) to certify the Order for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

OF COUNSEL:

MAJOR JERRETT DUNLAP
United States Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203

  s/  Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
Western District of PA
United States Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

Counsel for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Reply in Support of Motion for Certification of Order for Interlocutory Appeal to the United States Court of Appeals for the Third Circuit* by mail or electronic filing, upon the following:

Thomas W. Patton
Federal Public Defender's Office
1001 State Street
1111 Renaissance Centre
Erie, PA   16501

 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date:   July 11, 2007